1  STEPHANIE YONEKURA
   Acting United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
4  Assistant United States Attorney
   General Crimes Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3779
7       Facsimile: (213) 894-0142
        E-mail:    Kimberly.Jaimez@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
MAR - 6 2015
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

LODGED
2015 MAR -6 PM 12: 14
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-0391M |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| TEOFIL BRANK, aka "Jarec Wentworth," | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.  Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

  ☐ a.  present offense committed while defendant was on release pending (felony trial),

  ☐ b.  defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

|    |     |    |                                                                                      |
|----|-----|----|--------------------------------------------------------------------------------------|
| 1  | ☐   | c. | defendant is an alien not lawfully admitted for                                      |
| 2  |     |    | permanent residence; and                                                             |
| 3  | ☒ 2.|    | Pretrial Detention Requested (§ 3142(e)) because no                                  |
| 4  |     |    | condition or combination of conditions will reasonably                               |
| 5  |     |    | assure:                                                                              |
| 6  | ☒   | a. | the appearance of the defendant as required;                                         |
| 7  | ☒   | b. | safety of any other person and the community.                                        |
| 8  | ☐ 3.|    | Detention Requested Pending Supervised Release/Probation                             |
| 9  |     |    | Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.                           |
| 10 |     |    | § 3143(a)):                                                                          |
| 11 | ☐   | a. | defendant cannot establish by clear and convincing                                   |
| 12 |     |    | evidence that he/she will not pose a danger to any                                   |
| 13 |     |    | other person or to the community;                                                    |
| 14 | ☐   | b. | defendant cannot establish by clear and convincing                                   |
| 15 |     |    | evidence that he/she will not flee.                                                  |
| 16 | ☐ 4.|    | Presumptions Applicable to Pretrial Detention (18 U.S.C.                             |
| 17 |     |    | § 3142(e)):                                                                          |
| 18 | ☐   | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")                              |
| 19 |     |    | (46 U.S.C. App. 1901 et seq.) offense with 10-year or                                |
| 20 |     |    | greater maximum penalty (presumption of danger to                                    |
| 21 |     |    | community and flight risk);                                                          |
| 22 | ☐   | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or                                 |
| 23 |     |    | 2332b(g)(5)(B) with 10-year or greater maximum penalty                               |
| 24 |     |    | (presumption of danger to community and flight risk);                                |
| 25 | ☐   | c. | offense involving a minor victim under 18 U.S.C.                                     |
| 26 |     |    | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,                                   |
| 27 |     |    | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),                                   |
| 28 |     |    |                                                                                      |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 |   |   | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
| 4 |   |   | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 5 |   |   | previously convicted of an offense described in |
| 6 |   |   | paragraph 5a - 5e below (whether Federal or |
| 7 |   |   | State/local), <u>AND</u> that previous offense was committed |
| 8 |   |   | while defendant was on release pending trial, <u>AND</u> the |
| 9 |   |   | current offense was committed within five years of |
| 10 |   |   | conviction or release from prison on the above- |
| 11 |   |   | described previous conviction (presumption of danger to |
| 12 |   |   | community). |
| 13 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14 |   |   | If the Case Involves: |
| 15 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 16 |   |   | § 3156(a)(4)) or Federal crime of terrorism (as defined |
| 17 |   |   | in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum |
| 18 |   |   | sentence is 10 years' imprisonment or more; |
| 19 | ☐ | b. | an offense for which maximum sentence is life |
| 20 |   |   | imprisonment or death; |
| 21 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 22 |   |   | 10 years' imprisonment or more; |
| 23 | ☐ | d. | any felony if defendant has two or more convictions for |
| 24 |   |   | a crime set forth in a-c above or for an offense under |
| 25 |   |   | state or local law that would qualify under a, b, or c |
| 26 |   |   | if federal jurisdiction were present, or a combination |
| 27 |   |   | or such offenses; |
| 28 |   |   |   |

|     |     |     |     |
| --- | --- | --- | --- |
| 1   | ☐   | e.  | any felony not otherwise a crime of violence that |
| 2   |     |     | involves a minor victim or the possession or use of a |
| 3   |     |     | firearm or destructive device (as defined in 18 U.S.C. |
| 4   |     |     | § 921), or any other dangerous weapon, or involves a |
| 5   |     |     | failure to register under 18 U.S.C. § 2250; |
| 6   | ☒   | f.  | serious risk defendant will flee; |
| 7   | ☐   | g.  | serious risk defendant will (obstruct or attempt to |
| 8   |     |     | obstruct justice) or (threaten, injure, or intimidate |
| 9   |     |     | prospective witness or juror, or attempt to do so). |

☐ 6. Government requests continuance of \_\_\_\_ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

//
//
//
//
//
//
//
//
//
//
//
//

4

1  ☐ 7.  Good cause for continuance in excess of three days exists in
2      that:

3
4  _____
5  _____
6  _____
7  _____

8  Dated: March 6, 2015              Respectfully submitted,
9                                    STEPHANIE YONEKURA
                                     Acting United States Attorney
10
                                     ROBERT E. DUGDALE
11                                   Assistant United States Attorney
                                     Chief, Criminal Division
12
13                                   _____/s/_____
                                     KIMBERLY D. JAIMEZ
14                                   Assistant United States Attorney

15                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
16

17
18
19
20
21
22
23
24
25
26
27
28