CT.

1  HILARY POTASHNER (Bar No. 167060)
   Acting Federal Public Defender
2  ~~Sonam Henderson (Bar No. 301996)~~  SESMA AHMAD
   ~~(E-Mail: Sonam_Henderson@fd.org)~~
3  Deputy Federal Public Defender
   321 East 2nd Street
4  Los Angeles, California 90012-4202
   Telephone: (213) 894-2854
5  Facsimile: (213) 894-0081

FILED
CLERK, U.S. DISTRICT COURT
MAR - 6 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

6  Attorneys for Defendant

8             UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION

12  UNITED STATES OF AMERICA,           Case No. 15-0391 M

13        Plaintiff,                    **OPPOSITION TO GOVERNMENT
                                        DETENTION REQUEST AND
14  v.                                  REQUEST FOR DETENTION
        TEOFIL BRANK                    HEARING UNDER 18 U.S.C. § 3142**
15  ~~VICENTE MANUEL SANCHEZ
    AROGON~~,

16        Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Release pending trial is governed by the Bail Reform Act of 1984 (BRA), which mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required. 18 U.S.C. § 3142(c)(2). *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985). The presumption under the BRA is that there is no detention hearing, and that a defendant should be released on personal recognizance or unsecured appearance bond. 18 U.S.C. § 3142(a), (b). The plain language of the BRA makes clear that a detention hearing is not a routine event that the government is entitled to simply for the asking. Rather, a detention hearing, which is provided for at subsection (f) of the statute, is appropriate only in certain, limited circumstances. 18 U.S.C. § 3142(f). The BRA gives the government two bases for any detention hearing request.

Under 18 U.S.C. § 3142(f)(1), the government may seek a detention hearing where the defendant has been charged in a case involving: (1) a crime of violence, which carries a maximum of ten years or more; (2) an offense which carries a maximum of life imprisonment or death; (3) serious drug offenses; (4) felonies committed by certain repeat offenders; and (5) felonies that are not otherwise crimes of violence that involve a minor victim or the possession or use of a firearm, destructive device, or any other dangerous weapon. *United States v. Gan*, 2013 WL 1345733, at * 3 (N.D.Cal. April 2, 2013) (citing 18 U.S.C. § 3142(f)(1)).

Under 18 U.S.C. § 3142(f)(2), the government may seek a hearing in a case that involves either "(A) a serious risk that the defendant will flee or (B) a serious risk that [the defendant] will obstruct or attempt to obstruct justice." *Id.*

Here, the evidence before the Court does not support the conclusion that there is a *serious risk* that defendant will flee or attempt to obstruct justice. The statutory requirement is not that there be a mere risk: there is in every case a possibility of risk. Cases that do not "involve[] . . . a serious risk" of flight or obstruction (or a crime of violence), are governed by 18 U.S.C. § 3142 (a) & (b), which mandate release on

personal recognizance or unsecured appearance bond. That is to say, even in cases where there is a "risk" -- but not a "serious risk" -- there is no detention hearing, and the Court must fashion conditions under 18 U.S.C. § 3142(c) for release. The statutory language (regarding detention hearings) speaks of a *serious* risk. 18 U.S.C. § 3142(f)(2). *See, e.g., United States v. Himler,* 797 F.2d 156, 162 (3rd Cir.1986) ("Mere opportunity for flight is not sufficient grounds for pretrial detention.") (citation omitted); *United States v. Chen,* 820 F.Supp. 1205, 1208 (N.D.Cal.1992) ("Section 3142 does not seek ironclad guarantees, and the requirement that the conditions of release 'reasonably assure' a defendant's appearance cannot be read to require guarantees against flight.") (citations omitted). The preliminary question of whether a detention hearing should be held, based on the government's allegation that the defendant presents a "serious risk of flight" (or obstruction), is a serious burden for the government to meet. *See United States v. Giordana,* 370 F. Supp. 2d 1256 (S.D.Fla. 2005) (serious charges do not necessarily equal serious flight risk).

**A.    Danger**

If the defendant is not charged with an offense that is enumerated in 18 U.S.C. § 3142(f)(1) the defendant cannot be detained on the basis of danger to the community . *Himler,* 797 F.2d 156; *United States v. Ploof,* 851 F.2d 7 (1st Cir. 1988); *United States v. Friedman,* 837 F.2d 84 (2d Cir. 1988).

If the government alleges that the defendant is a danger to the community, the danger it claims the defendant poses must relate to the federal case; unrelated allegations of danger to others is insufficient to justify an order of detention. *Ploof,* 851, F.2d at 11; *United States v. Say,* 233 F. Supp. 2d 221 (D.Mass. 2002).

The government bears the burden of showing dangerousness by clear and convincing evidence. 18  18 U.S.C. § 3142(f); *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991). The mere fact that a defendant is charged with a crime of violence will not satisfy the clear and convincing evidence standard. *United States v. Chimurenga,* 760 F.2d 400 (2d Cir. 1985). And only when there is a "strong possibility

that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. *Ploof*, 851 F.2d 7. Clear and convincing evidence means proof that the particular defendant actually poses a threat to the community, and not that a defendant in theory poses a danger. *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991).

**B. Flight**

In the event a detention hearing is held -- which it should not be -- clear and convincing evidence should likewise be required to show that no combination of conditions will assure the appearance of the defendant, since appearance is a factor equal to danger to the community under the Bail Reform Act, and any other interpretation of the statute would render it unconstitutional. *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985) (Boochever, J., concurring and dissenting in part).

## II. CONCLUSION

For the foregoing reasons, the Court should deny the requested detention hearing. In the event that a detention hearing is held, the Court should deny the detention request and set a bond with appropriate conditions.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: March 6, 2015   By /s/ ~~Sonam Henderson~~ SEEMA AHMAD
                         ~~SONAM HENDERSON~~ SEEMA AHMAD
                         Deputy Federal Public Defenders
                         Attorneys for Defendant