FILED

2015 MAR 20 PM 4: 37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2015 Grand Jury

| UNITED STATES OF AMERICA, | CR No. **CR 15 00131** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 875(d): Transmitting Threatening Communications with Intent to Extort; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 21 U.S.C. § 853: Criminal Forfeiture] |
| TEOFIL BRANK, aka "Jarec Wentworth," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 875(d)]

On or about February 16, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant TEOFIL BRANK, also known as "Jarec Wentworth" ("BRANK"), with the intent to extort money and things of value from victim D.B., knowingly transmitted in interstate commerce telephone communications and electronic text communications that contained a true threat to injure the reputation of victim D.B., that is, defendant BRANK threatened to distribute sexually explicit photographic images and sensitive information, true and embellished, about victim D.B. on defendant BRANK's social media accounts, including Twitter, if victim D.B.

refused to transfer money, a motorcycle, and the title to victim D.B.'s automobile to defendant BRANK.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); 21 U.S.C. § 853]

Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to defendant TEOFIL BRANK, also known as "Jarec Wentworth" ("BRANK"), that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853 in the event of defendant's conviction under the sole count of the Indictment.

Defendant BRANK shall forfeit to the United States the following property:

    a. All right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to any offense set forth in the sole count of this Indictment, including, but not limited to:

        i. $500,000.00 that was wire transferred to defendant BRANK by victim D.B. on or about February 17, 2015; and

    b. A sum of money equal to the total value of the property described in subsection (a) above.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b), defendant BRANK shall forfeit substitute property, up to the total value of the property described in the preceding paragraph, if, as a result of any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the

1 | jurisdiction of the court; (d) has been substantially diminished in
2 | value; or (e) has been commingled with other property that cannot be
3 | divided without difficulty.

A TRUE BILL

/S/
Foreperson

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

RUTH PINKEL
Assistant United States Attorney
Chief, General Crimes Section

JENNIFER CHOU
Assistant United States Attorney
Deputy Chief, General Crimes Section

KIMBERLY D. JAIMEZ
Assistant United States Attorney
General Crimes Section