HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
Seema Ahmad (Bar No. 270992)
(E-Mail: Seema_Ahmad@fd.org)
Ashfaq G. Chowdhury (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TEOFIL BRANK,<br><br>    Defendant. | Case No. CR 15-00131-JFW<br><br>**DEFENDANT'S BRIEF IN OPPOSITION TO VICTIM'S MOTION FOR ORDER PROTECTING PRIVACY RIGHTS OF VICTIM PURSUANT TO CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771** |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND .............................................................................................. 2

III. DISCUSSION .................................................................................................. 3

    A.    The Attorneys from the Law Firm of Sidley Austin Have Not Established that They Represent D.B. in this Case ...................................... 3

    B.    Even Assuming that the Lawyers from Sidley Austin Have Established that They Are the Alleged Victim's "Lawful Representatives" – Which They Have Not – the Victim Had No Authority to Be Heard at the Status Conference ................................................................................... 4

    C.    D.B. Provides No Binding Authority for the Proposition that the CVRA Requires that the Victim's Name Remain Out of the Public Record ................................................................................................... 6

    D.    The Public's Right to Know and Have Transparency in These Proceedings Is of Paramount Importance Here Where D.B., by the Government's Own Allegations, Has Engaged in Criminal Activity, But Is Not Being Prosecuted ...................................................................... 7

IV. CONCLUSION ................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Center for Community Action and Environmental Justice v. BNSF R. Co.*
    764 F.3d 1019 (9th Cir. 2014) ................................................................................5

*Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington*,
    845 F.2d 1513 (9th Cir. 1988) ................................................................................7

*United States v. Bus. of Custer Battlefield Museum & Store Located at*
    *Interstate 90, Exit 514, S. of Billings, Mont.*,
    658 F.3d 1188 (9th Cir. 2011) ................................................................................7

*United States v. Norris*,
    722 F. Supp. 2d 632 (E.D. Pa. 2010) .....................................................................4

*United States v. Patkar*,
    No. CR. 06-00250 JMS, 2008 WL 233062 (D. Haw. Jan. 28, 2008) ............. 1, 2, 6

*United States v. Robinson*,
    No. CR 08-10309-MLW, 2009 WL 137319 (D. Mass. Jan. 20, 2009) ............. 1, 6

*United States v. Salemme*,
    985 F.Supp. 193 (D. Mass 1997) ...........................................................................7

**Statutes**

18 U.S.C. 875(d) ........................................................................................................2

18 U.S.C. § 3509 ........................................................................................................6

18 U.S.C. § 3509(d)(2) ..............................................................................................7

18 U.S.C. § 3771 ................................................................................................*passim*

## I. INTRODUCTION

The alleged victim ("D.B.")[1] has moved the Court for an order preventing the disclosure of D.B.'s identity in the public record of the proceedings of this case unless and until a trial commences. D.B.'s motion is without merit and the relief requested should be denied for several reasons.[2]

As a preliminary matter, D.B. relies heavily on the Crime Victims' Rights Act ("CVRA") which allows for the rights conferred under that statute to be enforced by "the crime victim's lawful representative." 18 U.S.C.§ 3771(d). There is nothing before the Court establishing that the attorneys from the law firm of Sidley Austin LLP are in fact the "lawful representatives" of D.B. in this case. The attorneys purporting to represent D.B. have not presented a declaration, under seal or otherwise, establishing their right to appear on behalf of D.B. -- who remains unknown to the Court.

Assuming that the attorneys from Sidley Austin LLP could establish themselves as the lawful representatives of D.B., they had no statutory right to appear and be heard at the March 27, 2015 status conference before this Court. The CVRA, which D.B. relies upon, specifies the legal proceedings at which a victim may be heard: status conferences are not included in the enumerated list. *See* 18 U.S.C. § 3771(a)(4) (specifying that the crime victim has a right to be "reasonably heard at any public proceeding in the district court involving *release, plea, sentencing, or any parole proceeding*") (emphasis added).

