STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779
     Facsimile: (213) 894-0142
     E-mail:    kimberly.jaimez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 15-00131-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S STATEMENT OF NON-OPPOSITION TO MOTION FOR ORDER PROTECTING PRIVACY OF VICTIM PURSUANT TO CRIME VICTIM'S ACT, 18 U.S.C. § 3771 |
| v. | |
| TEOFIL BRANK, | |
| Defendant. | Hearing Date: April 6, 2015<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom of the<br>             Hon. John F. Walter |

   Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Kimberly D. Jaimez, hereby files this Statement of Non-Opposition to Victim's Motion for Order Protecting Privacy of Victim Pursuant To Crime Victim's Act, 18 U.S.C. § 3771, submitted to the Court on March 30, 2015 by the Victim.

   It is the government's position that the Crime Victims Rights Act, 18 U.S.C. §§ 3771(a)(8),(a)(1) gives the Victim a right to

1  privacy in the current stage of the proceedings.  Here, the Victim
2  would like to prevent disclosure (to the public) of the Victim's
3  identity pre-trial.  Without the requested protection, the Victim
4  would likely suffer reputational harm similar to the very harm
5  threatened by defendant in the criminal extortion and blackmail
6  conduct alleged in this case.  Temporary non-disclosure of the
7  Victim's identity as requested would, at least, afford the Victim an
8  opportunity to manage and mitigate any forthcoming reputational
9  damage, which could result from a trial.
10       Courts have held that the disclosure of a victim's identity in
11  the public record prior to trial could amount to a "a clearly defined
12  and serious injury to the victim," in violation of the Act.  United
13  States v. Patkar, Cr. No. 06-00250-JMS, 2008 WL 233062, at *5-6 (D.
14  Hawaii Jan. 28, 2008).  Furthermore, courts have held that such harm
15  appears to far outweigh any right the public may have to disclosure
16  of a victim's name.  Id., at *6 ("it is not clear that the public's
17  interest in disclosure of discovery material, never made part of the
18  public record, can override the [Act]'s clear Congressional mandate"
19  to treat victims with fairness and with respect to their privacy).
20  //
21  //
22  //

As such, the government does not oppose the Victim's motion at this time.

Dated: March 31, 2015

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


          /s/
KIMBERLY D. JAIMEZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA