Douglas A. Axel, SBN 173814
daxel@sidley.com
Anand Singh, SBN 250792
anand.singh@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Victim



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEOFIL BRANK,<br><br>Defendant. | Case No. 2:15-Cr-00131-JFW<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER PROTECTING PRIVACY OF VICTIM PURSUANT TO CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[PROPOSED ORDER LODGED SEPARATELY HEREWITH]<br><br>Date: April 6, 2015<br>Time: 9:00 a.m.<br>Location: Courtroom 16<br>Judge: Hon. John F. Walter |



Motion For Order Protecting Privacy Of Victim Pursuant To Crime Victims' Rights Act, 18 U.S.C. § 3771

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 6, 2015 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable John F. Walter at 312 N. Spring Street, in Courtroom 16, the victim of the crime in the above-captioned matter (the "Victim") will, and hereby does, move this Court not to order the prosecution to disclose the Victim's identity in the record of these proceedings and instead to order that the government and defense shall not disclose the Victim's identity in the record of these proceedings unless and until the trial of this matter commences.

This Motion is made pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771. This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the files and records in this action, and such arguments and evidence as may be presented to the Court.

Dated: March 30, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP

By: *Doug Axel AS*
Douglas A. Axel
Anand Singh
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Victim*

---

1

**Motion For Order Protecting Privacy Of Victim Pursuant To Crime Victims' Rights Act, 18 U.S.C. § 3771**

## MEMORANDUM OF POINTS AND AUTHORITIES

The victim of the crime in this case (hereinafter the "Victim") respectfully submits this Memorandum in Support of his Motion for Order Protecting His Privacy Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "Motion").

### I.   INTRODUCTION

In this case, Defendant is accused of extorting money and other property by threatening to publicly reveal personal, intimate, and embarrassing facts concerning the Victim. Seeking to avoid the very reputational harm that Defendant was threatening to inflict, the Victim seeks by this Motion to keep his identity out of the public record of these proceedings unless and until the trial of this matter commences. For several reasons, the Court should decline to order the government to publicly disclose the Victim's identity, and should instead order that Victim's identity not be disclosed publicly unless and until the trial commences:

*First*, the public disclosure of the Victim's identity before it becomes absolutely necessary in these proceedings would violate the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8). That statute expressly requires both the government and the Court to afford the Victim the "right to be treated with fairness and with respect for [his] dignity and privacy." *Id.* The wanton identification of the Victim in the public record before such disclosure is absolutely necessary would clearly violate these substantive and important rights, afforded to the Victim by Congress.

*Second*, the government has elected not to disclose the Victim's identity at this stage in the proceedings. Because, as described below, the government's decision does not adversely affect the public's right of access or the rights of the Defendant, the government's decision is appropriately a matter of prosecutorial discretion, which this Court lacks the power to overrule.

*Third*, there is no public right of access to the Victim's identity. The recognized rights of access apply only to materials and proceedings that are part of the judicial record. The Victim's identity has not been made part of the judicial record, so

no such rights are implicated here. Even if they were, the Victim's concrete and important rights to privacy and dignity, recognized and afforded by the Crime Victims' Rights Act, would outweigh any such generalized access right.

*Finally*, Defendant has no need, as part of his defense, for the Victim's identity to be disclosed as part of the public record. The Victim's identity is obviously well known to Defendant, and the government has represented that the Victim's identity has been provided to the defense as part of the discovery. The Victim is seeking here only to protect his identity from being made part of the public record of these proceedings unless and until such disclosure is absolutely necessary. This will not in any way impair the defense.

Accordingly, and for the reasons described below, the Court should not *sua sponte* order the government to disclose the Victim's identity, and should instead issue an order prohibiting the government and defense from disclosing the Victim's identity in the record of these proceedings unless and until the trial commences.

## II. BACKGROUND

### A. Factual Background

Defendant is an actor who has appeared in several adult films depicting sexual activity engaged in by members of the same sex. He is better known by his stage name, Jarec Wentworth. Under that pseudonym, Defendant has a substantial online presence.

