Douglas A. Axel, SBN 173814
daxel@sidley.com
Anand Singh, SBN 250792
anand.singh@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Attorneys for Victim

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TEOFIL BRANK,<br><br>　　　　　Defendant. | Case No. 2:15-cr-00131-JFW<br><br>**VICTIM'S REPLY IN SUPPORT OF MOTION FOR ORDER PROTECTING PRIVACY PURSUANT TO CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771**<br><br>Date:　　　April 6, 2015<br>Time:　　　9:00 a.m.<br>Location:　Courtroom 16<br>Judge:　　 Hon. John F. Walter |

In his Opposition ("Opposition") to the Victim's Motion For Order Protecting his Privacy Rights Pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3711 ("Motion"), Defendant concedes that the public disclosure of the Victim's identity is irrelevant at this stage of the proceedings and fails to identify a *single reason* why it is in his interest to do so. Thus, the only ostensible purpose to Defendant opposing the Victim's Motion is to subject the Victim to further intimidation and reputational harm. Indeed, recognizing that public disclosure of the Victim's identity would subject the Victim to "harm similar to the very harm threatened by defendant in the criminal extortion . . . in this case," the government does not oppose the Motion. Dkt. No. 23 at 2. For the reasons that follow, the Victim respectfully submits that the arguments raised in Defendant's Opposition have no merit and the Motion should be granted.

*First*, Defendant argues that "[t]here is nothing before the Court establishing that the attorneys from the law firm of Sidley Austin LLP are in fact" counsel for the Victim because they "have not presented a declaration, under seal or otherwise, establishing their right to appear on [the Victim's] behalf." Opposition at 1. To the extent Defendant is arguing that the Victim's attorneys are required to declare, under penalty of perjury, that they represent the Victim, he is incorrect. The Local Rules do not require any such declaration. Like counsel for the government and defense, and in accordance with the Rules, Counsel for the Victim established his representation of the Victim by filing a Notice of Appearance.[1] The CVRA expressly affords victims the ability to assert their rights under the Act through "a lawful representative," including an attorney. 18 U.S.C. § 3771(d)(1). In any event, if the Court deems it to be a requirement, Counsel will promptly file a declaration establishing the representation under penalty of perjury.[2]

---

[1] As reflected in the Notice of Appearance, Counsel first appeared at the Trial Setting Conference last week. Notably, at no point during the Conference (which lasted well more than an hour) did the Court, the government, or defense counsel even suggest the possibility that Counsel does not actually represent the Victim.

[2] On Friday, March 27, this Court ordered that the Victim submit briefing by Monday,

To the extent Defendant is contending that Counsel must, at this stage, identify the Victim to the Court under seal, that also is incorrect. Defendant cites no authority to support this proposition. Nor does Defendant address the Victim's authority demonstrating that this Court is not authorized at this stage to compel such disclosure. *See* Motion at 7-8. Defendant's argument also ignores the protections of privacy and dignity afforded to the Victim under the Crime Victims' Rights Act, 18 U.S.C. § 3771 (the "CVRA"). *See* Motion at 6.

*Second*, Defendant quibbles that the Victim had "no statutory right to appear and be heard at the March 27, 2015 status conference." Opposition at 1. As an initial matter, the import of this argument is unclear – at the Conference, the Court authorized the Victim's counsel to submit briefing on issues relating to his right to anonymity; Defendant does not contend, nor could he, that the Court is powerless to accept such briefing. Furthermore, the CVRA expressly authorizes the appearance of the Victim's counsel to object to the public disclosure of the Victim's identity and filing of the Victim's Motion. Defendant asserts the absence of such authority because a trial setting conference is not one of the stages of the proceeding for which § 3771(a)(4) expressly provides victims with a "right to be reasonably heard." But the Victim's Motion seeks to assert his right "to be treated with fairness and with respect for the victim's dignity and privacy" under § 3771(a)(8). This right applies to all stages of the proceeding, *see id.* § 3771(b)(1) ("In *any court proceeding* involving an

---

March 29. Counsel made its best efforts to file the Motion, as well as the Notice of Appearance and Proposed Order, through the ECF filing system and consistent with the Local Rules and this Court's Criminal Trial Order (Dkt. No. 19). Counsel could not file through ECF because that system does not enable a filing by any person other than the government and defendant in criminal cases. Counsel's assistant contacted the ECF helpdesk on multiple occasions, and each time they confirmed that the papers had to be manually filed. However, when the Victim attempted to manually file, the Clerk's Office stated that the documents had to be filed electronically, which as explained above, was not possible and inconsistent with the prior instruction from the helpdesk. Ultimately, the Clerk's Office stamped these documents "RECEIVED." Consistent with the Criminal Trial Order, Counsel immediately provided a courtesy copy to Chambers and served both the government and Defendant *via* facsimile and overnight mail (and emailed courtesy copies). The Victim respectfully requests that these documents be accepted for filing and entered on the Docket.

offense against a victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a).") (emphasis added).

