STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (SBN 271235)
Assistant United States Attorneys
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779
     Facsimile: (213) 894-0142
     E-mail:    kimberly.jaimez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TEOFIL BRANK,<br>　aka "Jarec Wentworth,"<br><br>　　　　Defendant. | No. CR 15-00131-TJH<br><br>STIPULATION REGARDING DISCLOSURE OF PERSONAL IDENTIFICATION INFORMATION RELATED TO THE VICTIM |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kimberly D. Jaimez, and defendant TEOFIL BRANK ("defendant"), by and through his counsel of record, Seema Ahmad and Ron Chowdhury, hereby file this Stipulation Regarding Disclosure of Personal Identification Information related to the Victim in this case.

　　　1.　The evidence in this matter includes the personal identification information for the Victim, including but not limited

to, the Victim's name, addresses, date of birth and Social Security Number (collectively "personal information").

2. References to the Victim's personal information are found throughout the discovery in this case, which include, among other records, DMV records, phone records, employment records and records and personal information from defendant's, Victim's and third parties' cellular telephone numbers.

3. The parties stipulate, and request the Court to order, that all (i) court filings referencing the Victim in this matter shall redact the Victim's name and reference the Victim only as "D.B." or "Victim" and (ii) court filings specifically discussing the Victim's personal details (even without mentioning the Victim's name) shall be filed under seal.

4. The parties further stipulate and request the Court prohibit the parties from disclosing Victim's personal information to third parties (except in connection with the parties' investigation and preparation of the case for trial) including, but not limited to, disclosing Victim's personal information to the press or media outlets, directly or indirectly, for the purpose of harassing the Victim.

5. The parties further stipulate, and request the Court to order, that only defense counsel, defense counsel's legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer-associates) and defendant may review the unredacted personal information contained in the discovery in preparation for trial, and that defense counsel, defense counsel's legal staff and defendant may only use the unredacted personal

information or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

6. The parties further stipulate, and request the Court to order, that only defense counsel and defense counsel's legal staff may make copies of any discovery containing unredacted personal information, and may not release any such copies to any third party.

7. The parties further stipulate and request the Court to make its Order applicable to unredacted personal information contained in all of the discovery produced in this case, including any discovery produced after entry of its Order.

8. The parties further agree that within 90 days of the conclusion of this criminal matter, defense counsel will collect and destroy any and all copies of documents and portions thereof containing the personal information that defense counsel possesses and/or has made and distributed to his legal staff for the purpose of preparing or presenting a defense in this matter, except a copy set as necessary to maintain in defense counsel's case file. Litigation of this matter includes any appeal filed by the defendant, and any motion filed by the defendant pursuant to 28 U.S.C. § 2255. If defendant does not file a motion pursuant to 28 U.S.C. § 2255, and the deadline for filing such a motion has expired, the defense team shall certify that the discovery has been destroyed within 90 days of such expiration.

9. In the event that there is a substitution of counsel prior to when such documents must be destroyed, new counsel must join this protective order before any personal information may be transferred

1  from undersigned counsel to new counsel, who then will become the
2  custodian of all personal information and who shall then become
3  responsible for destroying all personal information in the discovery
4  upon the conclusion of appellate and post-conviction proceedings.
5       10.  By signing this stipulation, counsel for defendant
6  represents that they have discussed the contents of this stipulation
7  and proposed order with their client, that their client has no
8  objection to this stipulation and the relief requested in the
9  proposed order, and that their client agrees to abide by the terms of
10 the proposed order.
11 //
12 //
13 //

11. By signing this stipulation, the parties agree to be bound by the above terms, and those of the accompanying proposed order, before and after the Court executes and enters that order.

Dated: April 6, 2015					Respectfully submitted,

							STEPHANIE YONEKURA
							Acting United States Attorney

							ROBERT E. DUGDALE
							Assistant United States Attorney
							Chief, Criminal Division


							     /s/
							KIMBERLY D. JAIMEZ
							Assistant United States Attorneys

							Attorneys for Plaintiff
							UNITED STATES OF AMERICA


Dated: April 6, 2015					  email authorization 4/6/15
							SEEMA AHMAD
							RON CHOWDHURY
							Deputy Federal Public Defenders

							Attorneys for Defendant
							TEOFIL BRANK

5