1  STEPHANIE YONEKURA
   Acting United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   KIMBERLY D. JAIMEZ (SBN 271235)
4  Assistant United States Attorney
        1400 United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-3779
        Facsimile: (213) 894-0142
7       E-mail:    kimberly.jaimez@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-00131-JFW |
|---|---|
| Plaintiff, | ORDER REGARDING DISCLOSURE OF <u>PERSONAL IDENTIFICATION</u> <u>INFORMATION  RELATED TO THE VICTIM</u> |
| v. | |
| TEOFIL BRANK, aka "Jarec Wentworth," | |
| Defendant. | |

The Court has received and considered the jointly-filed Stipulation Regarding Disclosure of Personal Identifying Information between Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kimberly D. Jaimez, and defendant TEOFIL BRANK ("defendant"), by and through his counsel of record, Seema Ahmad and Ron Chowdhury (collectively, "the parties").

//

//

Good cause showing, IT IS HEREBY ORDERED THAT:

1.  The evidence in this matter includes personal identification information for the Victim, including but not limited to name, addresses, and date of birth and Social Security Number (collectively "personal information").

2.  This personal information is found throughout the discovery in this case, which includes, among other records, DMV records, phone records, employment records and records and personal information from defendant's, Victim's and third parties' cellular telephone numbers.

3.  All court filings referencing the Victim in this matter shall redact the Victim's full name entirely and replace references to the Victim with either Victim's initials "D.B." or "Victim."

4.  All court filings specifically discussing the Victim's personal details (even without mentioning the Victim's name) shall be filed under seal.

5.  Except in connection with the parties' investigation and preparation of the case for trial, the parties shall not disclose, directly or indirectly, Victim's personal information to any third parties, including, but not limited to, the press or media outlets.

6.  Only defense counsel, defense counsel's legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer-associates) and defendant may review the unredacted personal information contained in the discovery in preparation for trial and may only use the unredacted personal information or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

7. Only defense counsel and defense counsel's legal staff may make copies of any discovery containing unredacted personal information.

8. Within 90 days of the conclusion of this matter, defense counsel shall collect and destroy any and all copies of documents and portions thereof containing the personal information that defense counsel possesses and/or has made and distributed to their agents and/or defendant for the purpose of preparing or presenting a defense in this matter.  Defense counsel will certify in writing to counsel for the government that the documents have been destroyed, except a copy set as necessary to maintain in defense counsel's case file. Litigation of this matter includes any appeal filed by defendant, and any motion that may be filed by defendant pursuant to 28 U.S.C. § 2255.  If defendant does not file a motion pursuant to 28 U.S.C. § 2255, and the deadline for filing such a motion has expired, defense counsel shall certify that the discovery has been destroyed within 90 days of such expiration.

9. In the event that there is a substitution of counsel prior to when such documents must be destroyed, new counsel must join this protective order before any personal information may be transferred from undersigned counsel to new counsel, who then will become the custodian of all personal information and who shall then become responsible for destroying all material with personal information upon the conclusion of appellate and post-conviction proceedings.

//
//
//

3

10. This Order shall apply to unredacted personal information contained in all discovery produced in this case, including any discovery produced after entry of this Order.

IT IS SO ORDERED.

Dated: April 6, 2015

_____
THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE

Presented by:

    /s/
_____
Kimberly D. Jaimez
Assistant United States Attorney

4