HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
Seema Ahmad (Bar No. 270992)
(E-Mail: Seema_Ahmad@fd.org)
Ashfaq G. Chowdhury (Bar No. 243763)
(E-Mail:  Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TEOFIL BRANK, <br><br> Defendant. | Case No. CR 15-00131-JFW <br><br> **DEFENDANT'S NOTICE TO THE COURT REGARDING ISSUANCE OF RULE 17 SUBPOENAS** |

1

## I. BACKGROUND

The purpose of this notice is to inform the Court of errors in the issuance of two subpoenas by the defense to Starbucks and Ralphs that resulted in materials being improperly returned to the defense, and to request specific, corrective measures with regard to the materials obtained as a result of those subpoenas.

On March 4, 2015, Mr. Brank was arrested in a parking lot shared by a Starbucks and a Ralphs grocery store in El Segundo, California. On March 6, 2015, Mr. Brank made his initial appearance on a criminal complaint charging him with extortion involving interstate communications in violation of 18 U.S.C. § 875(d). Undersigned counsel was appointed by Magistrate Judge Wilner to represent Mr. Brank. Judge Wilner also set a preliminary hearing date of March 20, 2015 and a post-indictment arraignment ("PIA") date of March 26, 2015.

Typically, the United States Attorney's Office in the Central District indicts prior to a preliminary hearing date. In this case, defense counsel had reason to believe a preliminary hearing would go forward. Government counsel requested a preliminary hearing waiver from the defense on March 18, 2015 -- two days before the hearing date.[1] On the afternoon of March 20, 2015, AUSA Jaimez notified the defense that the preliminary hearing would not be going forward later that day (presumably because an indictment was returned earlier that day). In summary, it was not until a few hours before the scheduled time for the preliminary hearing on March 20, 2015 that the defense received notice that the hearing would be taken off calendar.

## II. ISSUANCE OF RULE 17 SUBPOENAS BY THE DEFENSE

In anticipation of the preliminary hearing date, the defense served subpoenas on Starbucks and Ralphs to obtain video surveillance of the parking lot where Mr. Brank's

---

[1] *See* Email sent to AUSA Kimberly Jaimez dated March 19, 2015, attached as Exhibit 1.

2

arrest took place. The defense acted expeditiously because video surveillance footage is frequently erased or recorded over within a short time span.

The subpoenas *duces tecum* issued to Starbucks and to Ralphs ordered the recipient to appear for testimony at 4:30 p.m. on March 20, 2015 (the preliminary hearing date) in the Criminal Duty Court (Courtroom 341) at 255 East Temple Street. The initial Starbucks subpoena also commanded the custodian to bring any audio or video surveillance from March 4, 2015.[2] The Ralphs subpoena was more specific and commanded the custodian to bring any audio or video surveillance on March 4, 2015 between 7:30 P.M. and 10:00 P.M. from all cameras directed at the parking lot of 500 N. Sepulvida Blvd., El Segundo, CA. 90245. Initially, because the subpoenas were issued with a return date tied to an evidentiary hearing, *i.e.* the preliminary hearing, they do not fall into the category of so called "early-return" subpoenas under Rule 17. "Early-return" subpoenas seek the return of documents at a time other than trial or an evidentiary hearing and require prior Court approval. Nonetheless, as the case evolved and grand jury indicted, the defense should have sought Court approval for the subpoenas.

### 1. **Starbucks subpoenas**

On March 17, 2015, an investigator employed by the Federal Public Defender Office ("FPDO") served the Starbucks subpoena at the store located in El Segundo in the parking lot of which agents arrested Mr. Brank.[3] At the store, a Starbucks manager informed the investigator that all subpoenas had to be processed through the Starbucks

---

[2] The subpoenas were deficient insofar as they were not addressed to the custodian of records, although the request for documents implied that they were directed to the custodians.

[3] *See* Starbucks subpoena, attached as Exhibit 2.

3

Global Security Operations Center ("GSOC").[4] The manager provided the investigator an 888 telephone number. On March 18, 2015, the investigator then called the 888 number and emailed the subpoena as instructed by GSOC.[5] Subsequent to serving the subpoena, the investigator ascertained that GSOC is located in Seattle, Washington. As such, the subpoena was served out-of-district without prior permission of the Court. On April 1, 2015, FPDO received a FedEx package from Starbucks. That package remains unopened and is currently being held in a locked drawer at the FPDO.

### 2.   Ralphs Subpoena

On March 19, 2015, the FPDO investigator properly served a subpoena on the corporate office of Ralphs grocery store located in Compton, California.[6] That day, undersigned defense counsel received an email from a Ralphs employee requesting additional time to respond to the subpoena. In the interest of cooperation, defense counsel advised that Ralphs could have an additional week to respond. In that intervening time period, the preliminary hearing was taken off-calendar and Mr. Brank was indicted. Defense counsel did not seek a Court order issuing an early return subpoena directed to Ralphs once the grand jury indicted Mr. Brank. The FPDO received a package from Ralphs on April 1, 2015. That packaged remains unopened and is currently being held in a locked drawer at the FPDO.

## III.   CONCLUSION

Defense counsel understands the defense's obligation under Fed. R. Crim. Proc. 17 to seek Court approval for the issuance of both early-return subpoenas and out-of-

---

[4] The investigator served a second, more specific subpoena on GSOC, identifying the particular store, date and time of the requested surveillance recordings.

[5] *See* Starbucks subpoena served on the Global Security Operations Center, attached as Exhibit 3.

[6] *See* Ralphs subpoena, attached as Exhibit 4.

district subpoenas. Failure to fully comply with Rule 17 and Local Criminal Rule 17-2 was inadvertent. The defense respectfully requests that the Court cure the deficiencies by taking custody of the materials received as a result of those subpoenas and determining if it would have issued the subpoenas had prior approval been sought. The defense submits that but for the procedural errors described above, the subpoenaed materials are relevant and admissible, and the subpoenas were specific. As such, the defense further requests that the Court allow the government and the defense to inspect and copy those materials.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: April 13, 2015    By  /s/ Seema Ahmad

SEEMA AHMAD
ASHFAQ G. CHOWDHURY
Deputy Federal Public Defenders
Attorneys for Defendant, TEOFIL BRANK