STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779
     Facsimile: (213) 894-0141
     E-mail:    kimberly.jaimez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 15-00131-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *IN CAMERA* DOCUMENT AND UNDER SEAL APPLICATIONS; EXHIBITS |
| v. | |
| TEOFIL BRANK, aka "Jarec Wentworth," | Location:   Courtroom of the Hon. John F. Walter |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central District
of California and Assistant United States Attorney Kimberly D.
Jaimez, hereby files its opposition to the Ex Parte Application to
File Under Seal and In Camera and Proposed Order (Dkt No. 52) ("in
camera request") filed by TEOFIL BRANK also known as "Jarec
Wentworth" ("defendant").  To the extent that defendant seeks to
obtain relief pursuant to Fed. R. Crim. P. 17 as discovery requests,
the government objects to such requests (including any requests for
subpoenas) as an improper use of Fed. R. Crim. P. 17 and asks the

1    Court to deny defendant's <u>in camera</u> request.  Alternatively, if the

2    Court grants the relief, and to the extent such relief involves

3    subpoenas seeking documents from a federal agency, local law

4    enforcement agency, or Victim, the government asks that the U.S.

5    Attorney's Office be allowed to consult with any such agency or

6    victim about compliance with the subpoena.

7         This opposition is based upon the attached memorandum of points

8    and authorities, the files and records in this case, and such further

9    evidence and argument as the Court may permit.

10

11   Dated: April 28, 2015              Respectfully submitted,

12                                      STEPHANIE YONEKURA
                                        Acting United States Attorney
13
                                        ROBERT E. DUGDALE
14                                      Assistant United States Attorney
                                        Chief, Criminal Division
15

16                                            /s/
                                        _____
17                                      KIMBERLY D. JAIMEZ
                                        Assistant United States Attorney
18
                                        Attorneys for Plaintiff
19                                      UNITED STATES OF AMERICA

20

21

22

23

24

25

26

27

28

                                       2

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

TABLE OF AUTHORITIES...................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.    INTRODUCTION.....................................................1

II.   STATEMENT OF FACTS...............................................3

III.  ARGUMENT.........................................................4

      A.    The Government Has Standing to Oppose Defendant's In
            Camera Request.............................................4

      B.    General Requirements for Fed. R. Crim. P. 17 Subpoenas....7

      C.    Fed. R. Crim. P. 17(c) Subpoenas Cannot Be Used To
            Seek Discovery.............................................8

      D.    No Exceptional Circumstances Justify Ex Parte
            Procedure In The Instant Matter...........................14

      E.    The Requested Subpoenas and Related Materials Should
            Be Unsealed and Disclosed to the Prosecution Team and
            Investigating Agents......................................15

IV.   CONCLUSION......................................................16

**TABLE OF AUTHORITIES**

<u>DESCRIPTION</u>                                                      <u>PAGE</u>

CASES

<u>Bowman Dairy Co. v. United States</u>,
      341 U.S. 214 (1951)...........................................8, 9

<u>Brady v. Maryland</u>,
      373 U.S. 83 (1963)..............................................9

<u>Giglio v. United States</u>,
      405 U.S. 150 (1972).........................................9, 13

<u>In re Grand Jury</u>,
      619 F.2d 1022 (3d Cir. 1980)....................................5

<u>United States v. Beckford</u>,
      964 F. Supp. 1010 (E.D. Va. 1997).........................14, 15

<u>United States v. Bran</u>,
      2013 WL 1193338 (E.D. Va. Mar. 22, 2013)......................14

<u>United States v. Cuthbertson</u>,
      651 F.2d 189 (3d Cir. 1981)....................................10

<u>United States v. Eden</u>,
      659 F.2d 1376 (9th Cir. 1981)...................................4

<u>United States v. Fields</u>,
      663 F.2d 880 (9th Cir. 1981)...................................10

<u>United States v. Henthorn</u>,
      931 F.2d 29 (9th Cir. 1991)....................................13

<u>United States v. Hughes</u>,
      895 F.2d 1135 (6th Cir. 1990)...............................5, 10

