# EXHIBIT 1

17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES -- GENERAL

Case No.  **CR 12-450-JFW**                                Dated: September 20, 2012

==========================================================================
PRESENT:  HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    Shannon Reilly                                                                           Fred W. Slaughter
    Courtroom Deputy                                                                     Asst. U.S. Attorney
                                                                                                            Not Present

==========================================================================
U.S.A. vs (Dfts listed below)                                        Attorneys for Defendants

1)   Keno Monteze Norris                                      1)   Sonja B. Augustine
     Not Present                                                          Not Present

PROCEEDINGS (In Chambers):          **ORDER DENYING EX PARTE APPLICATION FOR
                                                              ORDER REGARDING SUBPOENAS**

    On September 18, 2012, Defendant Keno Monteze Norris filed an Ex Parte Application for Issuance of Subpoenas ("Ex Parte Application") requesting the issuance of several subpoenas duces tecum. Rule 17(c) provides in pertinent part:

> The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

Fed. R. Civ. P. 17(c). Rule 17(c) is commonly used by Defendants to seek discovery from non-parties.

    To obtain advance inspection of subpoenaed materials, the burden is on the moving party to show good cause for production prior to trial. Wright, Federal Practice and Procedure: Criminal 2d § 274 at 155. The material sought must be "evidentiary" as defined in the well-established test posited in United States v. Nixon, 418 U.S. 683, 699-700 (1974).

> Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'



Initials of Deputy Clerk  sr

Id. at 699-700 (citing United States v. Iozia, 12 F.R.D. 335, 338 (S.D.N.Y. 1952). Although Defendant alleges that the information sought is relevant and material, these conclusory statements without any factual support clearly fail to meet this test. Rather than specifically targeting evidentiary and relevant material, the proposed subpoenas appear to be an attempt to obtain discovery.

A subpoena duces tecum under Rule 17(c) "was not intended to provide a means of discovery for criminal cases . . . but to expedite the trial by providing a time and place before trial for inspection of subpoenaed materials. Id. at 698-699. In other words, Rule 17(c) is not a discovery tool but offers compulsory process for securing specific, identifiable evidence for trial. See United States v. Cherry, 876 F.Supp. 547, 552 (S.D.N.Y. 1995) ("Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16."). The Supreme Court in Nixon summarized the moving party's burden as clearing the three hurdles of relevancy, admissibility, and specificity. Id. at 700; see United States v. Noriega, 764 F.Supp. 1480, 1493 (S.D.Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused").

It is not enough to have some potential for relevance and evidentiary use. United States v. Burger, 773 F.Supp. 1419, 1425 (D. Kan. 1991). There must be a "sufficient likelihood" that the requested information is "relevant to the offenses charged in the indictment," and a "sufficient preliminary showing that . . . [the requested material] contains evidence admissible with respect to the offenses charged." Nixon, 418 U.S. at 700. Conclusory allegations of relevance and admissibility are insufficient. Burger, 773 F.Supp. at 1425; see United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981), cert. denied, denied, 455 U.S. 949 (1982). Specificity ensures that the subpoena is not being used as a license for what the Supreme Court in Bowman Dairy Co v. United States, 341 U.S. 214, 221 (1951) decried as a "fishing expedition to see what may turn up." It also provides the subpoenaed party or other party having standing with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility. See Black v. Sheraton Corp. of America, 564 F.2d 531, 545 (D.C. Cir. 1977).

Here, the subpoenas request entire categories of documents instead of specific documents. This indicates a fishing expedition. United States v. Reed, 726 F.2d 570, 577 (9th Cir.), cert. denied, denied, 469 U.S. 871 (1984). In addition, since defendant has already entered a plea of guilty, the defendant apparently wants to review these documents "so that a determination may be made as to their value as mitigation for sentencing". However, there is simply no showing by the defendant that any of the requested information is relevant to the sentencing of the defendant.

Accordingly, Ex Parte Application is **denied** without prejudice.

IT IS SO ORDERED.

19

Initials of Deputy Clerk __sr__