# EXHIBIT 2

20

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. CR 05-1111(A)-RGK | | Date February 8, 2007 |

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

Interpreter  None

| Sharon L. Williams | Not Reported | Matthew Umhofer, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JOSE MURILLO | N | X | | Mark Windsor | N | X | |

Proceedings:  **(IN CHAMBERS) GOVERNMENT'S MOTION TO QUASH DEFENDANT'S SUBPOENAS TO FEDERAL AND STATE CORRECTIONAL FACILITIES**

The government moves the Court to quash subpoenas issued by the Court on behalf of Defendant Jose Murillo.

Defendant's subpoenas seek recorded telephone calls, disciplinary reports, housing records, grievances, confidential files, and all records related to protective custody for CW1 and J.W. Similar requests have been made regarding CW4, including visitor logs for that witness. The subpoenas have been served on a host of institutions: the United States Penitentiaries at Lompoc, Atwater, Big Sandy, and Victorville; the Federal Correctional Institutions at Terminal Island and Sheridan, Oregon; and local institutions including San Bernardino County Central Detention Facility, the California state prisons, the Los Angeles County Jail, and the Alhambra City Jail.

Subpoenas issued under Federal Rules of Criminal Procedure ("Rule") 17(c) should not be employed as a discovery device. *United States v. Nixon*, 418 U.S. 683, 698-99 (1984). A criminal defendant cannot use subpoenas to circumvent the discovery limitations of Rule 16. However, it appears that Defendant's subpoenas seek to do precisely this. The subpoenas relate only to government witnesses for whom the government has clear discovery obligations. At this time, the Court has no reason to assume that the government is not meeting its discovery obligations under Rule 16. If, however, the government is not complying with its discovery obligations, the proper channel for Defendants is to bring a discovery motion.

Compelling safety and privacy issues are at stake. There is no question that incarcerated witnesses face grave danger in prison. Numerous federal courts have recognized the dangers posed to inmates branded "snitch." *See Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Revealing the locations of government witnesses and their personal information requested by Defendant would expose those inmates to danger.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

Finally, Defendants subpoenas are extremely broad. Subpoenas may not be used by a defendant in a "fishing expedition." *Nixon*, 418 U.S. at 698-99. The party issuing the subpoena must be able to establish that (1) the documents sought are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." *Nixon*, 418 U.S. at 700.

Defendant has not made the requisite showing. Absent a showing that the subpoenas are necessary above and beyond the channels of discovery under Rule 16, the Court finds that the subpoenas are improper.

Accordingly, the government's motion to quash is hereby **granted**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk   slw