# EXHIBIT 4

25

1  ANDRE BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   BAYRON T. GILCHRIST (Cal. State Bar # 212393)
4  Assistant United States Attorney
   Environmental Crimes Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:    (213) 894-3152
7       Facsimile:    (213) 894-0141
        Email:        Bayron.T.Gilchrist@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11                    UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  UNITED STATES OF AMERICA,        )    CR No. 12-165-PSG
                                     )
15                  Plaintiff,       )    GOVERNMENT'S MOTION TO QUASH
                                     )    SUBPOENAS; EXHIBITS
16            v.                     )
                                     )
17  TIMOTHY ROACH, and              )    Trial Date: February 12, 2013
    ROBERT ROACH,                   )    Time: 8:30 a.m.
18                                   )
                  Defendants.        )
19                                   )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22  _____)

23      Plaintiff United States of America, by and through its

24  attorney of record, the United States Attorney for the Central

25  District of California, hereby files a motion to quash a

26  subpoena, or multiple subpoenas, issued by defendant Timothy

27  Roach, to the degree that defendant impermissibly seeks to use

28  subpoenas under Federal Rule of Criminal Procedure 17 as

26

EXHIBIT 4

1   discovery requests.  This motion is based upon the attached

2   memorandum of points and authorities, the attached exhibits, the

3   files and records of this case, and any evidence or argument that

4   may be presented at any hearing on this matter.

5

6   Dated: November 7, 2012            Respectfully submitted,

7                                      ANDRÉ BIROTTE JR.
                                       United States Attorney
8
                                       ROBERT E. DUGDALE
9                                      Assistant United States Attorney
                                       Chief, Criminal Division
10
                                           _____/s/_____
11                                     BAYRON T. GILCHRIST
                                       Assistant United States Attorney
12                                     Environmental Crimes Section

13                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

1            MEMORANDUM OF POINTS AND AUTHORITIES

2    I.    INTRODUCTION

3         The Indictment in this case charges Timothy Roach and Robert

4    Roach with storing, and causing the illegal storage of, hazardous

5    waste without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A)

6    and 18 U.S.C. § 2(b).  Trial is set for February 12, 2013.  To

7    date the government has produced extensive discovery to the

8    defense, including five CDs containing approximately 16,935

9    bates-labeled documents, approximately 2222 pages of bates-

10   labeled paper documents, and approximately eight additional CDs

11   containing more discovery.[1]

12        Despite the discovery already produced, on November 6, 2012,

13   defendant Timothy Roach made an under seal and in-camera filing

14   pursuant to Federal Rule of Procedure 17, which governs the

15   issuance of pretrial subpoenas for documents.  The government was

16   neither served with a copy of the filing, nor does it know what

17   the subpoenas request.  The government believes, however, that

18   defendant Timothy Roach may be impermissibly using the Rule 17

19   subpoena power to conduct discovery.  Such subpoenas are improper

20   because they are being used as a discovery device rather than to

21   secure evidence to admit at trial.  Accordingly, the government

22   moves to quash any and all subpoenas requested by Timothy Roach,

23   to the degree that they seek discovery that is not obtainable

24   through Rule 17.

25   ──────────────

26        [1]  The defense has not filed a discovery motion alleging
     that the government has failed to comply with its discovery
27   obligations under Rule 16, or failed to comply with its
     obligations under Brady or Giglio.  Nor has defense counsel
28   notified the government of any perceived failure to comply with
     these obligations.  The government believes it has complied with
     its obligations, and will continue to do so.

28

1    II.   <u>ARGUMENT</u>

2      A.   <u>Defendant's Subpoenas Should Be Quashed</u>

3      Federal Rule of Criminal Procedure 17 provides for the

4 issuance of subpoenas to compel the testimony of witnesses at

5 criminal proceedings and the production of evidentiary documents.

6 Fed. R. Crim. P. 17.   However, a subpoena duces tecum issued

7 under Rule 17 has a limited purpose:   to procure evidence that

8 will be introduced at the attendant proceeding, usually trial.

9 <u>United States v. Nixon</u>, 418 U.S. 683, 698-99 (1974).   The

10 material sought must be "evidentiary" as defined in the well-

11 established test put forth in <u>Nixon</u>, 418 U.S. at 699-700:

12       Under this test, in order to require production prior
        to trial, the moving party must show: (1) that the
13       documents are evidentiary and relevant; (2) that they
        are not otherwise procurable reasonably in advance of
14       trial by exercise of due diligence; (3) that the
        party cannot properly prepare for trial without such
15       production and inspection in advance of trial and
        that the failure to obtain such inspection may tend
16       unreasonably to delay the trial; and (4) that the
        application is made in good faith and is not intended
17       as a general 'fishing expedition.'

18 <u>Nixon</u>, 418 U.S. at 699-700.

