HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
Seema Ahmad (Bar No. 270992)
(E-Mail: Seema_Ahmad@fd.org)
Ashfaq G. Chowdhury (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 15-00131-JFW |
| Plaintiff, | **DEFENDANT TEOFIL BRANK'S MOTION TO COMPEL DISCOVERY** |
| v. | |
| TEOFIL BRANK, | **Proposed Hearing Date: May 8, 2015** |
| Defendant. | **Proposed Hearing Time: 10:00 a.m.** |

TO: UNITED STATES ATTORNEY STEPHANIE YONEKURA AND ASSISTANT UNITED STATES ATTORNEYS KIMBERLY JAIMEZ AND VANESSA BAEHR-JONES:

PLEASE TAKE NOTICE that on May 8, 2015, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John F. Walter, United States District Judge, Defendant Teofil Brank will bring for hearing the following Motion:

//

1

| | |
|---|---|
| 1 | **MOTION** |
| 2 | Defendant Teofil Brank, through his attorneys of record, Deputy Federal Public |
| 3 | Defenders Seema Ahmad and Ashfaq G. Chowdhury, hereby moves this Honorable |
| 4 | Court for an order compelling the government to produce any and all discovery |
| 5 | pertaining to the government's investigation of D.B. for paying for sex acts and for |
| 6 | engaging in sex acts with minors. |
| 7 | This Motion is based on the attached Memorandum of Points and Authorities, all |
| 8 | files and records in this case, and any further evidence and argument as may be |
| 9 | adduced at the hearing on this motion. |

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: May 6, 2015          By  */s/ Seema Ahmad*
                                SEEMA AHMAD
                                ASHFAQ G. CHOWDHURY
                                Deputy Federal Public Defenders
                                Attorneys for Teofil Brank

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Mr. Brank is charged in a one-count indictment with a violation of 18 U.S.C. § 875(d), transmitting an interstate communication containing a threat to injure the reputation of alleged victim, D.B. At a status conference before this Court on May 4, 2015, the government represented that the Grand Jury has returned a superseding indictment charging Mr. Brank with six additional counts. Mr. Brank has not been arraigned on those charges and the superseding indictment has not been docketed in this case.

At trial, the government intends to introduce evidence that alleged extortion victim D.B. initiated a pay-for-sex relationship with Mr. Brank, a former actor in the gay pornography industry. D.B. will also be called as a witness in this case -- either by the government or the defense -- to testify about his relationship with Mr. Brank, the context of payments made by him to Mr. Brank, and his general reputation for paying for sex with gay pornography actors.

The defense, under Federal Rule of Criminal Procedure 16 and the Due Process Clause, seeks other evidence in the custody of the government pertaining to an ongoing criminal investigation of D.B. for paying for sex and for possibly engaging in sex acts with minors.[1]

//
//
//

---

[1] In a teleconference with AUSA Kimberly Jaimez on May 5, 2015, defense counsel was informed that the government will produce all material related to the investigation of D.B. to this Court *in camera* for a determination as to what material, if any, must be produced to the defense. This motion is submitted in support of the position that all material pertaining to the criminal investigation of D.B. is *Brady* material and must be produced.

1

## II.

## FACTUAL AND PROCEDURAL BACKGROUND TO DISCOVERY DISPUTE

At the first status conference in this case held on March 27, 2015, AUSA Kimberly Jaimez characterized the relationship between D.B. and Mr. Brank as a pay-for-sex arrangement. She also stated that in the past, D.B. has provided Mr. Brank with a "referral list", meaning a list of additional individuals that D.B. was seeking out for sexual acts in exchange for payment to Mr. Brank. This Court inquired as to whether any of the individuals who acted as prostitutes for D.B. were underage. AUSA Jaimez stated that at the time, the government was unaware of any sex acts D.B. had engaged in with minors but would be further investigating him.

