UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 15-131-JFW**                                                                 Dated: May 7, 2015

===============================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Kimberly Denise Jaimez |
| Courtroom Deputy | Court Reporter | Vanessa Baehr-Jones |
| | | Jennifer Resnik |
| | | Asst. U.S. Attorney |
| | | Not Present |

===============================================================================
U.S.A. vs (Dft listed below)                              Attorneys for Defendant

1)   Teofil Brank                                         1)   Seema Ahmad
     Not Present                                               Ashfaq G. Chowdhury
                                                               Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT
[filed 5/2/2015; Docket No. 62]

     On May 2, 2015, Defendant Teofil Brank ("Defendant") filed a Motion to Dismiss Superseding Indictment.  On May 5, 2015, the Government filed its Opposition. On May 6, 2015, Defendant filed a Reply.  The Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 8, 2015 is hereby vacated and taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     On March 6, 2015, the Government filed a complaint charging Defendant with transmitting threatening communications with intent to extort under 18 U.S.C. § 875(d).  On March 20, 2015, a federal grand jury returned an indictment, charging Defendant with a single count for transmitting threatening communications with intent to extort under 18 U.S.C. § 875(d)   On May 1, 2015, the Government presented, and the grand jury returned, a First Superseding Indictment, which added the following charges: (1) two counts for extortion and attempted extortion affecting interstate

Initials of Deputy Clerk   sr

commerce by nonviolent threat under 18 U.S.C. § 1951(a) (Counts 2 and 5); (2) two counts for receiving proceeds of extortion under 18 U.S.C. § 880 (Counts 3 and 4); (3) one count for use of an interstate facility to facilitate an unlawful activity under 18 U.S.C. § 1952(a) (Count 6); and (4) one count for possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c) (Count 7). Defendant moves to dismiss the First Superseding Indictment, claiming that it was vindictively filed to punish Defendant for filing a motion to suppress and motions in limine, and for asserting his right to a trial.

"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Gamez-Orduño*, 235 F.3d 453, 462 (9th Cir. 2000). Defendant may establish prosecutorial vindictiveness by producing direct evidence of the prosecutor's punitive motivation towards him. *See United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982); *United States v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). Absent such direct evidence, in order to establish a claim for prosecutorial vindictiveness, "the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *Gallegos-Curiel*, 681 F.2d at 1168. "[T]he appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *Id.* at 1169. "If there is a sufficient prima facie showing of vindictiveness, the burden shifts to the prosecution to show that any increase in the severity of the charges did not stem from a vindictive motive, or was justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness." *Id.* at 1168.

For the reasons stated in the Government's Opposition, the Court concludes that Defendant has failed to establish a prima facie showing of vindictiveness. Indeed, "[w]hen increased charges are filed in the routine course of prosecutorial review or as a result of continuing investigation, there is no realistic likelihood of prosecutorial abuse, and therefore no appearance of vindictive prosecution arises merely because the prosecutor's action was taken after a defense right was exercised." *Gallegos-Curiel*, 681 F.2d at 1169 (internal citations omitted). Moreover, "[d]uring plea negotiations, . . . prosecutors may threaten additional charges and may carry through on this threat. This action alone does not violate a defendant's due process rights, nor does it create a presumption of vindictiveness." *United States v. Noushfar*, 78 F.3d 1442, 1446 (9th Cir. 1996) (internal citations omitted); *see also United States v. Hernandez-Herrera*, 273 F.3d 1213, 1217 (9th Cir. 2001) ("The fact that the prosecution eventually charged Herrera under § 1326, after Herrera refused to plead guilty, does not create a presumption of vindictiveness.").

Furthermore, even if the Defendant had established a prima facie showing of vindictiveness, the Government has met its burden of demonstrating that the additional charges in the First Superseding Indictment did not stem from a vindictive motive, or were justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness. The First Superseding Indictment was finalized and approved before the continuing plea discussions that occurred on April 30, 2015 and was the result of the continuing investigation and the careful

Initials of Deputy Clerk  sr

consideration of new charges.

Defendant heavily relies on *United States v. Jenkins*, 504 F.3d 694 (9th Cir. 2007) in support of his motion to dismiss the First Superseding Indictment for prosecutorial vindictiveness. The Court, however, finds *Jenkins* inapposite. In *Jenkins*, the Ninth Circuit noted that the *only* circumstance that had changed before the new charges were filed was defendant's testimony in her own defense at trial. The Ninth Circuit stated, "[t]he case before us presents an unusual situation because the government's alien smuggling case essentially was open and shut even before Jenkins testified in court." *Id.* 504 F.3d at 700. In contrast, in this case, the Government has taken numerous investigative steps, and obtained additional evidence, since the filing of the original indictment. Moreover, in *Jenkins*, the Government filed the new charges *after* trial had already begun on the prior charge. As the Supreme Court stated in *United States v. Goodwin*, 457 U.S. 368 (1982):

> There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the State has discovered and assessed all of the information against an accused and has made a determination, on the basis of that information, of the extent to which he should be prosecuted. Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.
>
> In addition, a defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by jury. It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter. The invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates.
>
> Thus, the timing of the prosecutor's action in this case suggests that a presumption of vindictiveness is not warranted. A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct. As we made clear in *Bordenkircher*, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution.

*Id.* at 381-82 (footnotes omitted).

      Defendant also argues that the First Superseding Indictment should be dismissed under the doctrines of collateral estoppel and compulsory joinder.  However, these doctrines are plainly inapplicable and do not require the dismissal of the First Superseding Indictment,  where the prior charge has not yet been "litigated," no issue has been "necessarily decided," and Defendant has not yet been tried.  *See United States v. Hernandez*, 572 F.2d 218, 220 (9th Cir. 1978); *Green v. United States*, 355 U.S. 184, 187-88 (1957).

      For the foregoing reasons, Defendant's Motion to Dismiss Superseding Indictment is **DENIED**.

      IT IS SO ORDERED.

Initials of Deputy Clerk  sr