HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
Seema Ahmad (Bar No. 270992)
(E-Mail: Seema_Ahmad@fd.org)
Ashfaq G. Chowdhury (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 15-00131-JFW |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS COUNT SEVEN OF THE FIRST SUPERSEDING INDICTMENT** |
| v. | |
| TEOFIL BRANK, | **Proposed Hearing Date: May 8, 2015** |
| Defendant. | **Proposed Hearing Time: 2:30 p.m.** |

TO: UNITED STATES ATTORNEY STEPHANIE YONEKURA AND ASSISTANT UNITED STATES ATTORNEYS KIMBERLY JAIMEZ AND VANESSA BAEHR-JONES:

PLEASE TAKE NOTICE that on May 8, 2015, at 2:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John F. Walter, United States District Judge, Defendant Teofil Brank will bring on for hearing the following Motion:

//

1

**MOTION**

Defendant Teofil Brank, through his attorneys of record, Deputy Federal Public Defenders Seema Ahmad and Ashfaq G. Chowdhury, hereby moves this Honorable Court for dismissal of Count Seven of the First Superseding Indictment filed on May 7, 2015, charging Mr. Brank with a violation of 18 U.S.C. § 924(c).

This Motion is based on the attached Memorandum of Points and Authorities, all files and records in this case, and any further evidence and argument as may be adduced at the hearing on this motion.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender


DATED: May 8, 2015          By  */s/ Ashfaq G. Chowdhury*
                            SEEMA AHMAD
                            ASHFAQ G. CHOWDHURY
                            Deputy Federal Public Defender
                            Attorneys for Teofil Brank

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mr. Brank moves, pursuant to Federal Rule of Criminal Procedure Rule 12(b)(3), to dismiss Count 7 of the First Superseding Indictment (FSI), which charges Mr. Brank with a violation of 18 U.S.C. § 924(c).

On May 4, 2015, the Court issued an order granting Mr. Brank's motion to suppress the results of a search of his backpack, found in the car of Etienne Yim on March 4, 2015.  Docket No. 64.  That search had revealed a Colt revolver and ammunition inside the backpack.  Despite this ruling, the government has stated that it intends to proceed on a charge of 18 U.S.C. § 924(c), set out in Count 7 of the First Superseding Indictment (FSI), filed on May 7, 2015.  Docket No. 93.

Pursuant to the Court's order, the government submitted an offer of proof as to the § 924(c) charge set out in Count 7 of the FSI.  Docket No. 92.

Mr. Brank moves to dismiss Count 7 on the following grounds:

- Section 924(c) requires that the possession of the firearm be in furtherance of a drug crime or a crime of violence; none of the counts in the FSI is a crime of violence as that term is defined in § 924(c) or relevant case law;

- The testimony and evidence that the government intends to rely on is barred as fruit of the poisonous tree: the government never would have conducted the investigation into the gun if it had not found the gun through an illegal search; and

- Even if the government could evade the fruits-of-the-poisonous-tree doctrine, the offer of proof that the government has set forth to support its case on the § 924(c) count, taken on its face, is insufficient to support the charge.

Count 7 of the FSI should be dismissed.

1

## II.  BACKGROUND

For the purposes of this motion, Mr. Brank accepts the facts as set out in the government's offer of proof.  Docket No. 92.

## III.  DISCUSSION

### A.  Legal Standard for Motion to Dismiss

"[A]t any time while the case is pending, the court may hear a claim that the indictment . . . fails . . . to state an offense."  Fed. R. Crim. P. 12(b)(3)(B).  An indictment that is insufficient fails to convey jurisdiction upon the district court and therefore must be dismissed.  *See United States v. Velasco-Medina*, 305 F.3d 839, 845-46 (9th Cir. 2002).  A district court may properly dismiss an indictment based on the resolution of a legal question in the presence of undisputed facts.  *United States v. Phillips*, 367 F.3d 846, 855 (9th Cir. 2004).  *See also United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976) (holding that court may make preliminary findings of fact as long as its findings do not invade the province of the ultimate finder of fact); *accord United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

