HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
Seema Ahmad (Bar No. 270992)
(E-Mail: Seema_Ahmad@fd.org)
Ashfaq G. Chowdhury (Bar No. 243763)
(E-Mail:  Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TEOFIL BRANK,<br><br>Defendant. | Case No. CR 15-00131-JFW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS SUPERSEDING INDICTMENT; REPLY DECLARATION OF ASHFAQ G. CHOWDHURY**<br><br>**Hearing Date: May 8, 2015**<br><br>**Hearing Time: 10:00 a.m.** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government's opposition to Mr. Brank's Motion to Dismiss fails for the following reasons

- The government says it needed to do further legal analysis and government counsel needed to consult with supervisors and appellate attorneys in the two months between filing the Complaint on March 6, 2015 and obtaining the first superseding indictment on May 1, 2015. This explanation is not persuasive or credible.

- The government never denies that it had sufficient evidence to obtain an indictment with the new charges in the FSI at the time the government obtained the original indictment; instead, the record makes clear that the government simply spent time seeking to bolster its evidence.

- The government hangs much of its argument on a supposed plea bargaining process in which Mr. Brank rejected an offer from the government. No plea offer was ever made by the government, and the government cannot point to one. Mr. Brank has never had any offer to reject. The government points to a series of hints, feints, and cryptic notations and calls it an offer.

- The frailty of the government's position is highlighted by its argument that the Ninth Circuit decision directly on point, *United States v. Jenkins*, 504 F.3d 694 (9th Cir. 2007), was "incorrectly decided." *Jenkins* is good law, and controls here, whether the government agrees or not.

For these reasons, the Court should grant Mr. Brank's Motion and dismiss the superseding indictment, with prejudice.

## II. ARGUMENT

### A. The Government Explanation for the Untimely Filed FSI Is Not Credible

The government claims that after obtaining the original indictment, government counsel spent the "next month" "research[ing] the relevant case law to determine the

appropriate charges to account for defendant's conduct," and "consult[ing] with other sections of the U.S. Attorney's Office, including the Appeals Section, for assistance." Gov't Opp. at 4.

Respectfully, these are all steps that should be taken before obtaining an indictment. The government's Opposition and government counsel's declarations are silent as to what was done by government counsel in this case -- if anything -- between March 6, 2015 and March 18, 2015, when government counsel called defense counsel, demanding a waiver of the preliminary hearing, and making allusions to purported benefits that counsel for the government stated in writing that she would refuse to put in writing. Motion, Ex. A. The explanation the government offers for its delay in filing the untimely FSI is not persuasive or credible.

**B. The Government Does Not Deny that It Had the Information It Needed to Charge the New Counts in the FSI at the Time It Filed the Original Indictment**

Notably, nowhere does the government dispute that it had the information it needed to pursue an indictment on the new charges in the FSI at the time it filed the affidavit in support of the complaint in this matter, or by the time it obtained the original indictment. Contrary to the government's argument, Opp. at 17[1], that does matter, under the relevant case law. *Jenkins* 504 F.3d at 700 (appearance of vindictiveness found where government indicted defendant on new charges based on facts it already knew only after defendant asserted constitutional and procedural rights); *United States v. Groves*, 571 F.2d 450, 453, 453-54 (9th Cir. 1978) (finding appearance of vindictiveness when government knew of facts relating to second charge against defendant at the time first charge was brought, but only brought second charge once

---

[1] Claiming that Mr. Brank's argument that "[n]ot one of the counts relies on evidence that was not set out in the affidavit in support of the complaint" "is . . . patently false" and "fails to comport with any legal test . . . ." Govt Opp. at 14.

2

defendant moved to dismiss first charge); *accord United States v. Tobin*, 598 F. Supp. 2d 125, 130-33 (D.Me. 2009) (applying *Jenkins* and dismissing charges where government "could have readily brought [the new charges] before the initial indictment").

Instead, the government outlines a series of steps that amount to bolstering their case rather than uncovering evidence to support new charges. Consider the evidence the government points to, count-by-count

- Count Two of FSI: the government says it interviewed someone about information being passed to a blogger at Str8upgayporn.com. But the government does not explain how this information was necessary to proceed on Count Two, which charges a violation of 18 U.S.C. § 1951(a) because Mr. Brank allegedly "knowingly obtained personal property consisting of at least $500,000 from victim D.B., with victim D.B.'s consent, induced by the wrongful use of fear, by threatening to distribute sensitive information about victim D.B. on social media." This charge simply tracks the original charge.

