STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
VANESSA BAEHR-JONES (Cal. Bar No. 281715)
Assistant United States Attorney
General Crimes Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3779
    Facsimile: (213) 894-0142
    E-mail:   kimberly.jaimez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>TEOFIL BRANK,<br><br>      Defendant. | CR No. 15-0131(A)-JFW<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:   5-19-15**<br>**[PROPOSED TRIAL DATE]: 7-7-15** |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kimberly D. Jaimez and Vanessa Baehr-Jones, and defendant TEOFIL BRANK, both individually and by and through his counsel of record, Deputy Federal Public Defenders Seema Ahmad and Ashfaq G. Chowdhury, hereby stipulate as follows:

1.  The Indictment in this case was filed on March 20, 2015. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 6, 2015. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 29, 2015.

2.  On March 27, 2015, the Court set a trial date of May 12, 2015, a status conference date of May 4, 2015, and a motion schedule as follows: motions to be filed on or before April 16, 2015; oppositions to be filed on or before April 27, 2015; replies, if any, to be filed on or before April 30, 2015; and the hearing on motions (and a status conference) to be held on May 4, 2015, at 9:00 a.m.

3.  Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4.  By this stipulation, defendant moves to continue the trial date to July 7, 2015. Further, the parties request the following briefing and hearing schedule: motions (other than motions <u>in limine</u>) to be filed on or before May 15, 2015; oppositions to be filed on or before May 29, 2015; replies, if any, to be filed on or before June 5, 2015; and the hearing on motions and the interim status conference to be held on June 18, 2015, at 9:00 a.m. (or at a time convenient to the Court); joint motions <u>in limine</u> to be filed by June 19, 2015; and the hearing on the motions <u>in limine</u> and the final status conference to be held on June 26, 2015, at 9:00 a.m. (or at a time convenient to the Court). This is the first request for a continuance.

5.  This Court held a status conference in this matter on May 8, 2015. At that conference, at the request of defendant, the Court granted a continuance of the trial date and ordered the parties to

2

1  meet and confer with respect to the continued trial date and briefing
2  schedule.  The aforementioned schedule is the result of such
3  conference and mutual agreement of the parties.
4      6.   The parties request the continuance based upon the
5  following facts, which they believe demonstrate good cause to support
6  the appropriate findings under the Speedy Trial Act and which
7  supplement the findings made by the Court at the status conference:
8           a.   Defendant is charged in a seven-count first
9  superseding indictment with transmitting threatening communications
10 with intent to extort, in violation of 18 U.S.C. § 875(d); extortion
11 and attempted extortion affecting interstate commerce by nonviolent
12 threat, in violation of 18 U.S.C. § 1951(a); receiving proceeds of
13 extortion, in violation of 18 U.S.C. § 880; use of an interstate
14 facility to facilitate an unlawful activity, in violation of 18
15 U.S.C. § 1952(a)(3); and possession of a firearm in furtherance of a
16 crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  The
17 government has produced discovery to the defense, including 3423
18 pages of written reports and records, five audio recordings, three
19 video recordings, and two discs containing cellphone digital files.
20          b.   Defense counsel Deputy Federal Public Defender Ashfaq
21 G. Chowdhury is presently scheduled to report for jury duty during
22 the week of June 8, 2015.  Accordingly, defense counsel represent
23 that they will not be available to try this case during the week of
24 June 8, 2015.
25          c.   In light of the foregoing, counsel for defendant also
26 represent that additional time through July 7, 2015, is necessary to
27 confer with defendant regarding the new counts in the first
28 superseding indictment, conduct and complete an independent

investigation of the case, conduct and complete additional legal research including for potential pre-trial motions related to the first superseding indictment, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d.    On May 2, 2015, defendant filed the Motion to Dismiss Case (Superseding Indictment filed on May 1, 2015) (Dkt. No. 62). The Court denied the motion on May 7, 2015, in the Order Denying Defendant's Motion to Dismiss Superseding Indictment (Dkt. No. 88).

        e.    On May 8, 2015, defendant filed the Motion to Dismiss Count Seven of the First Superseding Indictment (Dkt. No. 97). On May 15, 2015, defendant filed the Motion to Suppress Evidence and noticed a hearing date of June 18, 2015 (Dkt. No. 117).

        f.    Defense counsel has spoken to their client about the client's rights under the Speedy Trial Act, the client understands those rights as well as the ramifications of requesting a continuance, but the client does not wish to waive his rights. Nonetheless, defense counsel believes that the additional time requested is necessary in order to effectively represent their client and adequately prepare for trial. In light of the foregoing, counsel for the defendant represents that a failure to grant the requested continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        g.    The government does not object to the continuance.

   h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 2, 2015 to July 7, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  8. In addition, the parties agree that the time period of May 2, 2015 to June 18, 2015 (i.e., the motion hearing date), inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from the pretrial motions to dismiss.

  9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 18, 2015                     Respectfully submitted,

                                        STEPHANIE YONEKURA
                                        Acting United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        KIMBERLY D. JAIMEZ
                                        VANESSA BAEHR-JONES
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA


Dated: May 18, 2015                           /s/   *[with permission]*
                                        SEEMA AHMAD
                                        ASHFAQ G. CHOWDHURY
                                        Deputy Federal Public Defenders

                                        Attorneys for Defendant
                                        TEOFIL BRANK