STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
     1400/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779/4849
     Facsimile: (213) 894-0141
     E-mail:   eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-0131(A)-JFW |
|---|---|
| Plaintiff, | JOINT MEMORANDUM OF LAW CONCERNING DISPUTED JURY INSTRUCTIONS |
| v. | Trial Date:   July 7, 2015 |
| TEOFIL BRANK, | Trial Time:   8:30 a.m. |
| Defendant. | Location:   Courtroom of the Honorable John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Eddie A. Jauregui, and defendant Teofil Brank, by and through his counsel of record, Deputy Federal Public Defenders Seema

//
//
//

Ahmad and Ashfaq G. Chowdhury, hereby file this Joint Memorandum of Law Concerning Disputed Jury Instructions.

Dated: June 15, 2015              Respectfully submitted,

                                 STEPHANIE YONEKURA
                                 Acting United States Attorney

                                 ROBERT E. DUGDALE
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____/s/_____
                                 EDDIE A. JAUREGUI
                                 KIMBERLY D. JAIMEZ
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA


                                 /s/ with e-mail authorization from
                                 Seema Ahmad
                                 SEEMA AHMAD
                                 ASHFAQ G. CHOWDHURY
                                 Deputy Federal Public Defenders

                                 Attorneys for Defendant
                                 TEOFIL BRANK

**JOINT MEMORANDUM OF LAW**

**I.    Disputed Instruction No. 12 Regarding Elements of Transmitting a Threat in Interstate or Foreign Commerce – Count One**

**A.    Government's Proposed Instruction**

1.    Text of Proposed Instruction

The defendant is charged in Count One of the Indictment with transmitting threatening communications with intent to extort, in violation of Section 875(d) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant knowingly sent a communication in interstate commerce containing a true threat to damage the reputation of another, in this case D.B.; and

Second, defendant did so with the intent to extort money or something else of value from D.B.

To act with "intent to extort" means to act with the purpose of obtaining money or something of value from someone who consents because of fear.

2.    Government's Position

The government's proposed instruction is consistent with the terms of 18 U.S.C. § 875(d) and the authorities cited in support of Government's Proposed Instruction No. 12.

3.    Defendant's Position

The government's instruction reads out the wrongfulness requirement from the elements, and eliminates the claim-of-right defense. See Defendant's Position in Support of Wrongfulness Instruction, Disputed Instruction No. 13.

Mr. Brank incorporates the arguments made in support of this instruction in the previous Joint Memorandum of Law Concerning Jury Instructions.  Docket No. 72.

**B.   Defendant's Proposed Instruction**

1.   Text of Proposed Instruction

Defendant is accused of transmitting a threat in interstate or foreign commerce. It is against federal law to transmit any communication in interstate or foreign commerce that contains any threat to injure a person.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that the communication was sent in interstate commerce, meaning that the sender and recipient were located in separate states at the time the message was sent and received;

Second, that the defendant intended to transmit the communication; and

Third, that the communication contained a true threat to injure someone's reputation.

In determining whether a communication is a true threat you must use find that it meets both an objective and a subjective standard.

As to the objective standard, a true threat is one that a reasonable recipient, familiar with the context of the communication, would find threatening and that defendant reasonably should have foreseen would be taken as a threat.

As to the subjective standard, a true threat is one that the defendant subjectively intended to be understood as a threat.

2

1
2. <u>Defendant's Position</u>

2     For Defendant's argument in support of this instruction, please

3 see Defendant's Position in objecting to Government's Disputed

4 Instruction No. 12.

5
3. <u>Government's Position</u>

6     Defendant cites <u>United States v. Bagdasarian</u>, 652 F.3d 1113,

7 1118 (9th Cir. 2011) for the proposition that an objective and

8 subjective analysis is required for evaluating whether the defendant

9 intended the statement to be understood as a threat.  However,

10 <u>Bagdasarian</u> addressed the intent requirements of a different statute,

11 18 U.S.C. § 879(a)(3), which criminalizes making true threats to kill

12 or injure a major candidate for President.  There, the Ninth Circuit

13 specifically noted that "with respect to some threat statutes, we

14 require that the purported threat meet an objective standard in

15 addition, and for some we do not."  <u>Id.</u> at 1117 and n.14 (adding also

16 that 18 U.S.C. § § 871 does not include an objective and subjective

17 test).  Adding a subjective/objective test here is not supported by

18 any Ninth Circuit law, <u>see</u> <u>United States v. Williams</u>, 492 F. App'x

