UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES

Case No.   **CR 15-131(A)-JFW**                                              Dated: June 18, 2015

========================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Eddie Jauregui |
| Courtroom Deputy | Court Reporter | Kimberly D. Jaimez |
| | | Jennifer Resnik |
| | | Asst. U.S. Attorney |
| | | Not Present |

========================================================================
U.S.A. vs (Dfts listed below)                    Attorneys for Defendants

1)   Teofil Brank                                1)   Seema Ahmad
     Not Present                                      Ashfaq G. Chowdhury
                                                      Not Present

_____

**PROCEEDINGS (IN CHAMBERS):**      **ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT SEVEN OF THE FIRST SUPERSEDING INDICTMENT**
**[filed 5/8/2015; Docket No. 97]**

On May 8, 2015, Defendant Teofil Brank ("Defendant") filed a Motion to Dismiss Count Seven of the First Superseding Indictment. On May 29, 2015, the Government filed its Opposition (under seal). On June 5, 2015, Defendant filed a Reply. The Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 23, 2015 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Defendant is charged in Count Seven of the First Superseding Indictment ("FSI") with a violation of 18 U.S.C. § 924(c), possessing a firearm in furtherance of a crime of violence, namely, attempted extortion affecting interstate commerce in violation of 18 U.S.C. § 1951(a) as charged in

Initials of Deputy Clerk   sr

Count Five of the FSI. Count Five charges:

> On or about March 3, 2015, . . . defendant[ ] TEOFIL BRANK . . . knowingly and with the intent to obtain property, attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, in that defendant BRANK knowingly attempted to obtain personal property consisting of at least $1,000,000 from victim D.B. with victim D.B.'s consent, induced by the wrongful use of fear, by threatening to distribute sensitive information about victim D.B. on social media, if victim D.B. refused to transfer money, a motorcycle, and the title to victim D.B.'s automobile to defendant BRANK.

FSI [Docket No. 93]. In the FSI, the crime charged in Count Five is described as "Attempted Extortion Affecting Interstate Commerce by Nonviolent Threat."

Defendant moves to dismiss Count Seven, in relevant part, on the grounds that the crime of attempted extortion, as charged in Count Five, is not a "crime of violence" as defined in 18 U.S.C. § 924(c)(3).[1]

## II.    LEGAL STANDARD

A defendant may move to dismiss the indictment for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted). "On [such] a motion . . ., the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* (citation omitted).

## III.   DISCUSSION

Section 924(c)(1) provides that "any person . . . who, in furtherance of [any crime of violence], possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1). Section 924(c)(3) defines "crime of violence" as a felony which:

---

[1] Defendant also moves to dismiss Count Seven on the grounds that: (1) the testimony and evidence that the Government intends to rely on to support the charge should be excluded as "fruit of the poisonous tree;" and (2) the evidence proffered in the Government's Offer of Proof Regarding Count Seven of the First Superseding Indictment Charging Violation of 18 U.S.C. § 924(c) filed on May 7, 2015 [Docket No. 92] is insufficient to support the charge. The Court will address these grounds for dismissal when it rules on Defendant's Motion to Suppress Evidence filed on May 15, 2015 [Docket No. 117].

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Thus, in order for Defendant to be convicted of violating 18 U.S.C. § 924(c) as charged in Count Seven of the FSI, the predicate offense, i.e., attempted extortion in violation of 18 U.S.C. § 1951(a) as charged in Count Five of the FSI, must be a "crime of violence" as defined by 18 U.S.C. § 924(c)(3).

> Section 1951(a) provides:
>
> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

In order to determine whether attempted extortion in violation of 18 U.S.C. § 1951(a) constitutes a "crime of violence," the Court applies the "categorical approach" and "modified categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). Under the "categorical approach," the Court looks only to the statute of the predicate offense and "compare[s] the elements of the statutory definition of the [predicate offense] with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Simmons*, 782 F.3d 510, 513 (9th Cir. 2015) (quotations and citations omitted). "If the statute of [the predicate offense] 'sweeps more broadly than the generic crime, a conviction under that law cannot count as a qualifying predicate, even if the defendant actually committed the offense in its generic form.'" *United States v. Caceres-Olla*, 738 F.3d 1051, 1054 (9th Cir. 2013) (quoting *Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013)). The "modified categorical approach" applies when the predicate offense involves a "divisible statute," i.e., one that sets out one or more elements of the offense in the alternative. *Descamps*, 133 S. Ct. at 2281. The Court may consult a limited class of documents, such as the indictment, to determine which alternative forms the basis of the predicate offense. *Id.* The Court "can then do what the categorical approach demands: compare the elements of the [predicate offense] (including the alternative element used in the case) with the elements of the generic crime." *Id.* 18 U.S.C. § 1951(a) is a divisible statute, and, in this case, Defendant is charged in Count Five with attempted extortion by wrongful use of fear. Accordingly, under the categorical and modified categorical

approach, the Court must consider whether the *elements of that offense* are of the type that justify its inclusion as a "crime of violence," without inquiring into the specific conduct of Defendant. *See James v. United States*, 550 U.S. 192, 202 (2007).