In addition, the cases the victim relies upon, *Robinson* and *Patkar*, are readily distinguishable: both cases involved motions by *news outlets* requiring the court to reveal the name of the alleged victims in those cases – a salient and distinguishing point

---

[1] The alleged victim is referred to as "D.B." in the indictment filed in this case (Dkt. 10).

[2] D.B.'s motion does not appear to have been properly filed with the Court. There was no ECF notice generated by the filing and it does not appear on the docket for this case. As such, the motion failed to comply with the order of the Court requiring it to be filed on March 30, 2015.

1

that D.B. fails to note in his papers. Moreover, in *Patkar*, the defendant and the government had already entered into a protective order at the time the news outlet sought to dissolve the protective order. Here, in marked contrast, the government at no point sought a protective order before disclosing D.B.'s identity in discovery to Mr. Brank.

Furthermore, *Robinson and Patkar* did not involve, as is the case here, an alleged victim who, by the government's own admission, has engaged in criminal conduct including payment for sex and payment for procurement of sexual partners. The public's right of access to criminal proceedings -- to ensure fairness and confidence in the system -- is particularly acute in this case. D.B., by the government's own representation, is alleged to have paid Mr. Brank for sex, and to have paid Mr. Brank to procure sexual partners for himself. By the government's own admission, the government does not know whether any of the "boys" with whom D.B. engaged in sexual activity were underage. This begs the fundamental question of why D.B. is not named as a fellow defendant given that he engaged in an interstate arrangement with Mr. Brank to pay for procurement of sexual partners, and where the government cannot yet say whether it has confirmed that all of the sexual partners procured were adults. The public's right to know is of paramount importance here, where, an anonymous victim, who has plainly engaged in illegal conduct, is, for unexplained reasons, not being prosecuted. Furthermore, D.B.'s identity and personal information has already been published in the public sphere in connection with this case. For the following reasons, D.B.'s motion should be denied.

## II. BACKGROUND

On March 6, 2015, Mr. Brank made his initial appearance on a complaint charging him with extortion involving interstate communications in violation of § 18 U.S.C. 875(d). A detention hearing was held in front of Magistrate Judge Wilner where potential conditions of release were explored by the Court. Neither D.B. nor an

attorney purporting to represent D.B. were present at that detention hearing. A one-count indictment was filed on March 20, 2015 charging a violation of § 875(d). Government counsel produced discovery to defense counsel at 1 a.m. on March 27, 2015. That discovery revealed D.B.'s full name as well as simply his first name. Bates 34, 44, 70, 71.[3] The government has never sought a protective order in this case. On March 27, 2015, a status conference was held before this Court. D.B.'s purported attorney from Sidley Austin LLP made an appearance without notice to defense counsel and without filing a Notice of Appearance in this case. To date, the attorney purportedly representing D.B. has not filed any documentation with the Court establishing a legal relationship with D.B.

### III.  DISCUSSION

**A.     The Attorneys from the Law Firm of Sidley Austin Have Not Established that They Represent D.B. in this Case**

The Court does not know the alleged victim in this case. It follows that the Court cannot say that the lawyers bringing the motion on behalf of D.B. are in fact, D.B.'s "lawful representatives," duly authorized to appear on behalf of the unknown victim in this court pursuant to the CVRA. *See* 18 U.S.C. § 3771(d)(1).

Moreover, the lawyers purporting to appear on behalf of D.B. have not even taken the simple step of providing the Court with a declaration explaining their authority to speak for D.B. In these circumstances, one would expect, at the very least, an under-seal declaration from the lawyers purporting to represent the anonymous victim, explaining to the Court who the victim is and that the law firm of Sidley Austin

---

[3] The discovery referenced is not attached to this motion because it contains D.B.'s full name which is the subject of this litigation.