On February 16, 2015, Defendant threatened that he would reveal private and embarrassing information concerning the Victim if the Victim did not comply with certain demands. Dkt. No. 1, Ex. A (the "Affidavit") ¶ 12. Specifically, Defendant threatened to harm the Victim's reputation by posting embarrassing information – including pictures – on his Twitter page. *Id.* ¶¶ 12, 14. Defendant told the Victim in text messages that he "was going to bite hard," and "[m]oney won't wash away [w]hat people will read and see of you." *Id.* ¶ 14. In order to try to avoid the threatened reputational harm, the Victim acceded to Defendant's demands and paid him

$500,000 and turned over possession of his car, valued at over $100,000. *Id.* ¶ 12.

Defendant thereafter repeatedly attempted to extort additional amounts from the Victim. On March 3, 2015, Defendant again sent text messages to the Victim, stating that he would publicize embarrassing information concerning the Victim unless a "new deal [was] reached." *Id.* ¶ 17. Defendant demanded that the Victim buy him a "condo . . . in LA" and pay him $300,000. *Id.* Later in the day, the demand was raised to "1 mill cash." *Id.* Defendant instructed the Victim that he "will" pay so he "can be at peace." *Id.* ¶ 17. On March 4, 2015, Defendant, expecting to collect the $1,000,000 cash, showed up at an FBI sting and was arrested. Apparently acting at Defendant's instructions, the person who accompanied Defendant to pick up the cash had with him a .357 revolver and ammunition. *Id.*

### B. Procedural Background

On March 20, 2015, the Grand Jury returned an indictment charging Defendant with a violation of 18 U.S.C. § 875(d). Dkt. No. 10. Under Section 875(d), it is a crime to extort money from any person by threatening to "injure . . . [his or her] reputation." 18 U.S.C. § 875(d). Although the Victim's name is obviously known to Defendant and, according to the government, has been included in the discovery materials provided to the defense, neither the indictment nor any other filing in the public record reveals the identity of the Victim.

On March 27, 2015, the Court held a Trial Setting Conference. Dkt. No. 18. During the Conference, the Court *sua sponte* directed the prosecutor to identify the Victim in open court. Counsel for the Victim objected to this direction, and the Court agreed to consider additional briefing on the issue. In the meantime, the Court has instructed the parties not to disclose the Victim's identity in the public record.

### III. ARGUMENT

#### A. Pursuant To The Crime Victims' Rights Act, The Court Shall Ensure That The Victim Is Afforded The Right To Be Treated With Fairness And Respect For His Dignity And Privacy

The Crime Victims' Rights Act (the "CVRA"), enacted in 2004, affords a crime victim with several enumerated rights, which a court presiding over a criminal proceeding involving an offense against the victim is required to afford. *See* 18 U.S.C. § 3771 (a), (b)(1). Among these rights is "[t]he right to be treated with fairness and with respect for [his or her] dignity and privacy." *Id.* § 3771(a)(8).

The CVRA "was intended to provide meaningful rights, and not a simple laundry list of aspirational goals as to how the government and courts should treat victims." *U.S. v. Robinson*, 2009 WL 137319, *3 (D. Mass. Jan. 20, 2009); *U.S. v. Patkar*, 2008 WL 233062, *5 (D. Hawaii Jan. 28, 2008). "The Senate sponsors of the law were clear in their articulation of the overall import of the provision: to promote a liberal reading of the statute in favor of interpretations that promote victims' interest in fairness, respect, and dignity." *Patkar*, 2008 WL 233062 at *5. Senator Kyl, the primary drafter of the legislation, explained on the Senate floor that subdivision (a)(8) was specifically drafted to ensure its broad application:

> The broad rights articulated in this section are meant to be rights themselves and are not intended to just be aspirational. One of these rights is the right to be treated with fairness . . . Too often victims of crime experience a secondary victimization at the hands of the criminal justice system. This provision is intended to direct government agencies and employees, whether they are in executive or judicial branches, to treat victims of crime with the respect they deserve . . . .
>
> It is not the intent of this bill that its significance be whittled down or marginalized by the courts or the executive branch. This legislation is meant to correct, not continue, the legacy of the poor treatment of crime victims in the criminal process.