*Third*, Defendant argues that the Motion "does not cite to any statutory authority or case law that suggest an absolute right to prevent the alleged victim's identity from being revealed in the public record." Opposition at 6. This argument misses the mark – the Victim is not contending that there is any such "absolute right" for all victims or even for all stages of these proceedings. Rather, in the context of the specific facts of this case – which involves prosecution for extortionist threats to injure reputation by disclosure of personal, intimate details of a sexual nature – a decision to unnecessarily reveal the Victim's identity to the public would violate his right to privacy and inflict the very harm that the government is seeking to punish in these proceedings. *See* Motion at 6.[3]

*Fourth*, Defendant attempts to distinguish *Robinson* and *Patkar* on the basis that they involved news outlets seeking to compel disclosure of the victim's identity. Opposition at 2, 6. It is correct that the defendants in those cases appear to have worked to mitigate the harm they had threatened upon their victims, rather than to exacerbate it. Thus, unlike Defendant, the defendants in *Robinson* and *Patkar* apparently did not attempt to unnecessarily interject the victim's identity into the case. *U.S. v. Robinson*, 2009 WL 13719, *1 (D. Mass. Jan. 20, 2009); *U.S. v. Patkar*, 2008 WL 233062, *2-3 (D. Hawaii Jan. 28, 2008). In any event, if the CVRA shields a victim's identity from the public even when the press is seeking access, surely it also shields Victim's identity here, where neither the government nor the defense has asserted any need or right to disclose Victim's identity, and no news outlet or any other third party has sought such information.

---

[3] Defendant's argument that 18 U.S.C. § 3509 expressly protects the identity of child victims (*see* Opposition at 6) is irrelevant. Defendant cites no authority suggesting that child victims are the only category of victims who have legitimate interests in remaining anonymous. To the contrary, Courts uniformly recognize that, in certain circumstances like the case at bar, it is appropriate to shield the adult victim's identity from the public record. *See* Motion at 6-7.

*Fifth*, Defendant argues that, supposedly, *Robinson* and *Patkar* did not involve alleged victims who had paid for sex. Opposition at 2. Defendant is incorrect. *Robinson* did involve prosecution for extortion of a "prominent business-man . . . after a sex-for-fee relationship." 2009 WL 137319, at *1. Moreover, Defendant cites no authority, and there is none, for the proposition that the Court should assess the Victim's conduct in deciding whether to afford him the rights prescribed by the CVRA. Indeed, focusing on the victim would perpetuate the very marginalization that the CVRA was enacted to prevent.

*Sixth*, Defendant attempts to rely on the public right of access (*see* Opposition at 7), but as Defendant's recitation of such rights makes clear, they are inapplicable because the Victim's identity has not been made part of these proceedings. *See* Motion at 8-9. Even if they were applicable (and they are not), the balance of interests here requires that Victim's identity be kept private at this stage of the proceedings. *Id.*

*Finally*, Defendant argues that somewhere and somehow, the Victim's identity already has been publicly disclosed. Opposition at 8. But the CVRA affords the Victim a right to privacy and to be treated with dignity in *these court proceedings*. 18 U.S.C. § 3771(b). There may be online speculation about the identity of the Victim. Regardless, revealing the Victim's identity in the judicial record, when such disclosure is totally unnecessary, would violate the letter and spirit of the Act.

For the foregoing reasons, the Victim respectfully requests that the Court grant the Motion and order that the Victim's identity not be publicly disclosed in these proceedings unless and until the trial of this matter commences.

Dated: April 1, 2015

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____
Douglas A. Axel
*Attorneys for Victim*

4

Motion For Order Protecting Privacy Of Victim Pursuant To Crime Victims' Rights Act, 18 U.S.C. § 3771

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013.

On April 1, 2015, I served the foregoing document(s) described as

➢ **VICTIM'S REPLY IN SUPPORT OF MOTION FOR ORDER PROTECTING PRIVACY PURSUANT TO CRIME VICTIM'S RIGHTS ACT, 18 U.S.C. § 3771**

on all interested parties in this action as follows (or as on the attached service list):

Seema Ahmad
Ashfaq G. Chowdhury
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012
213-894-4787
Fax: 213-894-0081
Email: Seema_Ahmad@fd.org

Kimberly Denise Jaimez
AUSA - Office of the US Attorney
General Crimes Section
312 North Spring Street 12th Floor
Los Angeles, CA 90012
213-894-3779
Fax: 213-894-0141
Email: kimberly.jaimez@usdoj.gov

1
PROOF OF SERVICE

☑ (VIA FACSIMILE) I served the foregoing document(s) by facsimile transmission by use of facsimile machine number (213) 896-6600 to each interested party at the facsimile machine telephone number shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

☑ (VIA FEDEX) I served the foregoing document(s) by FedEx for overnight delivery. I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope, with FedEx fees thereon fully prepaid, for collection and delivery at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and delivery of express carrier package for delivery with FedEx. Under that practice, the FedEx package(s) would be delivered to an authorized courier or dealer authorized by FedEx to receive document(s) on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 1, 2015, at Los Angeles, California.

NICOLE A. BIGLEY