<u>United States v. Jenkins</u>,
      895 F. Supp. 1389 (D. Haw. 1995)............................5, 6

<u>United States v. MacKey</u>,
      647 F.2d 898 (9th Cir. 1981)....................................9

<u>United States v. Nixon</u>,
      418 U.S. 683 (1974)....................................7, 8, 9, 10

<u>United States v. Noriega</u>,
      764 F. Supp. 1480 (S.D. Fla. 1991)..............................7

<u>United States v. Orena</u>,
      883 F. Supp. 849 (E.D.N.Y. 1995)................................5

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                    PAGE

United States v. Raineri,
        670 F.2d 702 (7th Cir. 1982).....................................5

United States v. Reed,
        726 F.2d 570 (9th Cir. 1984).....................................9

United States v. Richardson,
        607 F.3d 357 (4th Cir. 2010).....................................9

United States v. Ruedlinger,
        172 F.R.D. 453 (D. Kan. 1997)....................................4

United States v. Savoca,
        2004 WL 1179312 (S.D.N.Y. Mar. 29, 2004).........................6

United States v. Segal,
        276 F. Supp. 2d 896 (N.D. Ill. 2003).............................5

United States v. Smith,
        245 F.R.D. 605 (N.D. Ohio 2007)..................................6

United States v. Vasquez,
        258 F.R.D. 68....................................................6

United States v. Whittig,
        250 F.R.D. 548 (D. Kan. 2008)....................................6

STATUTES

18 U.S.C. § 1708.........................................................2

28 U.S.C. § 516..........................................................4

RULES

Fed. R. Crim P. 17(h)...................................................11

Fed. R. Crim. P. 1(b)(1)(B)..............................................4

Fed. R. Crim. P. Rule 16.................................................1

Fed. R. Crim. P. Rule 17(c)..........................1, 8, 9, 10, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Defendant, who has been charged in a single-count indictment with sending threatening communications with an intent to extort in violation of 18 U.S.C. § 875(d), has filed an _in camera_ request seemingly to embark on impermissible discovery and pretrial investigation in violation of the Federal Rules of Criminal Procedures.  Courts faced with similar requests by defendants have held that such improper fishing expeditions should be denied.  The Court should deny the defendant's requested relief here for two reasons.

_First_, based on the U.S. Attorney's Office's recent experience in similar matters filed by the Office of the Federal Public Defender, the _in camera_ request is a disguised discovery device which seeks to misuse Fed. R. Crim. P. 17(c).  This device would allow defendant to circumvent the rules of discovery outlined in Fed. R. Crim. P. 16 and potentially obtain materials that may otherwise be protected from disclosure.  Unlike Rule 16 addressing pretrial discovery, Rule 17(c) is meant to expedite the trial (by providing a time and place before trial for the inspection by _both parties_ of evidence to be _admitted_ at trial).  In order to justify such subpoenas, defendant must show that the items are not available from any other source (_i.e._, not available via discovery requests to the government).  To date, the government has responded to defendant's specific discovery requests for files even outside the custody and control of the government.  Indeed, the government has produced files from the Victim's private investigator firm to the extent non-privileged.  Based on this fact alone, clearly the _in camera_ request

is not for the purpose of expediting trial or for seeking evidence unobtainable from other sources.  Rather, the in camera request can only equate to a fishing expedition, which violates the Federal Rules of Criminal Procedure.

Second, the request should be denied because it is an improper use of ex parte procedure.  Case law approves ex parte relief only upon a showing of "exceptional circumstances."  There are no exceptional circumstances here because protection of trial strategy does not qualify as an "exceptional" circumstance.  The defendant has a heavy burden to meet when justifying ex parte relief — the facts of this case do not support such a finding here.  For each of these reasons defendant's in camera request should be denied.

If the Court grants defendant relief pursuant to Fed. R. Crim. P. 17, then the Court should permit the government to inspect the subpoenas (if not the items produced in response to any subpoena) as contemplated by the text of Rule 17.  See Fed. R. Crim. P. 17 ("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them").