19      It is not enough for a defendant to merely "allege[] that

20 the information sought is relevant and material," rather a

21 defendant must provide "factual support" for such claims in order

22 to meet this test.   <u>See</u> Exhibit 1 at 2 (Order by the Honorable

23 John F. Walter, United States District Court Judge in the Central

24 District of California, denying an ex parte application for an

25 order regarding subpoenas, in <u>United States v. Norris</u> CR No. 12-

26 450-JFW).   If a subpoena fails to "specifically target[]

27 evidentiary and relevant material," then the subpoena is more

28 aptly seen as an inappropriate attempt to obtain discovery.   <u>Id.</u>

1    A document subpoena under Rule 17(c) "was not intended to

2    provide a means of discovery for criminal cases . . . but to

3    expedite the trial by providing a time and place before trial for

4    inspection of subpoenaed materials." Nixon, 418 U.S. at 698-699.

5    In short, "Rule 17(c) is not a discovery tool but offers

6    compulsory process for securing specific identifiable evidence

7    for trial." Exhibit 1 at 2 (citing to (United States v. Cherry,

8    876 F. Supp. 547, 552 (S.D.N.Y. 1995)("Courts must be careful

9    that Rule 17(c) is not turned into a broad discovery device,

10   thereby undercutting the strict limitation of discovery in

11   criminal cases found in Fed. R. Crim. P. 16.").  "The Supreme

12   Court in Nixon summarized the moving party's burden as clearing

13   the three hurdles of relevancy, admissibility, and specificity."

14   Id. (citing Nixon, 418 U.S. at 700; and United States v. Noriega,

15   764 F. Supp. 1480, 1493 (S.D. Fla. 1991)("If the moving party

16   cannot reasonably specify the information contained or believed

17   to be contained in the documents sought but merely hopes that

18   something useful will turn up, this is a sure sign that the

19   subpoena is being misused.")

20       "It is not enough to have some potential for relevance and

21   evidentiary use." Exhibit 1 at 2 (citing to United States v.

22   Burger, 773 F.Supp. 1419, 1425 (D. Kan. 1991)).  "There must be a

23   'sufficient likelihood' that the requested information is

24   'relevant to the offenses charged in the indictment,' and a

25   'sufficient preliminary showing that . . . [the requested

26   material] contains evidence admissible with respect to the

27   offenses charged.'" Id. (quoting Nixon, 418 U.S. at 700).

28   "Conclusory allegations of relevance and admissibility are

3

1  insufficient." Id. (citing Burger, 773 F. Supp. at 1425; and

2  United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981), cert

3  denied, 455 U.S. 949 (1982). "Specificity ensures that the

4  subpoena is not being used as a license for what the Supreme

5  Court in Bowman Dairy Co. v. United States, 341 U.S. 214, 221

6  (1951) decried as a 'fishing expedition to see what may turn

7  up.'" Id. "It also provides the subpoenaed party or other party

8  having standing with enough knowledge about what documents are

9  being requested so as to lodge any objections on relevancy or

10 admissibility." Id. (citing to Black v. Sheraton Corp. Of

11 America, 564 F.2d 531, 545 (D.C. Cir. 1977).

12      In a case in this district involving a defendant's attempt

13 to improperly use Rule 17 as a discovery tool, the Honorable John

14 F. Walter, United States District Court Judge, issued an order

15 denying an ex parte application requesting the issuance of the

16 improper subpoenas. See Exhibit 1.  In that case, defendant

17 sought a broad range of documents, including "any and all

18 reviews, reports, and/or notes documenting any failures to

19 properly supervise confidential human sources" by various police

20 officers and federal agents. See Exhibit 2 at 6.  That defendant

21 also sought entire packets of information relating to a

22 confidential information, any possible Brady information, and

23 other broad categories of documents. Id. at 6-8.  That defendant

24 did not specify what specific documents he was seeking to

25 introduce at trial or another hearing, but rather sought the

26 production of documents that might exist, and that might be

27 useful.  Such requests constituted discovery requests, and were

28 not appropriate under Rule 17.  As such, that defendant's

4

1 | application to issue subpoenas was denied.[2]

2 |     Here, the government does not know what information

3 | defendant Timothy Roach's subpoenas seek -- even whether

4 | defendant seeks to subpoena documents or compel a witness to

5 | attend trial.[3] But to the degree defendant's subpoenas constitute

6 | discovery requests or Brady/Giglio requests as in Norris, and

7 | seek to impermissibly use the Rule 17 power, they should be

8 | quashed.[4]

9 | Dated: November 7, 2012       Respectfully submitted,

10 |          ANDRÉ BIROTTE JR.
         United States Attorney

11 |

12 |          ROBERT E. DUGDALE
         Assistant United States Attorney
         Chief, Criminal Division

13 |                /S/

14 |          BAYRON T. GILCHRIST
         Assistant United States Attorney
         Environmental Crimes Section

15 |

16 |          Attorneys for Plaintiff
         UNITED STATES OF AMERICA

17 |

18 |     [2] The government also notes that in Norris, the defendant's

19 | request to issue subpoenas was not filed in camera. Although defendant might argue an in-camera filing is necessary to prevent

20 | disclosing a defense theory, if the subpoenas simply constitute discovery requests, an in-camera filing is inappropriate. The

21 | government is willing to provide a taint AUSA if this Court wants to give the government an opportunity to address the specific

22 | requests in the in-camera filing, before ruling on whether the in-camera filing is appropriate and ruling on this motion.