To date, the government has produced an FBI report of an interview with D.B. conducted on March 3, 2015. The report indicates that on an unknown date (within 2012 or 2013), D.B. was introduced to Teofil Brank. He was introduced by another gay pornography actor named Miles who D.B. had met through an online escort service. The FBI report goes on to note that D.B. paid for sex with Mr. Brank on several occasions and would also pay him to procure other sexual partners for D.B. In an email to Mr. Brank from D.B. dated September 27, 2014, D.B. offered Mr. Brank $22,000 in referral fees if he could arrange sexual liasions between D.B. and any of the eleven gay pornography actors listed in the email.

Despite the government's representation at the March 27, 2015 status conference that D.B. was being investigated for pay-for-sex arrangements and for potential sex acts with minors, the defense has received no discovery related to the investigation of D.B. At a status conference before this Court on May 4, 2015, AUSA Jaimez stated that the investigation of D.B. has been ongoing and noted that the government did not believe that all discovery related to the investigation was relevant to the defense in this case and therefore did not have to be produced. She also stated she would submit all discovery related to the investigation of D.B. to the Court *in camera* by May 6, 2015 for the Court to determine what material, if any, must be produced to the defense.

2

1  Defense counsel stated the position that all evidence related to D.B.'s involvement in
2  pay-for-sex arrangements and any material related to the investigation of D.B.'s sexual
3  liasions (whether with minors or not) is *Brady* material and must be produced.

### III.
### ARGUMENT

Federal Rule of Criminal Procedure 16 requires that the Government provide the defense with all material in the government's possession, custody, or control if the item is material to preparing a defense. Fed. R. Crim. P. 16(a)(1)(E)(i). The Ninth Circuit has clearly articulated the government's duty in this regard:

> A defendant need not spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be. The relevant subsection of Rule 16 is written in categorical terms: Upon defendant's request, the government must disclose any documents or other objects within its possession, custody or control that are "material to preparing the defense." Unlike the preceding and subsequent subsections, which both require that "the government knows—or through due diligence could know—that the" item exists, subsection (E) is unconditional. Lack of knowledge or even a showing of due diligence won't excuse non-compliance.
>   It thus behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case.

*United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (internal citations omitted). Materiality, moreover, "is a low threshold." *Id.* Items must be turned over so long as the information would help prepare a defense, which includes causing a defendant to completely abandon a planned defense." *Id.*

The government is obligated under the Due Process Clause to turn over evidence favorable to a defendant, whether the evidence is exculpatory or impeaching. *See Brady v. Maryland*, 373 U.S. 83, 87 (1959); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972); *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013); *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The government's obligations under the due process clause extend beyond documents in their possession. The government "has a duty to learn of any exculpatory evidence known to others acting on the government's

behalf." *United States v. Price*, 566 F.3d 900, 909 (9th Cir. 2009) (quotations omitted). Because the prosecution is uniquely positioned to obtain information known to other agents of the government, "it may not be excused from disclosing what it does not know but could have learned." *Id.* (quotations omitted).

The government need not be certain as to the exculpatory value of evidence before it has an obligation to disclose it to the defense. *Amado v. Gonzalez*, 758 F.3d 1119, 1136 (9th Cir. 2014) ("The prosecutor must presume in favor of disclosure, and resolve his doubts about the exculpatory nature of a document in favor of producing it."); *see also United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1199 (C.D. Cal. 1999). The prosecutor's duty to disclose under *Brady* is undoubtedly "broad." *Amado*, 758 F.3d at 1136.

Additional justification for production of the requested materials is set forth in the declaration of counsel in support of this motion, filed *in camera* because it sets forth details of Mr. Brank's theory of defense. There is no dispute that the requested items are in the government's possession.

## IV.
## CONCLUSION

For these reasons, Mr. Brank respectfully requests that this Court grant his motion and compel the government to produce all discovery pertaining to its investigation of D.B. for pay-for-sex arrangements and for potential sex acts with minors.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: May 6, 2015    By  */s/ Seema Ahmad*
ASHFAQ G. CHOWDHURY
SEEMA AHMAD
Deputy Federal Public Defenders
Attorneys for Defendant, TEOFIL BRANK

4