### B.  Section 924(c) Requires that the Possession of the Firearm Be in Furtherance of a Drug Crime or a Crime of Violence; the FSI Charges No Crime of Violence

Individuals who "use[] or carr[y] a firearm, or who . . .  possess[] a firearm," "in furtherance of" "any crime of violence or drug trafficking crime" must be sentenced to a five-year prison term in addition to any sentence warranted by their conviction for the underlying crime.  18 U.S.C. § 924(c)(1).

There is no drug-trafficking crime alleged here.  So the question is whether the FSI charges any crime of violence.  The FSI charges the following crimes:

- 18 U.S.C. § 875(d): Transmitting threatening communications with intent to extort;
- 18 U.S.C. § 1951(a): Extortion and attempted extortion affecting interstate commerce by nonviolent threat;

2

- 18 U.S.C. § 880: Receiving proceeds of extortion;
- 18 U.S.C. § 1952(a)(2): Use of an interstate facility to facilitate an unlawful activity.[1]

None of these counts charges a crime of violence.  Indeed, the description of the § 1951 counts in the FSI makes this explicit: those counts are described as charging extortion "committed by nonviolent threat."  Docket No. 93.  An examination of the FSI reveals that there is no allegation of any use of force or violence in connection with any of the counts.

Under 18 U.S.C. § 924(c)(3), a "crime of violence" is defined as a felony that

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[2]

A "crime of violence" is ordinarily designated as such by looking to the statutory definition of the crime, rather than the evidence presented to prove it.  *See, e.g., United States v. Amparo*, 68 F.3d 1222, 1225-26 (9th Cir. 1995).  The question is whether the crime with which the defendant was charged constitutes a crime of violence.  *United States v. Kennedy*, 133 F.3d 53, 56 (D.C.Cir. 1998).  "Congress took a categorical approach to predicate offenses" because "the practical difficulties and potential unfairness of a factual approach are daunting."  *Taylor v. United States*, 495 U.S. 575, 601 (1990).

---

[1] The FSI also includes a forfeiture count.

[2] The definition of "crime of violence" in the United States Sentencing Guidelines, § 4B1.2, which includes "extortion" on a list of crimes it defines as crimes of violence, is irrelevant here, where we are applying the statutory definition set out in 18 U.S.C. § 924(c)(3).

The predicate crime that the government apparently believes is a crime of violence is the violation of 18 U.S.C. § 1951 set out at Count 5 of the FSI.  Count 7, charging the violation of 18 U.S.C. § 924(c), states that Mr. Brank's possession of the gun was in furtherance of the attempted extortion charged in Count 5.  Docket No. 93.  The government will likely argue that § 1951 extortion, as charged in Count 5 of the FSI, is categorically, a crime of violence for purposes of § 924(c).  It is not.

As noted in *Kennedy*, "not all crimes under the Hobbs Act need be violent crimes."  133 F.3d at 57.  "Because the mere fact of conviction under the Hobbs Act does not establish whether a defendant was convicted of a violent or nonviolent crime, the Hobbs Act is one of the 'generic' crimes that requires further assessment by the district court."  *Id.*  The district court, when evaluating a crime of extortion under the Hobbs Act, is entitled to "look at the indictment or jury instructions to determine whether the charged crime [is] 'by its nature' a crime of violence pursuant to § 924(c)."  *Id.  Accord United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (where "the indictment expressly states which of the various permutations of § 1951 is the source of the conviction . . . [w]e may consider [the] indictment in determining the nature of an offense using the categorical approach."); *United States v. Piccolo*, 441 F.3d 1084, 1085-87 (9th Cir. 2006) (applying analysis set out *Mendez*);

Thus, applying the analysis above to Count 5 of the FSI, which is expressly designated as extortion "committed by nonviolent threat,"  Docket No. 93, it is plain that the count does not qualify as a crime of violence under § 924(c)(3).[3]

Examining the jury instructions proposed by the government confirms this: there is no element at all on Count 5 – or any other count -- involving the actual, attempted, or threatened use of force.  *See* Docket No. 69.