- Counts Three and Four of FSI: the government says that it obtained "complete bank records for defendant showing his receipt of the $500,000 extorted payment." Got Opp. at 17. The government has maintained that it has had this information from the time Mr. Brank made his first appearance. The affidavit in support of the complaint references this transfer, and documents produced in discovery show that the government was in possession of information about Mr. Brank's accounts prior to March 20, 2015. Chowdhury Reply Decl., Ex. A (302 and financial Records).

- Counts Five and Six of FSI: the government says that it "completed the search of defendant's cellular telephone, which he had used to send the threatening text messages to D.B., only days before the original indictment

3

was returned and needed time to analyze the results of this search to determine whether this evidence would support additional charges," Govt Opp. at 17, but does not explain why the government could not have brought these charges in the original indictment.

- Count Seven of FSI: the government says it had to interview the registered owner of the gun who provided information about how Mr. Brank and Mr. Yim obtained the gun, Govt Opp. at 17, but the government doesn't explain why it could not have pursued the 18 U.S.C. § 924(c) charge from the beginning or why the interview with Mr. Williams changed or affected their charging decision. The government has known about the gun from the beginning, and had information tying it to Mr. Brank from the beginning. *See* Exhibit C, 302 of March 4, 2015 Interview with Etienne Yim; Exhibit D, 302 of March 4, 2015Arrest and Search of Car.

Moreover, even taking all of the government's contentions about the investigative steps that they had to take in order to decide whether to file the FSI at face value and accepting the government's purported rationales for why it was only after this additional investigation that they could file the FSI, the government's own Statement of Facts makes clear that the government obtained the last portion of information -- "complete bank records from Wells Fargo confirming defendant's receipt of $500,000 from Victim D.B." -- on April 23, 2015. Govt Opp. at 6. The government fails to explain what took an additional week for it to seek the FSI. Significantly, in the week following April 23, 2015, the following took place:

- On April 24, 2015, Mr. Brank filed *in camera* applications for Rule 17 document subpoenas;
- On April 29, 2015, Mr. Brank served a trial subpoena on D.B.
- On April 30, 2015, Mr. Brank filed two motions *in limine* and opposed the government's motion in limine.

The government sought and obtained the superseding indictment on May 1,

4

2015.

And finally, the government's discussion of *Jenkins* simply makes Mr. Brank's point: as the government notes, in *Jenkins*, the government brought the new alien-smuggling charge because "Jenkins' testimony strengthened the case." Govt Opp. at 21, citing *Jenkins*, 504 F.3d at 700. That is precisely the situation here: the government spent time after the original indictment "strengthen[ing] its case." *See* Govt Opp. at 17.

### C. The Government Has Never Made Any Plea Offer in This Case and Mr. Brank Has Never Been Presented with Any Plea Offer to Reject

The government has never made a plea offer in this case for Mr. Brank to consider, in writing or verbally, as is evident from a reading of the government Opposition and the attached declarations. Chowdhury Reply Declaration at ¶ 2. The government apparently believes that the various hints, feints, and cryptic notations it alludes to in its papers somehow, cobbled together, constituted a "plea offer." They did not. If there was a plea offer, the government should point to it.[2]

On April 30, 2015, Mr. Brank proposed a misdemeanor disposition to the government. At that time the government had, unbeknownst to Mr. Brank, already decided to go forward in obtaining a FSI. Moreover, the government rejected any misdemeanor disposition during the April 30, 2015 call between counsel. Repy Chowdhury Decl. at ¶ 3. Mr. Brank's offer to plead to a misdemeanor, and the government's rejection of that offer, cannot be sensibly read, as the government suggests, as *Mr. Brank's* rejection of a "plea offer" *from the government*.