19 777, 779 (9th Cir. 2012) ("This Court has never interpreted § 875 to

20 require proof that a threat was objectively threatening"), and would

21 only serve to confuse the jury about the appropriate intent necessary

22 to commit the offense.

23     Additionally, as discussed in detail below in response to

24 defendant's proposed instruction on wrongfulness, Disputed

25 Instruction No. 13, defendant is not entitled to a "claim of right"

26

27

28

instruction because the threats here were inherently wrongful.  <u>See</u>
<u>United States v. Villalobos</u>, 748 F.3d 953 (9th Cir. 2014).[1]

**II.   Disputed Instruction No. 13 Regarding Wrongfulness — Instruction**
  **Requested by Defendant for Counts One, Two, and Five**
  **A.   Defendant's Proposed Instruction**
   **1.   <u>Text of Proposed Instruction</u>**

You must also determine whether the alleged threat was wrongful.
A threat is not wrongful if the defendant actually believed that he
was entitled to the property he was demanding.

You may not find defendant guilty of Count One, Two, or Five
unless you find that, in connection with those counts, the defendant
did not believe that he was entitled to the property he was
demanding.

   **2.   <u>Defendant's Position</u>**

The Hobbs Act defines extortion as "the obtaining of property
from another, with his consent, induced by wrongful use of actual or
threatened force, violence, or fear, or under color of official
right." 18 U.S.C. § 1951(b)(2).  Threats of economic harm made to
"obtain [ ] ... property from another," are not generally considered
"wrongful," where the alleged extortioner has or believes he has a
legitimate claim to the property obtained through such threats.  <u>See</u>
<u>Levitt v. Yelp! Inc.</u>, 765 F.3d 1123, 1131-32 (9th Cir. 2014);
<u>Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.</u>, 140 F.3d 494, 523
(3d Cir. 1998).

---

[1] As "there is strong evidence to suggest that Congress intended
extortion to mean the same thing in 18 U.S.C. § 875 as it does in the
Hobbs Act," <u>see</u> <u>United States v. Coss</u>, 677 F.3d 278, 285 (6th Cir.
2012), the government cites to Ninth Circuit case law addressing
wrongfulness in the context of the Hobbs Act, including <u>Villalobos</u>.
See Government's Position with regard to Disputed Instruction No. 13.

4

1      United States v. Enmons is the starting point for the
2  interpretation of "wrongful" in the extortion statute.   410 U.S. 396
3  (1973).  Enmons held that the use of violence in a labor strike to
4  obtain higher wages and other benefits did not constitute extortion
5  under the Hobbs Act.   Id. at 400.   Enmons explained that "[t]he term
6  'wrongful,' which ... modifies the use of each of the enumerated
7  means of obtaining property — actual or threatened force, violence,
8  or fear — would be superfluous if it only served to describe the
9  means used."  Id. at 399.   Enmons's reasoning "created the claim of
10 right defense to charges of extortion under the Hobbs Act."   United
11 States v. Sturm, 870 F.2d 769, 772 (1st Cir. 1989).

12     The Ninth Circuit has declined to extend the claim-of-right
13 defense to the use or threat of violence, because violence is
14 inherently wrongful.   United States v. Daane, 475 F.3d 1114, 1119
15 (9th Cir. 2007).