The parties agree that attempted extortion by wrongful use of fear (or "Attempted Extortion Affecting Interstate Commerce by Nonviolent Threat") in violation of 18 U.S.C. § 1951(a), as charged in Count Five of the FSI, does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), because it does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Accordingly, the Court must determine whether attempted extortion by wrongful use of fear qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). In other words, the Court must determine whether the crime charged in Count Five, "by its *nature*, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Court has not found any case, nor have the parties cited any case, that has specifically addressed whether attempted extortion by wrongful use of fear, as charged in Count Five, constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(B). However, the Court finds guidance in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides that a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years of imprisonment if the defendant has three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Congress defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or *extortion*, involves use of explosives, or *otherwise* involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B)(emphasis added). Accordingly, under the ACCA, Congress expressly enumerated extortion as a "violent felony," i.e. a felony that "involves conduct that presents a serious potential risk of physical injury to another." *See James v. United States*, 550 U.S. 192, 200 (2007) ("In any event, the most relevant common attribute of the enumerated offenses of burglary, arson, extortion, and explosives use is not 'completion.' Rather, it is that all of these offenses, while not technically crimes against the person, nevertheless create significant risks of bodily injury or confrontation that might result in bodily injury."); *id.* at 218 (Scalia, J., dissenting) ("[T]he most natural reading of the statute is that committing one of the enumerated crimes (burglary, arson, extortion, or crimes involving explosives) is *one way* to commit a crime 'involv[ing] conduct that presents a serious potential risk of physical injury to another.'").

As recognized by the Ninth Circuit, the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) "is very similar to that of 'violent felony' in section 924(e)(2)(B)." *United States v. Chandler*, 743 F.3d 648, 650 n.1 (9th Cir. 2014) (quoting *United States v. Sherbondy*, 865 F.2d

996, 1008 n.15 (9th Cir. 1988)).  "Although the definitions are not always interchangeable, similar statutory language suggests that the definitions may be similarly interpreted." *Chandler*, 743 F.3d at 650 n.1.  The Ninth Circuit stated in *United States v. Chandler*:

> Both statutes are similar because they apply to crimes that involve a serious or substantial risk that physical force will occur during the course of the offense.  The major difference between these two statutes is that the ACCA only applies to seriously dangerous crimes that are similar to the enumerated offenses, whereas 18 U.S.C. § 924(c)(1) applies to all substantially dangerous offenses.

*Id.* at 653-54.  In other words, 18 U.S.C. § 924(e)(2)(B)(ii) is narrower than 18 U.S.C. §924(c)(3)(B) because it includes an additional limitation, i.e. that the seriously dangerous crime must be similar to the enumerated offenses.

Other than this additional limitation in 18 U.S.C. § 924(e)(2)(B)(ii), the Court finds, at least under the circumstances at issue in this case, no meaningful distinction between a crime that "involves conduct that presents a serious potential risk of physical injury to another" and a crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  *See Chandler*, 743 F.3d at 654 (considering itself bound by a prior decision interpreting whether conspiracy to rob was a "crime of violence" under § 924(c)(3)(B) in interpreting whether conspiracy to rob ordinarily presents a serious potential risk of physical injury to another under § 924(e)(2)(B)).  Thus, given that Congress expressly enumerated extortion as a crime that involves conduct that presents a serious potential risk of physical injury to another under 18 U.S.C. § 924(e)(2)(B), the Court concludes that extortion is also a crime that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" under 18 U.S.C. § 924(c)(3)(B).

Defendant argues that the particular permutation of attempted extortion with which Defendant is charged, i.e., attempted extortion by wrongful use of fear (or "Attempted Extortion Affecting Interstate Commerce by Nonviolent Threat"), is not one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" under 18 U.S.C. § 924(c)(3)(B).  The Court disagrees.  Extortion under 18 U.S.C. § 1951(a), no matter which permutation is charged, is one that "involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."  Indeed, as the Ninth Circuit held in *United States v. Anderson*, 989 F.2d 310 (9th Cir. 1993), the term "extortion" in the ACCA is likely synonymous with the definition of extortion under 18 U.S.C. § 1951.  *Id.* at 313 ("To the extent the word 'extortion' had any specific meaning to the legislators who enacted 18 U.S.C. § 924(e), the Hobbs Act definition [in 18 U.S.C. § 1951] seems to be a more likely candidate than any other.").  Thus, the fact that "extortion" is specifically enumerated in § 924(e)(2)(B) as a "violent felony" is indicative of Congress's judgment that extortion, no matter what permutation is charged under 18 U.S.C. § 1951, is a crime that ordinarily presents a serious potential risk of physical injury to another or one that, by its nature, involves a substantial risk that physical force against the person or property of another may be

used in the course of committing the offense.