3

has been retained by the victim.  Without that, the Court simply has no idea who the law firm of Sidley Austin purports to represent here.[4]

The lawyers purporting to appear on behalf of the victim have failed to establish that they are the victim's "lawful representatives" under the Act.  18 U.S.C. § 3771(d)(1).  *Cf. United States v. Norris*, 722 F. Supp. 2d 632, 639-40 (E.D. Pa. 2010) ("the burden of demonstrating that a privileged relationship exists nonetheless rests on the party who seeks to assert it") (citing *United States v. Costanzo*, 625 F.2d 465, 468 (3d Cir. 1980)).  Here, the lawyers purporting to represent D.B. pursuant to a privileged relationship they have established with D.B. as his "lawful representatives," have failed to make the slightest effort to establish for this Court that they are in fact the anonymous victim's lawful representatives.

**B.     Even Assuming that the Lawyers from Sidley Austin Have Established that They Are the Alleged Victim's "Lawful Representatives" – Which They Have Not – the Victim Had No Authority to Be Heard at the Status Conference**

D.B. relies entirely on the CVRA.  However, D.B. selectively ignores a key provision of the CVRA which enumerates the specific legal proceedings at which the victim – or the victim's lawful representatives – may appear and be heard.  18 U.S.C. § 3771(a)(4) specifies when the victim has a right to be heard:

> [The crime victim has the] right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.

Basic principles of statutory interpretation[5] make clear that the CVRA, by specifically enumerating which public proceedings in the district court the crime victim

---

[4] Even the Notice to Appear filed by Sidley Austin simply states that the law firm is appearing on behalf of "Victim."  *See* Notice to Appear filed by Sidley Austin LLP.

4

has a right to be heard at, clearly does not authorize the victim or the victim's purported lawful representatives to simply interrupt and walk into any other proceeding, as happened at the March 27, 2015 status conference. In that status conference, a lawyer purporting to appear for the victim entered into the proceedings, made an appearance, and proceeded to significantly impact proceedings -- resulting in the very briefing before the Court. None of this has statutory authority within the CVRA. Notably, the lawyer appearing for D.B. before this Court at the March 27, 2015 status conference appeared at the bail hearing in the same matter before Magistrate Wilner that immediately followed the status conference, and, when asked for his statutory authority to appear, directed Magistrate Wilner specifically to 18 U.S.C. § 3771(a)(4). This demonstrates that the lawyers for D.B. knew precisely the content -- and the limits -- of their statutory authority. The CVRA plainly intended to give the victim a voice and a right to consultation in the proceedings. 18 U.S.C. § 3771(a). The CVRA plainly did *not* intend for what has happened here: for D.B.'s lawyer to appear at a status conference and trial scheduling and impact the course of the proceedings. 18 U.S.C. § 3771(d)(1).

Given counsel for the government's reaction at the status conference, it appears that lawyers for D.B. had not consulted with the government about the issue of disclosure of D.B.'s identity. While D.B. has the right under the CVRA to consultation with counsel for the government, 18 U.S.C. § 3771(a)(5), the CVRA plainly does not authorize the victim or the victim's lawful representatives to interrupt any and all proceedings in the district court to be heard. 18 U.S.C. § 3771(d)(1). If the lawyers for D.B. failed to consult with the government prior to the hearing, that was a failure on the part of the lawyers for D.B., and not one that should be excused by allowing lawyers

---

[5] *See Center for Community Action and Environmental Justice v. BNSF R. Co.* 764 F.3d 1019, 1024 (9th Cir. 2014) (noting that "*expressio unius est exclusio alterius* stands for the proposition that when Congress expresses meaning through a list, a court may assume that what is not listed is excluded).

for D.B. to appear at a proceeding in the district court at which they had no statutory authority to appear. 18 U.S.C. § 3771(a)(4).[6]

## C. D.B. Provides No Binding Authority for the Proposition that the CVRA Requires that the Victim's Name Remain Out of the Public Record

D.B.'s motion relies heavily on two out-of-district, unpublished opinions for the proposition that D.B.'s name should be withheld from the public judicial record. However, both cases, *United States v. Patkar*, No. CR. 06-00250 JMS, 2008 WL 233062 (D. Haw. Jan. 28, 2008) and *United States v. Robinson*, No. CR 08-10309-MLW, 2009 WL 137319 (D. Mass. Jan. 20, 2009), are distinguishable from the case at hand. The cases involve motions by news outlets to compel government disclosure of the victim's name in a public filing. In *Patkar*, the defense and government had already entered into a protective order at the time the news outlet sought to compel disclosure. Here, at no time has the government sought to enter into a protective order or similar stipulation with Mr. Brank.