4

Motion For Order Protecting Privacy Of Victim Pursuant To Crime Victims' Rights Act, 18 U.S.C. § 3771

150 Cong. Rec. S10911; *see also U.S. v. Mahon*, No. 09-cr-712, 2010 WL 94247, *1 (D. Ariz. Jan. 5, 2010) ("The CVRA is meant to be liberally construed within the confines of the rights guaranteed.").[1]

To promote its clear intent, the CVRA grants victims standing to enforce their rights in ongoing criminal actions, and it expressly tasks both the Court and prosecutors with the responsibility of enforcing those rights. *See* 18 U.S.C. §§ 3771(b)(1) ("In any court proceeding involving an offence against a crime victim, the court *shall ensure* that the crime victim is afforded the rights") (emphasis added); -(c)(1) ("Officers and employees of the Department of Justice . . . shall make their best efforts to see that crime victims are notified of, and accorded, the rights"); *see also id.* § 3771(d)(1) ("The crime victim or the crime victim's lawful representative, and the attorney for the Government, may assert the rights [provided by the CVRA]."). A court is required to "take up and decide any motion asserting a victim's right [under the CVRA] forthwith." *Id.* § 3771(d)(3). The statute even provides for emergency writ relief in the event that the district court denies the relief sought by the victim, and authorizes that such a writ may be issued "on the order of a single judge pursuant to circuit rule or the Federal Rules of Appellate Procedure." *Id.*

**B.  A *Sua Sponte* Order Compelling The Government To Disclose In The Public Record The Identity Of The Victim Would Violate The CVRA And The Constitutional Guarantees Of Separation Of Powers**

The Court has stated an intent, *sua sponte*, to require the government to disclose in the public record the identity of the Victim. To do so would violate both the CVRA and the constitutional guarantees of separation of powers.

---

[1] Similar rights are guaranteed by Article 1, Section 28 of the California Constitution, in which the people of California have declared that the "rights of victims pervade the criminal justice system." Cal. Const., Art. 1 §§ 28(a)(3), (b)(1). Thus, victims have numerous "personally held and enforceable rights," including the right "t[o] be treated with fairness and respect for [their] privacy and dignity, and to be free from intimidation, harassment, and abuse, throughout the criminal or juvenile justice process." *Id.*

5

Motion For Order Protecting Privacy Of Victim Pursuant To Crime Victims' Rights Act, 18 U.S.C. § 3771

### 1. The CVRA Requires That The Victim's Identity Be Kept Confidential Prior To Trial

At least two courts have considered the issue, and both squarely held that the victim's identity in a prosecution under 18 U.S.C. § 875(d) should be kept out of the public record, at least until the victim is required to testify at trial. *Robinson*, 2009 WL 137319; *Patkar*, 2008 WL 233062. Both cases involved prosecutions for extortionate threats to reputation, in violation of 18 U.S. C. § 875(d). In both cases, the underlying conduct giving rise to the extortionate threats was of a sexual nature. *Robinson*, 2009 WL 137319 at *1 (a defendant's extortion of a "prominent businessman in the Boston area" after she had a "sex-for-fee relationship" with him); *Paktar*, 2009 WL 137319 at *1 (threatened disclosure of emails from the victim inviting three others to a "romantic weekend"). In both cases, the courts held that the disclosure of the victim's identity in the public record prior to trial would amount to "a clearly defined and serious injury to the victim," in violation of the CVRA. *Patkar*, 2008 WL 233062, at *6; *see also Robinson*, 2009 WL 137319, at *3.

As both *Robinson* and *Patkar* recognized, requiring or allowing the victim's identity to become part of the public record in a § 875(d) prosecution "would inflict the very harm th[e] prosecution seeks to punish." *Robinson*, 2009 WL 137319, at *3; *see Patkar*, 2008 WL 233062 at *6 (same). This is to be avoided not only to protect the victim, but also because disclosure of "the very material that formed the basis of [the] extortion" would "certainly act as a deterrent to a victim reporting the commission of a crime." *Patkar*, 2008 WL 233062, at *6; *Robinson*, 2009 WL 137319, at *3.

*Robinson* and *Patkar* are consistent with other cases in which courts have held that the CVRA requires a victim's identity to be shielded from the public record. *See, e.g. U.S. v. Clark*, 335 Fed. Appx. 181, 2009 WL 1931172 (3d. Cir. July 7, 2009) ("[R]edacting the names of the victims and their family members" in victim impact statements is "consistent with the Crime Victims' Rights Act, which specifically

codified the victim's 'right to be treated with fairness and with respect for the victim's dignity and privacy'") (citing 18 U.S.C. §§ 3771(a)(8)); *U.S. v. Belfort*, No. 09-cr-0859, 2014 WL 2612508, *4 (E.D.N.Y. June 11, 2014) ("The victim list requested here does not contain the type of information that is traditionally considered public . . . the information specifically identifying those victims is traditionally viewed as private information.").