Alternatively, if the matter is permitted to remain under seal and in camera, then the government requests that an Assistant United States Attorney, who is not affiliated with the prosecution of this matter — and who would remained walled off from the trial team — be allowed to participate in litigation of the in camera request.

## II.   STATEMENT OF FACTS

The defendant is charged with sending threatening interstate communications with an intent to extort in violation of 18 U.S.C. § 875(d).

The facts are relatively undisputed.  FBI agents arrested defendant for extortion on March 4, 2015, at 8:40 p.m., in the parking lot of an El Segundo Starbucks coffee shop.  On or about March 3, 2015, the day before defendant's arrest, the victim of the extortion scheme ("Victim") met with the FBI to report defendant's previous and continued extortion attempts threatening Victim's reputation via cellular telephone.  The Victim also explained to the FBI that, as a result of the extortion, the Victim had already wired the defendant $500,000 and had given defendant possession of the Victim's Audi r8.  During this meeting, defendant sent the Victim additional extorting text messages from phone number 916-420-7906, demanding more money and a condominium, and then ultimately $1,000,000 in cash.  Agents reviewed those text messages and directed the Victim to arrange a meeting between defendant and an undercover agent, who would pose as the Victim's associate, to deliver the demanded $1,000,000.  The meeting occurred on March 4, 2015, at the Starbucks coffee shop where defendant attempted to pick up the title to the Victim's Audi r8 and the $1,000,000 in cash.  Defendant was arrested at that March 4, 2015 meeting.

The Indictment in this case was filed on March 20, 2015.  The trial is currently scheduled for May 12, 2015.  Pending trial, the government has produced over 1,250 pages of written discovery including reports, defendant's statements and photographs in response to the defendant's discovery requests.  The government also has

1  turned over cell phone search warrant results, several audio and

2  video recordings as well as transcripts.

3      On April 24, 2015, defendant filed the <u>in camera</u> request.

4  **III. ARGUMENT**

5      **A. The Government Has Standing to Oppose Defendant's <u>In Camera</u>**
   **Request**

6

7      As noted above, defendant filed his request under seal and <u>in</u>

8  <u>camera</u>, and thus, the government does not have any specifics

9  regarding the request (beyond the fact it likely relates to defense

10 investigation and may involve a request for a Fed. R. Crim. P. 17

11 subpoena).  While the government does not know the identity of the

12 entity (or entities) to which such subpoenas may be directed, to the

13 extent any subpoena is directed to a federal agency, the government

14 has standing to oppose the issuance of the subpoena.  The United

15 States Attorney is the authorized representative of the United States

16 and has authority to quash or oppose improper subpoenas issued to

17 employees of the United States.  <u>See</u> 28 U.S.C. § 516 ("[T]he conduct

18 of litigation in which the United States, an agency, or officer

19 thereof is a party, or is interested . . . is reserved to officers of

20 the Department of Justice, under the direction of the Attorney

21 General."); Fed. R. Crim. P. 1(b)(1)(B) ("'Attorney for the

22 government' means . . . a United States attorney or an authorized

23 assistant.").  When a federal government employee, such as the

24 General Counsel for a government agency, is subpoenaed, the U.S.

25 Attorney's Office is the appropriate entity to appear on behalf of

26 the agency in court.  The role of the U.S. Attorney's Office in this

27 regard has been recognized by the courts.  <u>See, e.g.</u>, <u>United States</u>

28 <u>v. Eden</u>, 659 F.2d 1376, 1381 (9th Cir. 1981) (allowing the

4

government, i.e., the U.S. Attorney's Office, to move to quash a
defense subpoena served on the Department of Education); United
States v. Ruedlinger, 172 F.R.D. 453, 455, 457 (D. Kan. 1997)
(allowing the government, i.e., the U.S. Attorney's Office, to move
to quash defense subpoenas served on Internal Revenue Service and
Federal Bureau of Investigation employees).