23 |     [3] The government reached out to defense counsel to

24 | ascertain whether the subpoena was for a person, for documents, or for both. The government made clear that it was not asking

25 | about the specific information or specific individual sought to be subpoenaed. The government has not received a response.

26 |     [4] Similarly, if defendant Timothy Roach is seeking Jencks

27 | material, such subpoenas should also be quashed. Rule 17(h) precludes from production via subpoena a witness's prior

28 | statements, which are governed by Rule 26.2 and, at trial, the Jencks Act, 18 U.S.C. § 3500. Fed. R. Crim. P. 17(h).

*32*

# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES -- GENERAL

Case No.   **CR 12-450-JFW**                          Dated: September 20, 2012

=======================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    Shannon Reilly                                   Fred W. Slaughter
    Courtroom Deputy                                 Asst. U.S. Attorney
                                                     Not Present

=======================================================================

U.S.A. vs (Dfts listed below)                    Attorneys for Defendants

1)   Keno Monteze Norris                     1)   Sonja B. Augustine
    Not Present                                      Not Present

PROCEEDINGS (In Chambers):        **ORDER DENYING EX PARTE APPLICATION FOR
                                  ORDER REGARDING SUBPOENAS**

    On September 18, 2012, Defendant Keno Monteze Norris filed an Ex Parte Application for
Issuance of Subpoenas ("Ex Parte Application") requesting the issuance of several subpoenas
duces tecum.  Rule 17(c) provides in pertinent part:

> The court may direct that books, papers, documents or objects
> designated in the subpoena be produced before the court at a time prior
> to the trial or prior to the time when they are to be offered in evidence
> and may upon their production permit the books, papers, documents or
> objects or portions thereof to be inspected by the parties and their
> attorneys.

Fed. R. Civ. P. 17(c).  Rule 17(c) is commonly used by Defendants to seek discovery from
non-parties.

    To obtain advance inspection of subpoenaed materials, the burden is on the moving party to
show good cause for production prior to trial.  Wright, Federal Practice and Procedure: Criminal 2d
§ 274 at 155.  The material sought must be "evidentiary" as defined in the well-established test
posited in United States v. Nixon, 418 U.S. 683, 699-700 (1974).

> Under this test, in order to require production prior to trial, the moving party must
> show: (1) that the documents are evidentiary and relevant; (2) that they are not
> otherwise procurable reasonably in advance of trial by exercise of due diligence;
> (3) that the party cannot properly prepare for trial without such production and
> inspection in advance of trial and that the failure to obtain such inspection may tend
> unreasonably to delay the trial; and (4) that the application is made in good faith and
> is not intended as a general 'fishing expedition.'

Initials of Deputy Clerk _sr



Case 2:15-cr-00131-JFW  Document 54-4  Filed 04/28/15  Page 11 of 30  Page ID #:502
Case 2:12-cr-00165-PSG  Document 42  Filed 11/07/12  Page 10 of 29  Page ID #:144
Case 2:12-cr-00450-JFW  Document 28  Filed 09/20/12  Page 2 of 2  Page ID #:121

Id. at 699-700 (citing United States v. Iozia, 12 F.R.D. 335, 338 (S.D.N.Y. 1952). Although Defendant alleges that the information sought is relevant and material, these conclusory statements without any factual support clearly fail to meet this test. Rather than specifically targeting evidentiary and relevant material, the proposed subpoenas appear to be an attempt to obtain discovery.

A subpoena duces tecum under Rule 17(c) "was not intended to provide a means of discovery for criminal cases . . . but to expedite the trial by providing a time and place before trial for inspection of subpoenaed materials. Id. at 698-699. In other words, Rule 17(c) is not a discovery tool but offers compulsory process for securing specific, identifiable evidence for trial. See United States v. Cherry, 876 F.Supp. 547, 552 (S.D.N.Y. 1995) ("Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16."). The Supreme Court in Nixon summarized the moving party's burden as clearing the three hurdles of relevancy, admissibility, and specificity. Id. at 700; see United States v. Noriega, 764 F.Supp. 1480, 1493 (S.D.Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused").

It is not enough to have some potential for relevance and evidentiary use. United States v. Burger, 773 F.Supp. 1419, 1425 (D. Kan. 1991). There must be a "sufficient likelihood" that the requested information is "relevant to the offenses charged in the indictment," and a "sufficient preliminary showing that . . . [the requested material] contains evidence admissible with respect to the offenses charged." Nixon, 418 U.S. at 700. Conclusory allegations of relevance and admissibility are insufficient. Burger, 773 F.Supp. at 1425; see United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981), cert. denied, denied, 455 U.S. 949 (1982). Specificity ensures that the subpoena is not being used as a license for what the Supreme Court in Bowman Dairy Co v. United States, 341 U.S. 214, 221 (1951) decried as a "fishing expedition to see what may turn up." It also provides the subpoenaed party or other party having standing with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility. See Black v. Sheraton Corp. of America, 564 F.2d 531, 545 (D.C. Cir. 1977).