---

[3] This same analysis applies to every other count in the FSI.  Not one of the counts, as set out in the FSI, has an element of actual, attempted, or threatened use of force.

4

Count 5, and all of the counts in the FSI, have to do with what is charged here, in various ways: extortion "committed by nonviolent threats," namely, threats to reveal embarrassing information on social media.  An examination of the statutes, the FSI, and the jury instructions all make clear that there is no predicate charge involving a crime of violence.

Count 7 of the FSI should be dismissed.

## C.  Evidence of the Gun Is Barred As Fruit of the Poisonous Tree

The Court has suppressed the search of the backpack that revealed the gun.  Yet the government intends to reveal testimony and evidence that it obtained as a result of the illegal search of the backpack, which revealed the gun.  The proffered testimony of Yim and Williams regarding the gun, and the documents regarding the gun, are all products of the illegal search of the backpack.  *Wong Sun v. United States*, 371 U.S. 471 (1963).

The exclusionary rule applies not only to illegally obtained primary evidence, but also precludes using that primary evidence as a means to obtain other evidence. *United States v. Segura*, 468 U.S. 796 (1984); *United States v. Crews*, 445 U.S. 463, 469–71, (1980).  Pursuant to *Wong Sun*, the fruits of an illegal entry must be suppressed unless the government can demonstrate that an exception applies. *See, e.g., United States v. Rivas*, 157 F.3d 364, 368 (5th Cir.1998) ("Under the 'fruit of the poisonous tree' doctrine, all evidence derived from the exploitation of an illegal search or seizure must be suppressed, unless the Government shows that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the Fourth Amendment violation.").

The doctrine of inevitable discovery, which the government will surely argue, does not apply.  The government would not have known to ask Mr. Yim or Mr. Williams about a gun if they had not illegally searched the backpack and found the gun.

**D.** **The Offer of Proof Submitted by the Government, Taken on Its Face, Demonstrates that There Is Insufficient Evidence to Support the Charge of § 924(c)**

Even accepting that the government would be able to present and establish everything set out in its offer of proof, Docket No. 92, such proof would still be insufficient to carry the charge of violation of 18 U.S.C. § 924(c).

18 U.S.C. § 924(c) applies to "any person who, during and in relation to any crime of violence . . .  uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ."  Thus, the question is whether Mr. Brank (a) "use[d] or carrie[d]" a firearm "during and in relation to" a crime of violence, or (b) "possess[ed] a firarm" "in furtherance of any such crime."  The FSI charges Mr. Brank with the latter option, stating that he possessed the firearm in furtherance of attempted extortion.  But the government's offer of proof does not support this.

The government's proposed jury instructions discuss carrying the gun, "during and in relation to" the attempted extortion, which the jury instructions define as "facilitat[ing] or play[ing] a role in the crime."  Docket No. 69.

The offer of proof fails both these tests.  The gun was never taken out of its case, never taken out of its bag, and never taken out of Yim's car.  D.B. never knew about the gun or heard about the gun in any way.  In these circumstances, the government's offer of proof establishes that the government cannot sustain this charge.

//

//

//

//

//

//

//

6

# IV.CONCLUSION

For these reasons, Mr. Brank respectfully requests that this Court grant his motion and dismiss the Count 7 of the First Superseding Indictment, with prejudice.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED:  May 8, 2015          By  */s/ Ashfaq G. Chowdhury*
ASHFAQ G. CHOWDHURY
SEEMA AHMAD
Deputy Federal Public Defenders
Attorneys for Defendant, TEOFIL BRANK

7