As a result, the apparent linchpin of the government's argument, the point that the government characterizes as "[m]ost significant, for the purposes of the instant motion," namely, that "no presumption of vindictiveness arises when a prosecutor files more serious charges after a defendant rejects a proposed plea bargain," is inapposite

---

[2] Notably, neither counsel for the government states in their declarations that any plea offer was ever made to Mr. Brank.

5

and irrelevant to the facts here.  Govt Opp. at 13-15; *see also id.* at 14 (analogizing facts of this case to those in *United States v. Gamez-Orduno*, 235 F.3d 453, 463 (9th Cir. 2000), where "prosecutor filed a superseding indictment after the defendants rejected a plea offer"); *id.* at 15 (analogizing facts of this case to *United States v. Gastelum-Almeida*, 298 F.3d 1167, 1172 (9th Cir. 2002) where "superseding indictment added . . . count after defendant rejected government's plea offer).

### D. The Ninth Circuit's Decision in *United States v. Jenkins* Is Binding Precedent that Controls the Outcome Here, Despite the Government's Contention that the Decision Was "Incorrectly Decided"

. The government grasps for straws when it argues that *Jenkins* was "incorrectly decided."  Govt Opp. at 21 n.5.  It was not, and the decision remains binding law in this circuit.

The government also fails to recognize that *Jenkins* remains good law that is consistently applied throughout this circuit and beyond.  *See, e.g., United States v. John*, No. CR 11-8056-PCT, 2012 WL 1842789, at *5-6 (D.Ariz. May 21, 2012) (applying *Jenkins* and dismissing charges as vindictively filed); *United States v. Mondragon*, No. 10-CR-5220-RBL, 2012 WL 5914914, at *8-10 (W.D.Wash. Nov. 16, 2012) (same); *Tobin*, 598 F. Supp. 2d at 130-33 (same); *see also United States v. Korey*, 614 F. Supp. 2d 573, 584-87 (W.D.Pa. 2009) (citing *Jenkins* and dismissing charges as vindictively filed); *United States v. In Hyuk Kim* CR No. 07-00064, 2009 WL 5033934, at *7-10 (D.Guam Dec. 8, 2009) (same).

For the reasons set out in Mr. Brank's moving papers, *Jenkins* is on all fours with this case and, along with *Groves*, 571 F.2d at 453-54, dictates the result here.  The FSI should be dismissed.

//
//
//
//

6

## III. CONCLUSION

For the reasons set out above and in his moving papers, Mr. Brank respectfully requests that this Court grant his motion and dismiss the charges in the May 1, 2015 superseding indictment, with prejudice.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: May 6, 2015          By  */s/ Ashfaq G. Chowdhury*
                                ASHFAQ G. CHOWDHURY
                                SEEMA AHMAD
                                Deputy Federal Public Defenders
                                Attorneys for Defendant, TEOFIL BRANK

# REPLY DECLARATION OF ASHFAQ G. CHOWDHURY

I, Ashfaq G. Chowdhury, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California. I am assigned to represent Teofil Brank in CR 15-131-JFW.

2. The government has never made a plea offer in this case. The defense has never received a plea offer in this case. Nor has the government ever suggested, in writing or verbally, that Mr. Brank should plead guilty to any particular charge.

3. During the April 30, 2015, phone call between AUSAs Jaimez and Baehr-Jones and defense counsel, Ms. Baehr-Jones informed us that the misdemeanor disposition defense counsel had suggested earlier was "off the table." Attached to this declaration as Exhibit A is a true and correct copy of my notes from this April 30, 2015 conversation. It was therefore our understanding that the government had unequivocally rejected our offer to resolve the case.

4. Attached as Exhibit B to this declaration are true and correct copies of a FBI report of investigation and documents from Wells Fargo and Goldman Sachs produced to Mr. Brank in discovery.

5. Attached as Exhibit C to this declaration is a true and correct copy of a FBI report of an interview with Etienne Yim.

//
//
//
//
//
//

8

6. Attached as Exhibit D to this declaration is a true and correct copy of the FBI report of the March 4, 2015 arrest of Mr. Brank and search of Mr. Yim's car and Mr. Brank's backpack.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: May 6, 2015          /s/ *Ashfaq G. Chowdhury*

　　　　　　　　　　　　　　Ashfaq G. Chowdhury
　　　　　　　　　　　　　　Deputy Federal Public Defender