16     But though the claim-of-right defense has been limited in other
17 contexts, it continues to apply to allegations of extortion involving
18 threats of economic harm.   So long as the alleged extortioner seeks
19 payment for services that have some value, he has is entitled to use
20 threats of economic harm.  See Levitt, 1131-32 (9th Cir. 2014);
21 United States v. Villalobos, 748 F.3d 953, 956-57 (9th Cir. 2014);
22 see also George Lussier Enters., Inc. v. Subaru of New England, Inc.,
23 393 F.3d 36, 50 (1st Cir. 2004); Sturm, 870 F.2d at 774.   As the
24 Ninth Circuit recently put it,

25     "[T]here is nothing inherently wrongful about the use of
26     economic fear to obtain property." . . . . "[T]he fear of
27     economic loss is a driving force of our economy that plays
28     an important role in many legitimate business

5

transactions." . . . . Courts must therefore differentiate
between legitimate use of economic fear—hard bargaining—and
wrongful use of such fear—extortion. . . . .
"Distinguishing between hard bargaining and extortion can
be difficult."
United Broth. of Carpenters and Joiners of America v. Building and
Const. Trades Dept., AFL-CIO, 770 F.3d 834, 838 (9th Cir. 2014)
(citations omitted).

There do not appear to be any cases holding that, for the
purposes of the Hobbs Act, the use of fear via nonviolent threats to
reputation is inherently wrongful.  Counsel for Mr. Brank have asked
the government to point out such a case; the government has yet to do
so.  Putting aside the issue of whether nonviolent threats to
reputation even fall within the definition of "fear" in the Hobbs
Act, it is clear that the claim-of-right defense would apply to such
threats, as they would to nonviolent threats of economic harm.
Levitt, 765 F.3d at 1131-32.

The requirement of wrongfulness and the claim-of-right defense
also apply in charges of 18 U.S.C. § 875(d).  See United States v.
Jackson, 180 F.3d 55, 66-70 (2d Cir. 1999) (applying claim-of-right
to 18 U.S.C. § 875(d)); United States v. Klos, CR 11-233-PHX, 2012 WL
4120413, at * 3 (D.Ariz. Sept. 19, 2012) (same).

Because the claim-of-right defense applies, the government must
prove that Mr. Brank knew he was not entitled to the property that he
received or attempted to receive.  Sturm, 870 F.2d at 774.

3.  Government's Position

The government submits that a separate instruction regarding
wrongfulness is not appropriate under the facts of this case, nor

6

does the text of defendant's proposed instruction properly state the law.  Defendant's proposed instruction restates and reformulates the "claim of right" instruction found in Ninth Circuit Model Jury Instruction No. 8.142A, Hobbs Act — Extortion or Attempted Extortion by Nonviolent Threat ("A threat is wrongful [if it is unlawful] [or] [if the defendant knew [he] [she] was not entitled to obtain the property].").  But this instruction is not applicable where the threat is inherently wrongful.  See United States v. Villalobos, 748 F.3d 953, 956 (9th Cir. 2014) (recognizing that some attempts to obtain property are "so inherently wrongful that whether the defendant had a lawful claim to the property demanded is not relevant in determining whether extortion or attempted extortion has been proven") (citing United States v. Daane, 475 F.3d 1114, 1119 (9th Cir. 2007)); see also Ninth Circuit Model Jury Instruction 8.142 (Extortion or Attempted Extortion by Force) (which does not include a claim-of-right/wrongfulness instruction).

Here, defendant threatened to disclose embarrassing, sensitive information of a sexual nature about the Victim D.B. on defendant's Twitter account (which has several thousand followers) if D.B. refused to comply with defendant's demands for an Audi R8 and $500,000, and, ultimately, an additional $1 million.  Such a threat is always wrongful, regardless of whether defendant actually or reasonably believed that he was entitled to the car and the $1.5 million.  In the context of a reputational threat, if there is no nexus between the threatened information and the act for which defendant was allegedly seeking compensation, then the use of the threat to attempt to regain the property or proceeds is inherently

1   wrongful, see United States v. Jackson, 180 F.3d 55, 70 (2d Cir.

2   1999), and no claim of right defense applies.