In reaching its conclusion that attempted extortion by use of fear (or by nonviolent threat) constitutes a crime of violence, the Court has not inquired into the specific conduct of Defendant. Indeed, the categorical or modified categorical approach does not "requir[e] that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *See James v. United States*, 550 U.S. 192, 208 (2007) (internal citations omitted). As the Supreme Court hypothesized, "one could imagine an extortion scheme where an anonymous blackmailer threatens to release embarrassing personal information about the victim unless he is mailed regular payments. In [this case], the risk of physical injury to another approaches zero. But that does not mean that the offense[ ] of . . . extortion [is] categorically nonviolent." *Id.*[2]

In addition, although this issue was not raised by the parties, the Court concludes that attempted extortion, just like completed extortion, is a "crime of violence" under 18 U.S.C. §924(c)(3)(B). The main risk of extortion by wrongful use of fear (or by nonviolent threat) arises from the possibility of a face-to-face confrontation between the extortionist and the victim or other third party. Attempted extortion poses the same kind of risk, and may even pose a greater risk than completed extortion. Indeed, violence may be more likely to arise in an attempted extortion, where the extortionist does not actually obtain the property he seeks or when the attempt "is thwarted by some outside intervenor." *See James v. United States*, 550 U.S. 192, 204 (2007). Furthermore, as the Supreme Court stated in *James v. United States*:

> The United States Sentencing Commission has come to a similar conclusion with regard to the Sentencing Guidelines' career offender enhancement, whose definition of a predicate "crime of violence" closely tracks ACCA's definition of "violent felony." *See* United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov. 2006) (USSG). The Commission has determined that "crime[s] of violence" for the purpose of the Guidelines enhancement "include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2, comment., n. 1. This judgment was based on the Commission's review of empirical sentencing data and presumably reflects an assessment that attempt crimes often pose a similar risk of injury as completed offenses. . . . While we are not bound by the Sentencing Commission's conclusion, we view it as further evidence that a crime like attempted

---

[2]The Court notes that the risk of physical injury based on the facts of this case is substantially greater than the risk of physical injury presented by the Supreme Court's example. Indeed, according to the evidence that will be presented by the Government, rather than an *anonymous* blackmailer who threatened to release embarrassing personal information about the victim unless he was *mailed* regular payments, Defendant's identity was known to the victim and Defendant attempted to obtain the victim's property through a face-to-face confrontation.

burglary poses a risk of violence similar to that presented by the completed offense.

*James*, 550 U.S. at 206.  Consistent with the Supreme Court's view, the Court views the Commission's determination that attempt offenses often pose a similar risk of injury as completed offenses as further evidence that a crime such as attempted extortion poses a risk of violence similar to that presented by the completed offense.

Finally, the Court rejects Defendant's "rule of lenity" and void-for-vagueness arguments raised for the first time in his Reply.  The Court's "construction of a criminal statute must be guided by the need for fair warning."  *Crandon v. United States*, 494 U.S. 152, 160 (1990).  The vagueness doctrine and rule of lenity are both related manifestations of the fair warning requirement.  *United States v. Lanier*, 520 U.S. 259, 266 (1997).  "[T]he vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* (quotations and citations omitted). "[A]s a sort of junior version of the vagueness doctrine, the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." *Id.* (internal quotations and citations omitted). "But, 'the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.'" *United States v. Castleman*, 134 S. Ct. 1405, 1416 (2014) (quoting *Barber v. Thomas*, 550 U.S. 474, 488 (2010)). In this case, the Court concludes that there is no grievous ambiguity in the definition of crime of violence and that the statute provides fair warning that attempted extortion by wrongful use of fear is covered.  *Cf. James v. United States*, 550 U.S. 192, 210 n.6 (2007) ("The statutory requirement that an unenumerated crime 'otherwise involv[e] conduct that presents a serious potential risk of physical injury to another' is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits.").[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that attempted extortion in violation of 18 U.S.C. § 1951(a) as charged in Count Five of the FSI is a "crime of violence" as defined by 18 U.S.C. § 924(c)(3).  Defendant's Motion to Dismiss Count Seven of the First Superseding Indictment is **DENIED**.

---

[3]The Supreme Court ordered additional briefing and a second round of argument in *Johnson v. United States*, Case No. 13-7120, specifically on the question of whether 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. The Supreme Court's decision in *Johnson* is expected shortly.  If the Supreme Court holds that 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, it may affect the Court's decision.