D.B.'s motion does not cite to any statutory authority or case law that suggest an absolute right to prevent the alleged victim's identity from being revealed in the public record. By comparison, 18 U.S.C. § 3509 contains protections for child victims and child witnesses. It provides explicit protections concerning the identities of child victims: "All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order." 18 U.S.C. § 3509(d)(2). If Congress intended a similar protection for adult victims, it would have been expressly provided.

---

[6] If counsel for D.B. has identified statutory authority to appear at the March 27, 2015 status conference, they should present it.

6

1 **D. The Public's Right to Know and Have Transparency in These**
2 **Proceedings Is of Paramount Importance Here Where D.B., by the**
3 **Government's Own Allegations, Has Engaged in Criminal Activity, But**
4 **Is Not Being Prosecuted**

5 The public has a presumptive common law and First Amendment interest in
6 access to judicial filings and criminal proceedings. *See United States v. Bus. of Custer*
7 *Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*,
8 658 F.3d 1188, 1192 (9th Cir. 2011) ("The law recognizes two qualified rights of
9 access to judicial proceedings and records, a common law right 'to inspect and copy
10 public records and documents, including judicial records and documents,' and 'a First
11 Amendment right of access to criminal proceedings' and documents therein" (quoting
12 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) and *Press–Enter. Co. v.*
13 *Superior Court*, 478 U.S. 1, 8, (1986)). The purpose of this right of access, in part, is
14 "because public monitoring of the courts is an essential feature of democratic control
15 and accountability." *United States v. Salemme*, 985 F.Supp. 193, 197 (D. Mass 1997).
16 In addition, "Openness is essential because it 'enhances both the basic fairness of the
17 criminal trial and the appearance of fairness so essential to public confidence in the
18 system'". *Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington*, 845 F.2d
19 1513, 1522 (9th Cir. 1988) (quoting *Press-Enter. Co. v. Superior Court of California*
20 *for Riverside Cnty.*, 478 U.S. 1, 9 (1986)).

21 In this case, and by the government's own admission, D.B. has engaged in
22 criminal activity by paying for sex with Mr. Brank and also paying to have sex with
23 other individuals allegedly procured for him for the sole purpose of engaging in sexual
24 relations. To date, the government has refused to conclusively assert that D.B.'s sexual
25 partners were all of adult age. Therefore, the public's right of access to the judicial
26 process to ensure fairness and to maintain public confidence in the system is
27 particularly acute here, where, D.B. has engaged in criminal activity himself. To allow
28 D.B. to remain anonymous in the face of his questionable conduct would suggest that

7

1  an individual, using his significant resources, can shield himself from justifiable
2  scrutiny by invoking victim status.  Furthermore, significant public disclosure of D.B.'s
3  identity has already taken place.  At least one website[7] has published content on the
4  internet, in the form of a blog post, about this case.  The post refers to D.B. by name.
5  Given that the public is already aware of D.B.'s identity and potentially criminal
6  conduct, it is improper to prevent disclosure of his identity in the public record.

## IV.  CONCLUSION

Mr. Brank respectfully submits that the victim's motion should be denied.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: March 31, 2015          By  /s/ Seema Ahmad
                                   SEEMA AHMAD
                                   ASHFAQ G. CHOWDHURY
                                   Deputy Federal Public Defenders
                                   Attorneys for Defendant, TEOFIL BRANK

---

[7] Defense counsel is intentionally not naming the website or attaching the website content as an exhibit so as not to reveal the identity of D.B. which is the subject of this litigation.  If the Court desires, the blog post can be submitted under seal.

8