The authorities cited above demonstrate that disclosure of the Victim's identity in the judicial record, until it is absolutely necessary, would violate the Victim's rights of privacy and dignity under the CVRA. Indeed, like *Robinson* and *Patkar*, this case involves prosecution under 18 U.S.C. § 875(d) based on threats to reveal intimate facts of a sexual nature. Thus, public disclosure of the Victim's identity would inflict upon Victim the very harm that the prosecution seeks to punish in these proceedings.

### 2. A *Sua Sponte* Court Order Requiring The Government To Disclose The Victim's Identity Would Violate Separation Of Powers

The government, consistent with *its* obligations under the CVRA, has declined to make the Victim's identity part of the public record. As correctly reasoned in *Robinson*, the government's decision not to disclose the victim's identity is a matter of prosecutorial discretion, and the Court lacks authority to compel the prosecution to do otherwise:

> [T]he court has found no precedent for the claim that the court has the authority to compel the government to identify the victim. To the contrary, it is properly a matter of prosecutorial discretion. *See Goldstein v. Moatz*, 364 F.3d 205, 215 (4th Cir. 2004) ("Once a prosecutor possesses probable cause, he must decide whether to prosecute, which charges to initiate, which trial strategy to pursue, and a multitude of other important issues that require him to exercise discretion."). Unless and until the decision not to reveal to the court the victim's identity interferes with the rights of the defendant or the victim's identity becomes relevant to the court's decision-making, the court lacks the

authority to compel the government to make the information public. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) (holding that, absent a showing of constitutional violations, review of prosecutorial decisions is prohibited because doing so 'asks a court to exercise judicial power over a special province of the Executive'); *United States v. Wilkerson*, 208 F.3d 794, 798 (9th Cir. 2000) (stating that, while a trial judge's suggestions regarding prosecutorial decision-making do not violate the separation of powers principle, a judge's attempt to 'force, require, or coerce the government' with regard to decisions subject to prosecutorial discretion would raise separation of powers concerns).

*Robinson*, 2009 WL 137319 at *2.

### 3. There Is No Public Right To Disclosure Of The Victim's Identity

Courts have recognized two qualified rights of access to judicial proceedings: (1) a common law right "to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) and (2) a "First Amendment right of access to criminal proceedings," *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8 (1986).

Neither of these rights is implicated here. As explained above, the Victim's identity has not been disclosed in any document submitted to the Court or at any hearing – it is *not part of the judicial record in these proceedings*. Therefore, there is no public right of access implicated by the government's decision not to disclose the Victim's identity in the judicial record. *See, e.g., Robinson*, 2009 WL 137319, at *2 ("[T]he government has not made a submission identifying the victim . . . Accordingly, the victim's identity is not part of the judicial record that is presumptively open to public scrutiny."); *Patkar*, 2008 WL 233062, at *3 (refusing to order public disclosure of documents that identified the victim of an extortion plot and the harmful information upon which the extortion was based, explaining that "the

documents at issue were never submitted to the court; they are not part of the judicial record in this case").

Even assuming, *arguendo*, that the public's rights of access are somehow implicated here - and they are not - any such rights would be significantly outweighed by the Victim's rights of privacy and to be treated with dignity in these proceedings. The right of public access is not absolute, and "[a]n individual's right to privacy is recognized as an exception to the public's right to access." *U.S. v. Starr*, No. 10-cr-520, 2011 WL 1796340, *1 (S.D.N.Y. May 2, 2011); *see also* 18 U.S.C. § 3771(a)(8); *Robinson*, 2009 WL 137319, at *3 ("[E]ven if the victim's identity were a part of the judicial record, public disclosure would not be automatic."). As a threshold matter, the public has no legitimate interest in the Victim's identity because, as explained above, his identity is not even part of the judicial proceedings. *See supra* at 2-3. Nor does the public have a legitimate interest in the Victim's private sexual activities. *See, e.g., U.S. v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012) ("[T]he public has no legitimate interest in the private sexual activities of M.B. or in the embarrassing facts revealed about her life."). By contrast, the Victim's privacy interests at stake here are important for all of the reasons described above. They are expressly recognized and to be enforced under the CVRA, and they involve "sexual behavior," recognized as "the most private human conduct." *See, e.g., Lawrence v. Texas*, 539 U.S. 558, 567 (2003).[2]

Accordingly, the Victim's rights and potential harm that could result from public disclosure of his identity far outweigh any public right of access at this stage in these proceedings.