Similarly, to the extent the in camera request seeks to subpoena
a local law enforcement agency, the United States Attorney has
standing to oppose such subpoena. A party to a criminal case "has
standing to move to quash a subpoena addressed to another if the
subpoena infringes upon the movant's legitimate interests." United
States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982) (citing In re
Grand Jury, 619 F.2d 1022, 1027 (3d Cir. 1980)). Federal courts have
recognized the government's legitimate interest in quashing a
defendant's subpoena based upon preventing an undue lengthening of
the trial, undue harassment of a witness, and prejudicial over-
emphasis on a witness's credibility. See, e.g., id.; United States
v. Segal, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003); United States v.
Orena, 883 F. Supp. 849, 869 (E.D.N.Y. 1995); United States v.
Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995).

Here, the government has standing based on its interest in
preventing undue harassment of the law enforcement agency responsible
for the investigating this case as well as the government's interest
in the proper and efficient resolution of defendant's trial in this
matter. See, e.g., United States v. Hughes, 895 F.2d 1135, 1145-46
(6th Cir. 1990) (district court properly granted government's motion
to strike Fed. R. Crim. P. 17(c) subpoena to third party for
pharmaceutical invoices "on the grounds that the requested documents

were not relevant or admissible at trial, that the defendant was engaging in a 'fishing expedition,' and that the subpoena was oppressive and unreasonable"); <u>United States v. Vasquez</u>, 258 F.R.D. 68, 71-72 (E.D.N.Y. 2009) (finding that the government had standing to challenge the defendant's subpoena to county police department based in part on the fact that the government had a legitimate interest in preventing the defendant from using a subpoena to obtain discovery materials that would otherwise be protected from disclosure); <u>United States v. Smith</u>, 245 F.R.D. 605, 611 (N.D. Ohio 2007) (finding that the government had standing to challenge the defendant's subpoena to a Catholic Diocese for records of a Diocese Bishop where the Bishop was a government witness); <u>cf.</u> <u>United States v. Savoca</u>, 2004 WL 1179312, at *2 (S.D.N.Y. Mar. 29, 2004) (where "a joint investigation has existed, and continues to exist, between the federal and local law enforcement authorities . . . the Government would have standing to make [a] motion to quash the Defendant's subpoena").

The government anticipates that it also has standing to challenge additional subpoenas (still unknown to the government) related to the Victim in this case on similar grounds. <u>See, e.g.</u>, <u>Jenkins</u>, 895 F. Supp. at 1391, 1393 (government had standing to move to quash subpoena for medical records of alleged rape victim based on government's interest in protecting victim against harassment).

Furthermore, standing is really a "non-issue" because the Court has a separate and independent "'interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties.'" <u>United States v. Whittig</u>, 250 F.R.D. 548, 551 (D. Kan. 2008) (citations omitted). "The Court must

ensure that Rule 17(c) does not become a means of conducting general discovery, which is not permitted in criminal cases."  Id.

### B. General Requirements for Fed. R. Crim. P. 17 Subpoenas

Fed. R. Crim. P. 17 provides for the issuance of subpoenas to compel the testimony of witnesses at criminal proceedings and the production of evidentiary documents.  Fed. R. Crim. P. 17.  However, a subpoena duces tecum issued under Fed. R. Crim. P. 17 has a limited purpose:  to procure evidence that will be introduced at the attendant proceeding, usually trial.  United States v. Nixon, 418 U.S. 683, 698-99 (1974).

In Nixon, the Supreme Court held that the proponent of the subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."  Id. at 700.  As courts have noted, the failure to show relevance, admissibility, and specificity indicates the requested Rule 17 subpoena is an impermissible fishing expedition.  See, e.g., United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.")

Nixon further provides that, even upon a showing that the subpoena seeks relevant, admissible, and specific evidence, if the subpoenaing party requests pre-trial production, a court must also consider whether the materials are "(2) . . . not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay

the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" <u>Nixon</u>, 418 U.S. at 699-700.

It is clear that Fed. R. Crim. P. 17(c) requires a showing of relevancy, admissibility, and specificity to support a subpoena for documents. Fed. R. Crim. P. 17(c)(2) allows the Court to consider a motion to quash if the subpoena is unreasonable or oppressive. Upon the filing of a motion to quash, it is the defendant's burden to show the requested documents are relevant, admissible, and the request is sufficiently specific. <u>Nixon</u>, 418 U.S. at 700. As discussed more fully below, defendant cannot meet his burden if the subpoena is for a purpose beyond the scope of Rule 17, such as to gather "discovery" information. If the subpoena is nothing more than a "fishing expedition" and the documents are available from another source (<u>i.e.</u>, discovery from the government) it is unreasonable and oppressive and should not be issued.