Here, the subpoenas request entire categories of documents instead of specific documents. This indicates a fishing expedition. United States v. Reed, 726 F.2d 570, 577 (9th Cir.), cert. denied, denied, 469 U.S. 871 (1984). In addition, since defendant has already entered a plea of guilty, the defendant apparently wants to review these documents "so that a determination may be made as to their value as mitigation for sentencing". However, there is simply no showing by the defendant that any of the requested information is relevant to the sentencing of the defendant.

Accordingly, Ex Parte Application is **denied** without prejudice.

IT IS SO ORDERED.

# Exhibit 2

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 13 of 30   Page ID #:504
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 12 of 29   Page ID #:146
Case 2:12-cr-00450-JFW   Document 27   Filed 09/18/12   Page 1 of 8   Page ID #:102

1  SEAN K. KENNEDY (No. 145632)
   Federal Public Defender
2  (E-mail: Sean_Kennedy@fd.org)
   SONJA AUGUSTINE (No. 155955)
3  Deputy Federal Public Defender
   (E-mail: Sonja_Augustine@fd.org)
4  Deputy Federal Public Defender
   321 East 2nd Street
5  Los Angeles, California 90012-4202
   Telephone (213) 894-5669
6  Facsimile (213) 894-2150

7  Attorneys for Defendant
   KENO MONTEZE NORRIS

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  WESTERN DIVISION

13

14  UNITED STATES OF AMERICA,        )   NO. CR 12-450-JFW
                                     )
15              Plaintiff,           )   **EX PARTE APPLICATION FOR**
                                     )   **ISSUANCE OF SUBPOENAS;**
16       v.                          )   **MEMORANDUM OF POINTS**
                                     )   **AND AUTHORITIES;**
17  KENO MONTEZE NORRIS,             )   **DECLARATION OF COUNSEL**
                                     )
18              Defendant.           )
                                     )
19                                   )
                                     )
20  _____)

21       Defendant Keno Monteze Norris, through his counsel of record, Deputy

22  Federal Public Defender Sonja Augustine, hereby applies to this Honorable Court

23  for an order that the subpoenas attached to the order submitted with this application

24  be issued, and that the costs of process and witness fees be paid in the same manner

25  as are similar costs and fees for subpoenas served on behalf of the government.  It is

26  further requested that the documents subpoenaed be ordered returned on or before

27  Tuesday, October 2, 2012, so that a determination may be made as to their value as

28  mitigation for purposes of sentencing.

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 14 of 30   Page ID #:505
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 13 of 29   Page ID #:147
Case 2:12-cr-00450-JFW   Document 27   Filed 09/18/12   Page 2 of 8   Page ID #:103

1   This application is made pursuant to Rule 17 of the Federal Rules of

2   Criminal Procedure and Local Criminal Rule 17-1 et seq.  The application is based

3   upon the attached memorandum of points and authorities, declaration, all files and

4   records in this case, and such further information as may be provided to the Court

5   regarding the application.

7   Respectfully submitted,

8   SEAN K. KENNEDY
9   Federal Public Defender

11   DATED:  September 18, 2012        By   /s/ Sonja Augustine
12   SONJA AUGUSTINE
Deputy Federal Public Defender

2

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 15 of 30   Page ID #:506
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 14 of 29   Page ID #:148
Case 2:12-cr-00450-JFW   Document 27   Filed 09/18/12   Page 3 of 8   Page ID #:104

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 17(b) of the Federal Rules of Criminal Procedure provides generally that indigent defendants may apply ex parte to the court for subpoenas necessary to an adequate defense. See Fed. R. Crim. Pro. 17(b). The right to apply ex parte was added in a 1966 amendment, for the purpose of assuring that indigent defendants would not have to disclose their defense in exercising their right to compulsory process. See Fed. R. Crim. Pro. 17 advisory committee note (1966 amendment).

Rule 17 also provides that the costs of service and witness fees be paid in the same manner as similar costs and fees are paid for witnesses subpoenaed on behalf of the government. See Fed. R. Crim. Pro. 17(b). The proposed order submitted with this application thus provides for such payment of costs and fees. With respect to the request for production of the subpoenaed documents, such early production is authorized by Rule 17(c). Rule 17(c) first provides that a subpoena issued pursuant to Rule 17(b) can command not only the appearance of a witness but also the production of documents or other physical evidence. See Fed. R. Crim. Pro. 17(c). Rule 17(c) then provides that the Court may direct that the documents be produced prior to the time they are to be offered into evidence and that they be subject to inspection by counsel.