3        In Jackson, which involved threats against entertainer Bill

4   Cosby to disclose that Cosby was defendant's father, the Second

5   Circuit Court of Appeals recognized that certain threats to

6   reputation are "inherently wrongful," including threats to disclose

7   "such matters as sexual indiscretions that have no nexus with any

8   plausible claim of right," 180 F.3d at 70; however, the court also

9   held that the question whether there was such a nexus was a question

10  of fact that should have been put to the jury.  Id., 180 F.3d at 71.[2]

11  The government submits that, like violence and threats of violence

12  outside the labor context, threats to publicly disclose information

13  about a victim's private sexual conduct in order to obtain property

14  are inherently (i.e. always) wrongful, regardless of defendant's

15  claim of right to the property demanded, and thus a "claim of right"

16  instruction should not be given in those circumstances.  Just as "you

17  cannot beat someone up to collect a debt, even if you believe he owes

18  it to you," Daane, 475 F.3d at 1120 (quoting United States v. Castor,

19  937 F.2d 293 (7th Cir. 1991)), you also cannot expose or threaten to

20  expose a person's sexual secrets in an effort to collect money or

21

22

23        [2] On rehearing, the Second Circuit held that the district
    court's failure to instruct the jury as to wrongfulness was harmless
24  error because the evidence established that defendant's threat to
    disclose to a newspaper that Cosby was her father unless Cosby paid
25  defendant $40 million was "inherently wrongful."  See United States
    v. Jackson, 196 F.3d 383, 389 (2d Cir. 1999) ("We are persuaded that
26  no rational juror would reach a different conclusion, and we think it
    clear beyond a reasonable doubt that, even had the excluded evidence
27  been admitted, the jury would have found these defendants guilty if
    the court had properly instructed that the threat must be
28  wrongful.").

                                    8

1   property.[3]   Moreover, defendant has not proffered any evidence that

2   he had a plausible claim of right to the $1.5 million and the Audi R8

3   he demanded from the victim in this case.   Under these circumstances,

4   the defendant is not entitled to a claim of right defense and the

5   Court need not give a claim-of-right/wrongfulness instruction.   See

6   Villalobos, 748 F.3d at 956 (some attempts to obtain property are "so

7   inherently wrongful that whether the defendant had a lawful claim to

8   the property demanded is not relevant in determining whether

9   extortion or attempted extortion has been proven"); see also United

10  States v. Amaro, --- F. App'x ---, 2015 WL 3451773, at *1 (9th Cir.

11  June 1, 2015) (not error to refuse to give jury instruction because

12  proposed instruction "had no foundation in evidence").

13        Defendant's reliance on cases holding that a claim of right

14  defense is appropriate where the threat of harm is economic is

15  misplaced, as the threats here were not threats of economic harm, but

16  instead threats to injure the victim's personal reputation.[4]

---

18        [3] For example, if a customer of a company believes the company
    owes her money for a broken product she received in the mail, and in
19  looking for contact information for the company's CEO, discovers
    salacious details about the CEO's sex life online, the claim of right
20  defense would not act as a defense if she threatened to tweet about
    the details of the CEO's sex life if the company did not pay her back
21  for the damaged product.   Such a tweet would be inherently wrong,
    even assuming the customer was entitled to reimbursement for the
22  broken product.

23        [4] Should the Court determine that a "claim of
    right"/wrongfulness instruction is appropriate under facts of this
24  case, the government would request the following instruction:

25        "You must also determine whether the alleged threat was
        wrongful.   A threat to publicly disclose a person's sexual
26        secrets or indiscretions is wrongful where the threat was issued
        in connection with a claim for money or property to which the
27        defendant had no right and could not reasonably believe he had a
        right, or which had no nexus (that is, no connection) to a
        legitimate claim for money or property.   A threat is also
28        wrongful where actual disclosure of the threatened information
                                    *(footnote cont'd on next page)*

9

## III. Disputed Instruction No. 14 Regarding Elements of Count Two: Extortion by Nonviolent Threat

### A.   Government's Proposed Instruction

#### 1.   Text of Instruction

The defendant is charged in Count Two of the indictment with extortion by nonviolent threat in violation of Section 1951(a) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced D.B. to part with property by wrongful threat of reputational harm;

Second, the defendant acted with the intent to obtain property;

Third, commerce from one state to another was affected in some way.