---

[2] The Victim is unaware of any media that has publicly identified the Victim in connection with this matter. However, even if the Victim has been identified in a blog post or some other public media, any such identification would be unconfirmed because he has not been identified in the judicial record. Disclosure of the Victim's identity in the judicial record would validate any such report, and thus the Victim would still have compelling interests in maintaining his anonymity.

Motion For Order Protecting Privacy Of Victim Pursuant To Crime Victims' Rights Act, 18 U.S.C. § 3771

### C. The Court Should Order That Victim's Identity Not Be Publicly Disclosed Unless And Until The Trial Commences

As explained above, the disclosure of the Victim's identity would violate his rights to privacy and to be treated with dignity, and the CVRA charges the Court with safeguarding those rights. Moreover, unless and until the trial in this matter commences, protecting the Victim's anonymity in the public record will not impair the defense or otherwise result in any prejudice to Defendant. Defendant already knows the identity of the victim. Moreover, the Victim can remain anonymous without interfering with Defendant's discovery rights because the information exchanged between the parties is not made part of the judicial record. Indeed, the government has represented that information reflecting the Victim's identity already has been provided to the defense as part of the discovery. Accordingly, consistent with its obligations under the CVRA, the Court should prohibit the government and defense from disclosing the Victim's identity unless and until the trial commences.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Motion and prohibit the government and the defense from disclosing the Victim's identity unless and until the trial in this matter commences. In the event that the Court does not order the relief sought, the Victim respectfully requests that the Court temporarily stay any order requiring or allowing the public disclosure of the Victim's identity to enable the Victim to petition the Ninth Circuit for a writ of mandamus pursuant to 18 U.S.C. § 3771(d)(3), and to enable the Court of Appeal's consideration thereof.

Dated: March 30, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP

By: *Dony Axel AS*
Douglas A. Axel
*Attorneys for Victim*

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) SS
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013.

On March 30, 2015, I served the foregoing document(s) described as

> **NOTICE OF MOTION AND MOTION FOR ORDER PROTECTING PRIVACY OF VICTIM PURSUANT TO CRIME VICTIMs' RIGHTS ACT, 18 U.S.C. § 3771; MEMORANDUM OF POINTS AND AUTHORITIES**

> **[PROPOSED] ORDER GRANTING MOTION FOR ORDER PROTECTING PRIVACY OF VICTIM PURSUANT TO CRIME VICTIMS RIGHTS ACT, 18 U.S.C. § 3771**

on all interested parties in this action as follows (or as on the attached service list):

Seema Ahmad
Ashfaq G. Chowdhury
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012
213-894-4787
Fax: 213-894-0081
Email: Seema_Ahmad@fd.org

206805973

1

**PROOF OF SERVICE**

| | |
|---|---|
| 1 | Kimberly Denise Jaimez |
| 2 | AUSA - Office of the US Attorney |
|   | General Crimes Section |
| 3 | 312 North Spring Street 12th Floor |
|   | Los Angeles, CA 90012 |
| 4 | 213-894-3779 |
| 5 | Fax: 213-894-0141 |
|   | Email: kimberly.jaimez@usdoj.gov |
| 6 | |

☑ (VIA FACSIMILE) I served the foregoing document(s) by facsimile transmission by use of facsimile machine number (213) 896-6600 to each interested party at the facsimile machine telephone number shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☑ (VIA FEDEX) I served the foregoing document(s) by FedEx for overnight delivery. I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope, with FedEx fees thereon fully prepaid, for collection and delivery at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and delivery of express carrier package for delivery with FedEx. Under that practice, the FedEx package(s) would be delivered to an authorized courier or dealer authorized by FedEx to receive document(s) on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2015, at Los Angeles, California.

NICOLE A. BIGLEY

206805973

2

**PROOF OF SERVICE**