**C.     Fed. R. Crim. P. 17(c) Subpoenas Cannot Be Used To Seek Discovery**

Courts have long held that, given the detailed rules set forth in Fed. R. Crim. P. 16 regarding the government's disclosure obligations before and during trial, a defendant may not circumvent Rule 16 by seeking broader discovery through the use of Rule 17(c) subpoenas to government agencies. As the Supreme Court long ago made clear in <u>Bowman Dairy Co. v. United States</u>, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. . . . Rule 17(c) was not intended to provide an additional means of discovery." <u>Bowman Dairy Co. v. United States</u>, 341 U.S. 214, 220 (1951). As a result,

8

1    Rule 17(c) subpoenas in general are not proper if "intended as a
2    general 'fishing expedition.'"   Nixon, 418 U.S. at 700.   "[Rule 17's]
3    chief innovation was to expedite the trial by providing a time and
4    place before trial for the inspection of the subpoenaed materials."
5    Bowman Dairy, 341 U.S. at 220.   Hence, any attempt to justify the
6    subpoena as a method in order to obtain documents and objects
7    "material to preparing the defense" pursuant to Rule 16(a)(1)(E)(i),
8    is to no avail.

9        The Ninth Circuit in United States v. Reed, 726 F.2d 570, 577
10   (9th Cir. 1984), determined the district court properly quashed a
11   Rule 17 subpoena where the defendant had sought entire arson
12   investigation files, not specific documents.   The Reed court stated,
13   "Rule 17(c) was not intended as a discovery device, or to 'allow a
14   blind fishing expedition seeking unknown evidence.'")(quoting United
15   States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)).   The Reed court
16   also commented that the defendant did not establish relevance or
17   admissibility of the subpoenaed files.   The instant subpoena, like
18   the one in Reed, may seek a large swath of documents (such as an
19   employee's personnel file), not specific records.   If the subpoena
20   does seek a large variety of documents, it is unclear how such an
21   array of documents would be admissible.   See id.; see also United
22   States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010) ("[T]he
23   subpoena duces tecum is not intended to provide a means of pretrial
24   discovery . . . .").

25       The Ninth Circuit does not stand alone in quashing Fed. R. Crim.
26   P. 17 subpoenas in those instances where a subpoena goes beyond those
27   limited Nixon circumstances.   Subpoenas seeking pre-trial discovery
28   such as material otherwise governed by the Jencks Act, Brady v.

*Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), are routinely quashed.  *See, e.g.*, *Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) (where defendant's purpose for seeking Rule 17(c) subpoena was to obtain impeachment material, subpoena was improper); *United States v. Hughes*, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (finding a Rule 17(c) subpoena to a third party for impeachment material improper); *United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (Rule 17(c) subpoenas not available to obtain exculpatory (*Brady*) material in possession of prosecution or hearsay evidence that could only be used for impeachment); *see also* Fed. R. Crim P. 17(h) (precluding from production via Rule 17 subpoena a witness's prior statements, which are governed by Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500).

Defendant has the burden to establish admissibility of the materials, the relevance of the materials sought by the subpoena, and that the subpoena request is a specific one.  *Nixon*, 418 U.S. at 700. Failure to establish any one of the elements specifically makes quashing the subpoena appropriate.  Information in the possession, custody and control of the government that falls under its *Brady* or *Giglio* disclosure obligations is not the type of material a Rule 17(c) subpoena was designed to reach.  *See Cuthbertson*, 651 F.2d at 195.