The defense requests production prior to sentencing so that it may conduct an investigation for the purpose of sentencing mitigation.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: September 18, 2012

By _/s/ Sonja Augustine_
SONJA AUGUSTINE
Deputy Federal Public Defender

3

*34*

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 16 of 30   Page ID #:507
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 15 of 29   Page ID #:149
Case 2:12-cr-00450-JFW   Document 27   Filed 09/18/12   Page 4 of 8   Page ID #:105

## DECLARATION OF SONJA AUGUSTINE

I, Sonja Augustine, hereby state and declare as follows:

1.      I am a Deputy Federal Public Defender in the Central District of California. I am assigned to represent Keno Monteze Norris in the above- entitled action.

2.      Mr. Norris was arrested on June 1, 2012, pursuant to an indictment charging him with two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(C) and (b)(1)(B)(iii).  Mr. Norris made his initial appearance on June 1, 2012.

3.      On July 13, 2012, Mr. Norris entered a guilty plea to Count Two of the indictment pursuant to a plea agreement filed on July 9, 2012.  Sentencing is currently scheduled for September 24, 2012.

4.      On August 6, 2012, the prosecution disclosed additional discovery that calls into question the integrity of the investigating task force officers and  the confidential human source ("CHS") utilized in this case.  A state case - People v. Anthony McClain - was dismissed in July 2012 because the CHS from this case misidentified a suspect in the state case.

5.      In December of 2011, the CHS, in the presence of the task force officers, misidentified a suspect as being Anthony McClain, a target of the task force investigation.  Officers who were present at the scene claimed in official reports to have observed the suspect during the controlled buy and were also present for the photo misidentification.  Anthony McClain was actually in state custody on the day

4

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 17 of 30   Page ID #:508
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 16 of 29   Page ID #:150
Case 2:12-cr-00450-JFW   Document 27   Filed 09/18/12   Page 5 of 8   Page ID #:106

1  the CHS misidentified him.  Nonetheless, the information regarding the CHS's lack

2  of reliability was not revealed by state prosecutors until at least six months or so

3  after the misidentification.  The information was not revealed to defense counsel in

4  this case until more than seven months after the misidentification.

5

6      6.    Furthermore, the reporting officer in the McClain investigation claimed

7  in his official report to have witnessed, from a distance of at least half a city block, a

8  hand-to-hand transaction between the suspect and the CHS.  This transaction

9  allegedly took place while the suspect was leaning inside the window of the CHS's

10  vehicle.  This claim seems spurious at best and, along with the CHS's intentional

11  misidentification, calls into question the credibility of the CHS and task force

12  officers.

13

14      7.    There is significant overlap among the task force officers and CHS

15  resources used in this and several other cases brought against residents of Pasadena

16  in the past several months, including the dismissed state case of People v. Anthony

17  McClain and the matter pending before this Court.  The defense has reason to

18  believe that the information requested in the subpoenas attached to the proposed

19  order will reveal exculpatory or mitigating evidence in this matter.  The information

20  requested is *Brady* material.  *See Brady v. Maryland,* 373 U.S. 83 (1963).

21

22      8.    Mr. Norris has worked at Vons supermarket in Pasadena for many

23  years.  In or about September 2010, Mr. Norris's automobile was burned in the Vons

24  parking lot while he was at work.  Mr. Norris contacted police officers regarding the

25  burned vehicle and felt that he was mistreated as the victim of a crime.  Therefore,

26  Mr. Norris filed a complaint against officers of the Pasadena Police Department

27  relating to this incident.

28

5

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 18 of 30   Page ID #:509
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 17 of 29   Page ID #:151
Case 2:12-cr-00450-JFW   Document 27   Filed 09/18/12   Page 6 of 8   Page ID #:107

1        9.     When Mr. Norris's insurance company reimbursed him for the lost

2    vehicle in April of 2011, Mr. Norris purchased a 2003 Chevy Tahoe truck. When

3    Mr. Norris was arrested on June 1, 2012, the Chevy Tahoe truck was seized without

4    explanation by DEA task force officers and has not been returned. Therefore, the

5    defense requests copies of complaints filed by Mr. Norris against officers of the

6    Pasadena Police Department which is likely to reveal exculpatory or mitigating

7    evidence in this matter.

8

9        10.    For investigation purposes, the defense requests that the Court order, as

10   soon as possible, the issuance of the subpoenas attached to the proposed order. The

11   subpoenas attached to the proposed order are for:

12

13       •   (1)   Any and all reviews, reports, and/or notes documenting any

14                   failures to properly supervise confidential human sources

15                   involving Pasadena Police Officers/FBI Task Force Officers Jeff

16                   Disney, Jason Cordova, Jason Clawson, David Duran, Brett

17                   Binder, Joel Nebel, Joaquin Gurrola, and/or Carlo Montiglio.

18

19                   Copies of entire CI/CHS/CRI packets, including, but not limited

20                   to, operational plans and targets, for CHS-2 (Source ID

21                   S-00033153), CHS Larry Fuller, CHS Tara Faye Bullock, and

22                   possible CHS Francisco Reyes, as well as for CHS-1, CHS-2, and

23                   the CRI who were utilized by the FBI and Task Force Officers