#### 2.   Defendant's Position

The government's proposed instruction reads out the claim-of-right defense from the elements by improperly modifying Model Instruction No. 8.142.  Mr. Brank's regarding this point is set out above in his position in support of Defendant's Disputed Instruction No. 13 on Wrongfulness.

Moreover, the government's instructions improperly modify the Model Instruction by replacing "fear" with "wrongful threat of reputational harm."  The threat of reputational harm is not cognizable as "fear" under the Hobbs Act.  Mr. Brank is unaware of a case in which reputational harm has been held to be cognizable as

would frustrate, rather than facilitate, the prospect of payment."
See Jackson, 180 F.3d at 71 (laying out framework outlined in government's proposed instruction).

"fear" for purposes of the Hobbs Act.  Yet, that is how the government has explicitly charged this case.  See Indictment, Count Two and Five.

The government's instruction fails to make clear that it is the government's burden to prove that defendant knew he was not entitled to the property he received or attempted to receive.  Sturm, 870 F.2d at 774.

**B.   Defendant's Proposed Instruction**

1.   Text of Instruction

The defendant is charged in Count Two of the indictment with extortion by fear in violation of Section 1951(a) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced D.B. to part with property by the wrongful use of actual or threatened fear;

Second, the defendant acted with the intent to obtain property that the defendant knew he was not entitled to receive;

Third, commerce from one state to another was affected in some way.

"Fear" means the fear of physical or economic harm.

2.   Government's Position

The government reiterates its position vis-à-vis defendant's "claim of right" defense, as articulated in its objection to defendant's Proposed Instruction No. 13.  Moreover, the government notes that its instruction, and particularly element two, tracks the language of model instruction 8.142A, which is the applicable instruction here.  Defendant appears to be relying on a former

11

version of model instruction 8.142, as the current version does not contain the language "that the defendant knew he was not entitled to receive."  See Model Jury Instruction 8.142 (Hobbs Act – Extortion or Attempted Extortion by Force) (approved 6/2014).

As to defendant's assertion that "fear" means only fear of physical or economic harm, that argument lacks a basis in law.  In United States v. Pascucci, 943 F.2d 1032 (9th Cir. 1991), the Court of Appeals affirmed defendant's convictions under 18 U.S.C. §§ 1951 and 875(d), where defendant threatened to disclose evidence of an extramarital affair to the victim's wife and employer if the victim did not pay defendant several thousand dollars.  As is the case here, the threat to the victim's reputation via disclosure of a sexual secret formed the basis of the extortion charges in Pascucci.

Moreover, as noted above, there is strong evidence to suggest that Congress intended extortion to mean the same thing in 18 U.S.C. § 875 as it does in the Hobbs Act, and Section 875(d) clearly encompasses threats to reputation.  See Jackson, 180 F.3d at 70 ("Given Congress's contemporaneous consideration of the predecessors of § 875(d) and the Hobbs Act, both of which focused on extortion, we infer that Congress's concept of extortion was the same with respect to both statutes.").  Although a large number of cases under the Hobbs Act involve fear of physical or economic harm, the statute does not limit the definition of extortion to those circumstances only.  See United States v. Abelis, 146 F.3d 73, 83 (2d Cir. 1998) (noting that Hobbs Act "leaves open the cause of the fear").  Indeed, as others have noted, the Hobbs Act and its predecessor, the Anti-Racketeering Act of 1934, 18 U.S.C. §§ 420a-420e, were modeled after New York law, which provided that fear, "such as will constitute