Finally, if the information sought is actually an attempt to gain "discovery" that could potentially be disclosed in the discovery process, defendant has not shown the information is not otherwise

1    reasonably procurable in advance of trial, one of the Nixon
2    components.   Nixon, 418 U.S. at 699.   In United States v. Beckford,
3    964 F. Supp. 1010 (E.D. Va. 1997), the district court issued 12
4    subpoenas ex parte and under seal.   The government challenged seven
5    of the subpoenas because, the government argued, they sought pre-
6    trial discovery.   The court acknowledged that "[t]he Government
7    correctly notes that a Rule 17(c) subpoena duces tecum is improper
8    where it calls for the production of Brady, Jencks, or Giglio
9    material."   Id. at 1031.   As the Beckford court noted, materials
10   subject to disclosure in discovery would not be materials the Nixon
11   court described as "not otherwise procurable reasonably in advance of
12   trial."   Id. at 1032.

13       In a recent case in this district, United States v. Norris, CR
14   12-450-JFW, involving a defendant's attempt to improperly use Fed. R.
15   Crim. P. 17 as a discovery tool, this Court, the Honorable John F.
16   Walter, United States District Judge, issued an order denying an ex
17   parte application requesting the issuance of the improper subpoenas.
18   See Exhibit 1.   In that case, defendant sought "entire categories of
19   documents instead of specific documents" and made no showing of the
20   relevancy of the requested documents.   See Exhibit 1 at 2.   Such
21   requests constituted discovery requests, and were not appropriate
22   under Fed. R. Crim. P. 17.   As such, that defendant's application for
23   the issuance of subpoenas was denied.

24       Similarly, in United States v. Murillo, CR 05-1111(A)-RGK, the
25   Honorable R. Gary Klausner, United States District Judge, granted the
26   government's motion to quash subpoenas issued to a wide range of
27   institutions seeking materials related to a confidential informant
28   and a government witness.   The court explained that "[a] criminal

11

defendant cannot use subpoenas to circumvent the discovery limitations of Rule 16" and that revealing certain information sought, such as personal information and locations of government witnesses, could expose those witnesses to danger.  See Exhibit 2 at 1. The Court further noted that if the defendant had issues with government's production of discovery, the proper channel for addressing such matters would be a discovery motion.  Id.

In another recent case in this district, United States v. Roach, et al., CR 12-165-PSG, also involving a defendant's attempt to improperly use Fed. R. Crim. P. 17 subpoenas, the Honorable Philip S. Gutierrez, United States District Judge, granted the United States' motion to quash the subpoenas as an improper use of Fed. R. Crim. P. 17.  See Exhibits 3 & 4.  In that case, as here, the defendant filed his subpoena requests under seal and in camera.  Without knowing the identities of the entities to be served with subpoenas or the nature of the documents sought by the subpoenas, the government moved to quash the subpoenas to the extent they were improper under Fed. R. Crim. P. 17, see Exhibit 4, and the district court granted the government's motion, see Exhibit 3.

Additional orders quashing improper and overly broad defense subpoenas have been filed under seal.  See, e.g., United States v. Sasenick, et al., CR 11-442-PA, Dkt Nos. 311, 313 (granting government's motion to quash subpoenas issued to a third party and challenged by the government as an impermissible fishing expedition), see Exhibit 5; United States v. Krug, CR 09-1148-GHK, Dkt No. 139 (granting, under seal, government's motion to quash subpoenas challenged by the government as requesting documents outside the scope of Fed. R. Crim. P. 17(c)); United States v. Beard, CR 11-769-

12

1    JHN, Dkt No. 55 (granting government's motion to quash subpoenas

2    issued by defendant to government agents challenged by the government

3    as impermissible discovery devices) see Exhibit 6.

4         In the instant case, defendant's in camera request potentially

5    implicates pre-trial discovery materials, including Brady/Giglio

6    requests.  To date, the defendant has not raised any discovery issues

7    with the government directly or before this Court.  To the extent the

8    defendant believes that there are discovery concerns, this Court's

9    procedures direct the parties to meet and confer about such issues,

10   or if necessary, file discovery motions.  Clearly, there is a process

11   in place for defendant to obtain discovery.  If the in camera request

12   is for a law enforcement officer or government employee witness and

13   the subject of the subpoena is going to be called as a government

14   witness at trial, a subpoena is unnecessary as government trial

15   counsel will request a review of such records as part of the

16   government's obligations under Giglio v. United States, 405 U.S. 150

17   (1972), and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

18   If defendant's in camera request is an attempt to obtain otherwise

19   discoverable materials, then the request should be denied.