24                   from December 20, 2010 and December 28, 2010, to target

25                   Derick Paige, aka "D-Lay."

26

27                   A copy of the entire the CI/CHS/CRI packet, including, but not

28                   limited to operational plans and targets, for the CHS associated

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 19 of 30   Page ID #:510
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 18 of 29   Page ID #:152
Case 2:12-cr-00450-JFW   Document 27   Filed 09/18/12   Page 7 of 8   Page ID #:108

1    with the investigation and arrest of Anthony McClain, the case

2    against whom was dismissed in July of 2012 for misconduct by

3    the CHS in the form of misidentification of a person as being

4    Anthony McClain.

5

6  • (2) A copy of the entire controlled buy packet for Keno Monteze

7    Norris, including, but not limited to, operational plans, notes, and

8    all targets.

9

10  • (3) Clear and coherent copies of any and all officer radio

11    communications, from all relevant channels and in their entirety,

12    among Pasadena Police Officers/FBI Task Force Officers Jeff

13    Disney, Jason Cordova, Jason Clawson, David Duran, Brett

14    Binder, Joel Nebel, Joaquin Gurrola, and/or Carlo Montiglio that

15    occurred on October 14, 2011, and on October 22, 2011, relating

16    to Keno Norris, Augustus Richards, and/or CHS-2 (Source ID

17    S-00033153).

18

19    Clear and coherent copies, in their entirety, of any and all digital

20    recordings associated with Substantive Case File Numbers

21    281D-LA-256160, 245D-LA-256160, and/or Keno Norris,

22    including, but not limited to, those assigned FBI evidence

23    numbers 1D30, 1D31, and 1D32.

24

25    Copies of all law enforcement funds used in the controlled buys

26    on October 14, 2011, and October 22, 2011, associated with

27    Keno Norris and/or CHS-2 (Source ID S-00033153).

28

43

Case 2:15-cr-00131-JFW  Document 54-4  Filed 04/28/15  Page 20 of 30  Page ID #:511
Case 2:12-cr-00165-PSG  Document 42  Filed 11/07/12  Page 19 of 29  Page ID #:153
Case 2:12-cr-00450-JFW  Document 27  Filed 09/18/12  Page 8 of 8  Page ID #:109

1        •    (4)    Copies of any and all complaints filed by Keno Monteze Norris

2                 regarding conduct by any officer employed by the Pasadena

3                 Police Department.

4

5      11.     Documents and information sought by the subpoenas might reveal

6 *Brady* material to which Mr. Norris is entitled.

7

8      12.     For the reasons set forth above, I believe the records subpoenaed will

9 reveal relevant, material, and mitigating (and possibly, exculpatory) evidence

10 regarding this matter. I therefore request that the Court approve the order lodged

11 with this application and issue the subpoenas requested.

12

13      I declare under penalty of perjury that the foregoing is true and correct to the

14 best of my knowledge.

15

16 Dated: September 18, 2012         */s/ Sonja Augustine*

17                                   SONJA AUGUSTINE
                                  Deputy Federal Public Defender

18

19

20

21

22

23

24

25

26

27

28

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 21 of 30   Page ID #:512
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 20 of 29   Page ID #:154
Case 2:12-cr-00450-JFW   Document 27-1   Filed 09/18/12   Page 1 of 2   Page ID #:110

1 │ SEAN K. KENNEDY (No. 145632)
  │ (Sean_Kennedy@fd.org)
2 │ Federal Public Defender
  │ SONJA AUGUSTINE (No. 155955)
3 │ (Sonja_Augustine@fd.org)
  │ Deputy Federal Public Defender
4 │ 321 East 2nd Street
  │ Los Angeles, California 90012-4202
5 │ Telephone: (213) 894-5669
  │ Facsimile: (213) 894-0081
6 │
7 │
  │ Attorneys for Defendant
8 │ KENO MONTEZE NORRIS
9 │
  │                 UNITED STATES DISTRICT COURT
10 │
  │                 CENTRAL DISTRICT OF CALIFORNIA
11 │
  │                       WESTERN DIVISION
12 │
13 │ UNITED STATES OF AMERICA,       )    NO. CR 12-450-JFW
14 │                   Plaintiff,    )    [PROPOSED] ORDER
15 │            v.                   )
16 │ KENO MONTEZE NORRIS,            )
17 │                   Defendant.    )
18 │ _____ )
19 │        GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that
20 │ the subpoenas attached to this order shall issue.
21 │
22 │        IT IS FURTHER ORDERED that said subpoenas shall be returned to defense
23 │ counsel no later than October 2, 2012, so that defense counsel shall be permitted to
24 │ inspect the records.
25 │ //
26 │ //
27 │ //
28 │

45

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 22 of 30   Page ID #:513
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 21 of 29   Page ID #:155
Case 2:12-cr-00450-JFW   Document 27-1   Filed 09/18/12   Page 2 of 2   Page ID #:111

1      IT IS FURTHER ORDERED that the costs of process and witness fees will be

2  paid in the same manner as those paid for witnesses subpoenaed on behalf of the

3  government.