12

extortion, may be induced by a threat . . . to expose any secret." See N.Y. Penal Code, § 553 (1881) (discussed in James Lindgren, The Elusive Distinction Between Bribery and Extortion: From the Common Law to the Hobbs Act, 35 UCLA L. Rev. 815, 834 (1988)); see also Evans v. United States, 504 U.S. 255 (1992) (noting that Hobbs Act amended Anti-Racketeering Act, which was modeled on NY law); United States v. Cortes, 757 F.3d 850, 865 (9th Cir. 2014) ("Congress modeled the Hobbs Act after the New York Penal Code . . . ."); United States v. Jackson, 180 F.3d at 68 (noting that "the substance of the[] prohibitions" of the Anti-Racketeering Act and Hobbs Act "is the same").

**IV. Disputed Instruction No. 16 Regarding Elements of Counts Three and Four: Receiving Proceeds of Extortion**

    **A.   Government's Proposed Instruction**

        1.   <u>Text of Instruction</u>

The defendant is charged in Counts Three and Four of the indictment with receiving proceeds/property of extortion in violation of Section 880 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, defendant received, possessed, concealed, or disposed of money or other property;

Second, the property was obtained from the commission of the offense charged in count one, namely, transmitting threatening communications with intent to extort;

Third, the offense is punishable by imprisonment for more than one year; and

Fourth, defendant knew the money or other property had been unlawfully obtained.

### 2.   Government's Position

The government's instruction applies the plain terms of the statute, which can be readily understood by the jury.  The jury will have been instructed as to "intent to extort" under Count One.

### 3.   Defendant's Position

The defense and the government are in agreement as to the substance of Proposed Instruction No. 16 and the elements of 18 U.S.C. § 880.  The dispute, therefore, is only as to the manner in which the jury instruction is worded.  There is essentially no authority on jury instructions for 18 U.S.C. § 880.  There is no Ninth Circuit model instruction nor is there case law that addresses jury instructions for this statute.

The defense respectfully submits that its proposed instruction makes clear that Mr. Brank had to have known that the property and money transferred to him by D.B. was unlawfully obtained.  This is clear from the statute, which requires that the money or property was obtained through a violation of 18 U.S.C. § 875(d) and that the defendant knew the money or property had been unlawfully obtained. See 18 U.S.C. § 880.

### B.   Defendant's Proposed Instruction

### 1.   Text of Instruction

The defendant is charged in Counts Three and Four of the indictment with knowingly receiving proceeds/property of extortion in violation of Section 880 of Title 18 of the United States Code.

In order for the defendant to be found guilty of this charge, you must find that the government proved the following elements

14

beyond a reasonable doubt:

First, Defendant received, possessed, concealed, or disposed of money or other property;

Second, the money or property was the result of the offense charged in count one, namely, transmitting threatening communications with intent to extort; and

Third, Defendant knew he was receiving money or property illegally at the time that it was transferred to him.

If you find that the defendant believed, in his own mind, that the money or property was rightfully transferred to him, then he did not know he was receiving money or property illegally.

2.   Government's Position

Defendant's proposed element number three ("Third, Defendant knew he was receiving money or property illegally at the time that it was transferred to him.") does not correctly state the law or reflect the charges in the indictment.  Section 880's requirement that defendant know that the property was unlawfully obtained applies not only to receipt of the money or property, but also to possession, concealment and disposal of such property.  Thus, the law does not require that defendant know that he was receiving money or property illegally "at the time that it was transferred to him."  The government has charged Counts Three and Four in the conjunctive (i.e., defendant "received, possessed, concealed, and disposed of" money and property unlawfully obtained) and submits that its instruction captures all such conduct.

As to defendant's proposed claim of right instruction, the government respectfully refers back to its position above.

15

**V.    Disputed Instruction No. 17 Regarding Elements of Count Five: Attempted Extortion by Nonviolent Threat**

    **A.    Government's Proposed Instruction**

        1.    <u>Text of Instruction</u>

The defendant is charged in Count Five of the indictment with attempted extortion by nonviolent threat in violation of Section 1951(a) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to induce D.B. to part with property by wrongful threat of reputational harm;

Second, the defendant acted with the intent to obtain property;

Third, commerce from one state to another would have been affected in some way; and

Fourth, the defendant did something that was a substantial step toward committing the crime.