20        Here, the in camera request appears to be a discovery device

21   meant to facilitate pretrial investigation.  The government has

22   produced substantial discovery and has even obtained discovery from

23   third parites (i.e., the Victim's private investigators) at the

24   defendant's request.  To the extent the defendant has additional

25   specific discovery requests, such requests should be forwarded to the

26   government.  Litigation about such discovery requests, if necessary,

27   should therafter proceed on a discovery motion.

28

                                   13

**D. No Exceptional Circumstances Justify Ex Parte Procedure In The Instant Matter**

Ex parte procedure with respect to the issuance of pre-trial subpoenas is authorized only in "exceptional circumstances." United States v. Beckford, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); see also United States v. Bran, 2013 WL 1193338, at *2 (E.D. Va. Mar. 22, 2013). "[A] party seeking to proceed ex parte will have to meet a heavy burden to proceed in that fashion." Beckford, 964 F. Supp. at 1030. "Ordinarily, ex parte procedure will be unnecessary and thus inappropriate." Id.

As the district court explained in Beckford, ex parte process might be proper, for example, "where a defendant seeks from medical providers records of his own mental or physical health," or "where state law enforcement agencies or courts have concluded investigations or proceedings and are not involved in the federal prosecution . . . [and] where the requested records are obviously linked to a specific defense theory." Id. (emphasis added). An ex parte, under seal subpoena with no notice to the government is plainly inappropriate, however, where a subpoena "seek[s] documents from state law enforcement agencies officially involved in the federal investigation of the crimes on trial." Id.

In this case, defendant has — ex parte, under seal, and with no notice to the government — sought permission to conduct clandestine investigation of undisclosed entities (which presumably includes additional investigation of the FBI case agents and/or the Victim). In doing so, defendant has effectively prevented the government from challenging these subpoenas in a precise and helpful manner before the Court. To the extent defendant contends that disclosing his

14

1   applications for subpoenas would unfairly reveal his trial strategy,

2   the government requests that only the subpoenas themselves be

3   disclosed to allow argument and proper resolution of this matter.

4   Cf. id. ("In most instances, it will not be necessary to disclose

5   trial strategy, divulge witnesses or work product, or implicate a

6   privacy right merely to make the application for issuance of a pre-

7   trial subpoena duces tecum.  And, a party seeking to proceed ex parte

8   will have to meet a heavy burden to proceed in that fashion.").

9          **E. The Requested Subpoenas and Related Materials Should Be
              Unsealed and Disclosed to the Prosecution Team and**

10             **Investigating Agents**

11         The government respectfully requests that this Court unseal the

12  in camera request so that the assigned trial attorneys and

13  investigating agents are able to participate in any further

14  proceedings relating to the request. Because Fed. R. Crim. P. 17(c)

15  makes no provision for allowing only one party to access documents

16  produced in response to a subpoena, both parties should have access

17  to the subpoenas (if not the items produced themselves).  Jenkins,

18  895 F.Supp. at 1395 (holding that the Court erred in failing to

19  permit the government to examine the documents produced in response

20  to the subpoenas ahead of trial).  Indeed, the text of Fed. R. Crim.

21  Proc. Rule 17(c) states that documents should be "inspected by the

22  parties and their attorneys." Id. (emphasis added). As such, the

23  government requests disclosure of the in camera request and any

24  subpoenas approved by the Court.

25         In the alternative, if the matter is permitted to remain under

26  seal and in camera, then the government requests that Assistant

27  United States Attorney Stephen Goorvitch, who is not affiliated with

28  the prosecution of this matter — and who would remained walled off

                                       15

2:15-cr-00131-JFW

from the trial team — be allowed to participate in litigation of this matter and be served with any reply filed to the government's opposition to defendant's <u>in camera</u> and under seal request for Rule 17 subpoenas.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's <u>in camera</u> request, or in the alternative, disclose the <u>in camera</u> request to the government.