4

5

6  DATED:  September    , 2012    By _____

7                                          THE HONORABLE JOHN F. WALTER
                                           United States District Judge

8
   Presented by:
9

10 _____
   SONJA AUGUSTINE
11 Deputy Federal Public Defender

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              2

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 23 of 30   Page ID #:514
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 22 of 29   Page ID #:156
Case 2:12-cr-00450-JFW   Document 27-2   Filed 09/18/12   Page 1 of 8   Page ID #:112

Sonja Augustine
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-5669; Facsimile (213) 894-2150

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Unite States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | CR 12-450-JFW |
| v. | | |
| Keno Monteze Norris | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO:  Custodian of Records, FBI - Los Angeles/West Covina Field Office and Pasadena Police Dpt.

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: The Hon. John Walter, 312 N. Spring St., Los Angeles, California 90012   , Courtroom: 16

Date: October 2, 2012   , Time: 9:00 a.m.   .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Any and all reviews, reports, and/or notes documenting any failures to properly supervise confidential human sources involving Pasadena Police Officers/FBI Task Force Officers Jeff Disney, Jason Cordova, Jason Clawson, David Duran, Brett Binder, Joel Nebel, Joaquin Gurrola, and/or Carlo Montiglio.

Copies of entire CI/CHS/CRI packets, including, but not limited to, operational plans and targets, for CHS-2 (Source ID S-00033153), CHS Larry Fuller, CHS Tara Faye Bullock, and possible CHS Francisco Reyes, as well as for CHS-1, CHS-2, and the CRI who were utilized by the FBI and Task Force Officers from December 20, 2010 and December 28, 2010, to target Derick Paige, aka "D-Lay."

Copy of entire the CI/CHS/CRI packet, including, but not limited to operational plans and targets, for the CHS associated with the investigation and arrest of Anthony McClain, the case against whom was dismissed in July of 2012 for misconduct by the CHS in the form of misidentification of a person as being Anthony McClain.



Allen Abersman, Acting Clerk of Court

September 18, 2012

Date

47

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 24 of 30   Page ID #:515
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 23 of 29   Page ID #:157
Case 2:12-cr-00450-JFW   Document 27-2   Filed 09/18/12   Page 2 of 8   Page ID #:113

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| **Received by Server** | | | |
| **Served** | DATE | PLACE | |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ Yes  ☐ No Amount $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
         *Date*                                *Signature of Server*

Address of Server: _____

ADDITIONAL INFORMATION

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 25 of 30   Page ID #:516
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 24 of 29   Page ID #:158
Case 2:12-cr-00450-JFW   Document 27-2   Filed 09/18/12   Page 3 of 8   Page ID #:114

Sonja Augustine
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-5669; Facsimile (213) 894-2150

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Unite States of America | | CASE NUMBER |
| | PLAINTIFF | CR 12-450-JFW |
| v. | | |
| Keno Monteze Norris | | |
| | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO:  Custodian of Records, FBI - Los Angeles/West Covina Field Office and Pasadena Police Dpt.

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: The Hon. John Walter, 312 N. Spring St., Los Angeles, California 90012  , Courtroom: 16

Date: October 2, 2012  , Time: 9:00 a.m.  .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Any and all reviews, reports, and/or notes documenting any failures to properly supervise confidential human sources involving Pasadena Police Officers/FBI Task Force Officers Jeff Disney, Jason Cordova, Jason Clawson, David Duran, Brett Binder, Joel Nebel, Joaquin Gurrola, and/or Carlo Montiglio.

Copies of entire CI/CHS/CRI packets, including, but not limited to, operational plans and targets, for CHS-2 (Source ID S-00033153), CHS Larry Fuller, CHS Tara Faye Bullock, and possible CHS Francisco Reyes, as well as for CHS-1, CHS-2, and the CRI who were utilized by the FBI and Task Force Officers from December 20, 2010 and December 28, 2010, to target Derick Paige, aka "D-Lay."

Copy of entire the CI/CHS/CRI packet, including, but not limited to operational plans and targets, for the CHS associated with the investigation and arrest of Anthony McClain, the case against whom was dismissed in July of 2012 for misconduct by the CHS in the form of misidentification of a person as being Anthony McClain.



Allen Abersman, Acting Clerk of Court

September 18, 2012

Date

CR-21 (09/08)                         SUBPOENA IN A CRIMINAL CASE                         Page 1 of 2



Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 26 of 30   Page ID #:517
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 25 of 29   Page ID #:159
Case 2:12-cr-00450-JFW   Document 27-2   Filed 09/18/12   Page 4 of 8   Page ID #:115

## PROOF OF SERVICE

| Received by Server | DATE | PLACE |
|---|---|---|
| Served | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ Yes  ☐ No  Amount $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
       *Date*

_____
*Signature of Server*

Address of Server: _____

ADDITIONAL INFORMATION

*51*

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 27 of 30   Page ID #:518
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 26 of 29   Page ID #:160
Case 2:12-cr-00450-JFW   Document 27-2   Filed 09/18/12   Page 5 of 8   Page ID #:116

Sonja Augustine
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-5669; Facsimile (213) 894-2150

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Unite States of America | | **CASE NUMBER** |
| | **PLAINTIFF** | CR 12-450-JFW |
| v. | | |
| Keno Monteze Norris | | **SUBPOENA IN A CRIMINAL CASE** |
| | **DEFENDANT(S).** | |

TO:  Custodian of Records, FBI - Los Angeles/West Covina Field Office and Pasadena Police Dpt.