        2.    <u>Government's Position</u>

The government's proposed instruction tracks the Ninth Circuit model instruction, 8.142A, except as to the claim of right defense, which the government submits does not apply here.

        3.    <u>Defendant's Position</u>

See Defendant's Objection to Government's Disputed Instruction No. 14.

    **B.    Defendant's Proposed Instruction**

        1.    <u>Text of Instruction</u>

The defendant is charged in Count Five of the indictment with extortion by fear in violation of Section 1951(a) of Title 18 of the United States Code.  In order for the defendant to be found guilty of

16

that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced D.B. to part with property by the wrongful use of actual or threatened fear;

Second, the defendant acted with the intent to obtain property that the defendant knew he was not entitled to receive;

Third, commerce from one state to another was affected in some way;

Fourth, the defendant did something that was a substantial step toward committing the crime.

"Fear" means the fear of physical or economic harm.

### 2.   Government's Position

The government submits that its proposed instruction more accurately describes the law of attempt.

For the reasons stated above, the claim of right defense does not apply to the facts of the case.

Finally, neither the statute nor the case law support defendant's contention that fear means fear of physical or economic harm.  As noted above, the Hobbs Act also encompasses fear of reputational harm.

## VI.  Disputed Instruction No. 18 Regarding Elements of Count Six: Use of an Interstate Facility to Facilitate an Unlawful Activity

### A.   Government's Proposed Instruction

#### 1.   Text of Instruction

The defendant is charged in Count Six of the indictment with violating Section 1952(a)(3) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the

17

government must prove each of the following elements beyond a
reasonable doubt:

First, the defendant used a facility of interstate or foreign
commerce, namely a cellular telephone, with the intent to promote,
manage, establish, or carry on, or facilitate the promotion,
management, establishment, or carrying on of an unlawful activity,
namely, extortion offenses in violation of the laws of the State of
California and of the United States;

Second, after doing so the defendant attempted to perform acts
to promote, manage, establish, carry on, or facilitate the promotion,
management, establishment, and carrying on of, the extortion; and

Third, the defendant did something that was a substantial step
toward committing the crime.

Mere preparation is not a substantial step toward committing the
crime.  To constitute a substantial step, a defendant's act or
actions must demonstrate that the crime will take place unless
interrupted by independent circumstances.

2.   Government's Position

The government's proposed instruction tracks the Ninth Circuit's
model jury instruction, 8.144, as modified for attempt.

3.   Defendant's Position

As with Disputed Instruction 16, the defense and the government
agree as to the substance of Disputed Instruction No. 18.  The
instruction proposed by the defense seeks to clarify, for the jury,
that 18 U.S.C. 1952(a)(3) requires that the defendant intended to
conduct an unlawful activity at the time that the facility of
interstate commerce was used.  See United States v. Vaccaro,
abrogated on other grounds by Huddleston v. United States, 485 U.S.

18

681 (1988) ("it must be proved, not that the defendants knew interstate facilities were being utilized, but only that they knew they were facilitating an unlawful activity"); United States v. Smith, 789 F.2d 196, 204 (3d Cir. 1986)(Travel Act "requires proof that the 'individual used the facility of interstate commerce with the specific intent to promote, manage, establish or carry on an unlawful activity'"); United States v. Johnson, 961 F.2d 1488, 1491 (10th Cir. 1992) ("To establish a 'Travel Act' violation, the proof at trial must show that the Appellant: '(1) traveled or used facilities in interstate commerce; (2) with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of a prohibited activity; and (3) thereafter attempted to or did in fact engage in one of the proscribed activities.'(internal quotation omitted)).