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: The Hon. John Walter, 312 N. Spring St., Los Angeles, California 90012 , Courtroom: 16

Date: October 2, 2012 , Time: 9:00 a.m. .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Any and all reviews, reports, and/or notes documenting any failures to properly supervise confidential human sources involving Pasadena Police Officers/FBI Task Force Officers Jeff Disney, Jason Cordova, Jason Clawson, David Duran, Brett Binder, Joel Nebel, Joaquin Gurrola, and/or Carlo Montiglio.

Copies of entire CI/CHS/CRI packets, including, but not limited to, operational plans and targets, for CHS-2 (Source ID S-00033153), CHS Larry Fuller, CHS Tara Faye Bullock, and possible CHS Francisco Reyes, as well as for CHS-1, CHS-2, and the CRI who were utilized by the FBI and Task Force Officers from December 20, 2010 and December 28, 2010, to target Derick Paige, aka "D-Lay."

Copy of entire the CI/CHS/CRI packet, including, but not limited to operational plans and targets, for the CHS associated with the investigation and arrest of Anthony McClain, the case against whom was dismissed in July of 2012 for misconduct by the CHS in the form of misidentification of a person as being Anthony McClain.



Allen Abersman, Acting Clerk of Court

September 18, 2012

Date

CR-21 (09/08)                    SUBPOENA IN A CRIMINAL CASE                    Page 1 of 2

· 51

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 28 of 30   Page ID #:519
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 27 of 29   Page ID #:161
Case 2:12-cr-00450-JFW   Document 27-2   Filed 09/18/12   Page 6 of 8   Page ID #:117

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **Received by Server** | | |
| **Served** | DATE | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS |
|---|---|
| | ☐ Yes  ☐ No Amount $ _____ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
　　　　　　*Date*　　　　　　　　　　　　*Signature of Server*

Address of Server: _____

_____

ADDITIONAL INFORMATION

Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 29 of 30   Page ID #:520
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 28 of 29   Page ID #:162
Case 2:12-cr-00450-JFW   Document 27-2   |Filed 09/18/12   Page 7 of 8   Page ID #:118

Sonja Augustine
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-5669; Facsimile (213) 894-2150

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Unite States of America | | CASE NUMBER |
| v. | PLAINTIFF | CR 12-450-JFW |
| Keno Monteze Norris | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO:  Custodian of Records, FBI - Los Angeles/West Covina Field Office and Pasadena Police Dpt.

☑ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: The Hon. John Walter, 312 N. Spring St., Los Angeles, California 90012 , Courtroom: 16

Date: October 2, 2012 , Time: 9:00 a.m. .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Any and all reviews, reports, and/or notes documenting any failures to properly supervise confidential human sources involving Pasadena Police Officers/FBI Task Force Officers Jeff Disney, Jason Cordova, Jason Clawson, David Duran, Brett Binder, Joel Nebel, Joaquin Gurrola, and/or Carlo Montiglio.

Copies of entire CI/CHS/CRI packets, including, but not limited to, operational plans and targets, for CHS-2 (Source ID S-00033153), CHS Larry Fuller, CHS Tara Faye Bullock, and possible CHS Francisco Reyes, as well as for CHS-1, CHS-2, and the CRI who were utilized by the FBI and Task Force Officers from December 20, 2010 and December 28, 2010, to target Derick Paige, aka "D-Lay."

Copy of entire the CI/CHS/CRI packet, including, but not limited to operational plans and targets, for the CHS associated with the investigation and arrest of Anthony McClain, the case against whom was dismissed in July of 2012 for misconduct by the CHS in the form of misidentification of a person as being Anthony McClain.

Allen Abersman, Acting Clerk of Court

September 18, 2012

Date



Case 2:15-cr-00131-JFW   Document 54-4   Filed 04/28/15   Page 30 of 30   Page ID #:521
Case 2:12-cr-00165-PSG   Document 42   Filed 11/07/12   Page 29 of 29   Page ID #:163
Case 2:12-cr-00450-JFW   Document 27-2   Filed 09/18/12   Page 8 of 8   Page ID #:119

## PROOF OF SERVICE

| Received by Server | DATE | PLACE | |
|---|---|---|---|
| Served | DATE | PLACE | |

SERVED ON (PRINT NAME)

FEES AND MILEAGE TENDERED TO WITNESS

☐ Yes  ☐ No  Amount $ _____

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
        *Date*                                      *Signature of Server*

Address of Server: _____

ADDITIONAL INFORMATION