**B.  Defendant's Proposed Instruction**

   1.  <u>Text of Instruction</u>

The defendant is charged in Count Six of the indictment with violating Section 1952(a)(3) of Title 18 of the United States Code. In order for the defendant to be found guilty, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant used a facility of interstate commerce, namely, a cellular phone;

Second, at the time he used the cellular phone, the defendant intended to promote, manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, namely, extortion offenses in violation of California and federal law;

Third, after using a cellular phone for an unlawful activity, defendant attempted to promote, manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity;

Fourth, the defendant did something that was a substantial step toward committing the crime.

If, when using the cellular phone, defendant did not intend to commit acts related to an unlawful activity, he did not possess the intent that is required for a conviction under this statute.

In addition, mere preparation is not a substantial step toward committing a crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

### 2. Government's Position

The additional "clarification" proposed by defendant is unnecessary given the clear language in the model instruction that defendant must have used a facility of interstate commerce "with the intent" to commit acts related to the unlawful activity.

## VII. Disputed Instruction No. 19 Regarding Elements of Count Seven: Possession of a Firearm in Furtherance of a Crime of Violence

### A. Government's Proposed Instruction

#### 1. Text of Instruction

The defendant is charged in Count Seven of the indictment with carrying a firearm during and in relation to a crime of violence in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of attempted extortion as charged in Count Five of the indictment, which I instruct you is a crime of violence;

Second, the defendant knowingly possessed a firearm, namely a Colt revolver; and

Third, the defendant possessed the firearm in furtherance of the crime of attempted extortion, as charged in Count Five of the indictment.

"Firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

        2.   Government's Position

Count Seven of the indictment charges defendant with possessing a firearm, namely a .357 caliber Colt Python revolver, in furtherance of a crime of violence.  The government's proposed jury instruction, which has been revised from the government's initial proposed instruction, follows Ninth Circuit Model Jury Instruction 8.72 (Firearms – Possession in Furtherance of Crime of Violence).  The government submits that the possession and joint possession language from Model Jury Instruction 3.17 are necessary given the facts of this case, namely that defendant had the firearm in his possession (in his backpack) and instructed another individual to use the

firearm, if necessary, at the time and place of the attempted
extortion on or about March 4, 2015.

          3.   <u>Defendant's Position</u>

     As an initial point, Defendant would object to the giving of
this instruction, because Count Five is not a crime of violence.  See
Docket Nos. 97 & 165.

     Moreover, the government's proposed instruction needlessly
modifies the Model Instruction (8.71).  Mr. Brank would request that
the Court, if it gives an instruction on this charge, simply apply
the Model Instruction set out at 8.72, which is the instruction for
possession of a firearm in furtherance of a crime of violence, which
is what Count Seven charges.  See First Superseding Indictment.

     The government's approach mixes and conflates separate
instructions.  The instruction should be given as a possession in
furtherance charge.  See First Superseding Indictment.  The
government wants the benefit of the "during and in relation to"
language from Model Instruction 8.71, while blending that instruction
with the possession language from Model Instruction 8.72.  There is
no need to add the language from Model Instruction 3.17.  Model
Instruction 3.17, in any event, refers the reader to Model
Instructions 8.71 and 8.72 for 18 U.S.C. § 924(c) charges.  Mr. Brank
is unaware of any case in this Circuit that has ever applied the 3.17
joint possession language to a 18 U.S.C. § 924(c) charge.  If the
government is aware of such a case, it should point it out.

**B.   Defendant's Proposed Instruction**

          1.   <u>Text of Instruction</u>

     The defendant is charged in Count Seven of the indictment with
possessing a firearm in furtherance of Attempted Extortion Affecting

Interstate Commerce by Nonviolent Threat in violation of Section 924(c) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Attempted Extortion Affecting Interstate Commerce as charged in Count Five of the indictment, which I instruct you is a crime of violence;

Second, the defendant knowingly possessed the Colt revolver during and in relation to the crime;

Third, the defendant possessed the firearm in furtherance of the crime of Attempted Extortion Affecting Interstate Commerce.

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

            2.   Government's Position

The government respectfully refers back to its position in support of Government's Proposed Instruction No. 19.