STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
General Crimes Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3779/4849
    Facsimile: (213) 894-0142
    E-mail:   kimberly.jaimez@usdoj.gov
            eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>TEOFIL BRANK,<br>    aka "Jarec Wentworth,"<br>    aka "@JarecWentworth,"<br><br>      Defendant. | CR No. 15-131(A)-JFW<br><br>DECLARATION OF AGENT JONATHAN BAUMAN IN SUPPORT OF GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TWEET OR RE-TWEET POST ON TWITTER (DKT NO. 59)<br><br>Hearing Date: June 26, 2015<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom of the<br>                  Hon. John F. Walter |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Eddie A. Jauregui submit this declaration on behalf of Special Agent Jonathan Bauman in Support of Government's Opposition to

//
//

Defendant's Motion in Limine to Exclude Evidence of Tweet or Re-Tweet Post on Twitter (Dkt No. 59) originally filed on April 30, 2015.

Dated: June 19, 2015            Respectfully submitted,

                                STEPHANIE YONEKURA
                                Acting United States Attorney

                                ROBERT E. DUGDALE
                                Assistant United States Attorney
                                Chief, Criminal Division


                                       /s/
                                _____
                                KIMBERLY D. JAIMEZ
                                EDDIE A. JAUREGUI
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

DECLARATION OF JONATHAN H. BAUMAN

I, Jonathan H. Bauman, declare as follows:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"). I have been employed as a Special Agent for approximately 17 years.

2. Since December of 2013, I have been assigned to a squad specializing in the investigation of Violent Crimes, to include but not limited to, Extortion, Bank Robbery, Kidnapping, and Assaults on Federal Officers. Since being assigned to the squad I have served as the case agent, or have assisted, in the investigation of numerous extortions. Such investigations have involved social media.

3. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

4. I am familiar with the investigation of the extortion case of United States v. Teofil Brank, CR No. 15-131(A)-JFW. I am aware of text messages sent by defendant TEOFIL BRANK, also known as "Jarec Wentworth," ("defendant") to Victim, which referenced defendant's Twitter account that was maintained under the username @JarecWentworth (the "SUBJECT ACCOUNT"). In particular, I am aware of one particular text message sent to the Victim from defendant's phone on February 16, 2015, which stated: "Check my twitter, the conversation will grown [sic] and questions will be asked. You lied to me and treated me like Shit. I asked again and you put it behind you. Now it's biting your ass."

5. Based on my conversations with the Victim about this case, I understand that after receiving defendant's text message, the Victim asked a friend of his, Justin Griggs, to check defendant's

social media accounts on February 16, 2015 for any posts regarding Victim. Griggs checked the SUBJECT ACCOUNT and reported to the Victim that defendant had posted on defendant's SUBJECT ACCOUNT something to the effect of "Does anyone know a guy name [Victim's name]?" (hereinafter, the "Tweet").

6. On or about March 11, 2015, my team served a preservation notice on Twitter with respect to the SUBJECT ACCOUNT ordering that all material be archived as of that date.

7. On or about June 5, 2015 and June 10, 2015, my team served Twitter, Inc., a social-networking company and provider of electronic communication and remote computing services ("Twitter"), with a search warrant for information associated with the SUBJECT ACCOUNT. Among other things, the search warrant requested all tweets posted by the user of the SUBJECT ACCOUNT to the extent still stored in Twitter's databases.

8. On June 11, 2015, Twitter provided a return to the search warrant, which confirmed that the SUBJECT ACCOUNT was created on February 27, 2014 with the email "jarecwentworth@gmail.com" and the screen name Jarec Wentworth. See Exhibit 1. During my investigation, I have reviewed emails between the Victim and defendant using email account "jarecwentworth@gmail.com." Defendant's previous use of "jarecwentworth@gmail.com" coupled with the use of the email account to create the SUBJECT ACCOUNT reinforces my belief that the defendant created and managed the SUBJECT ACCOUNT.

9. In addition, various tweets in the return (i.e., Twitter's production pursuant to the search warrant) further reinforced my belief that defendant managed the SUBJECT ACCOUNT including the following:

2

   a. A few Romanian phrases were posted in the tweets.  I know from my investigation in this case that defendant is Romanian.  Specifically, on February 11, 2015, @jarecwentworth tweeted "Te iubesc" which means "I love you" in Romanian.  Defendant uses the same phrase throughout his Metropolitan Detention Center ("MDC") emails associated with defendant's personal access code at MDC.  Compare Exhibit 2 (tweet, No. 206) with Exhibit 3 (MDC Email).

   b. On February 11, 2015, defendant tweeted, "I feel as though I met my lover of my past life.  Nothing can explain this feeling, and now we part. I will see you once more my love."  In defendant's MDC emails defendant acknowledges this particular tweet from the SUBJECT ACCOUNT and attempts to explain it.  Compare Exhibit 2 (tweet) with Exhibit 4 (MDC Email, Bates 8673-8674).  Specifically, when the tweet is mentioned in an email to defendant from someone named Michael Hattig, defendant tells Hattig:  "that last tweet was just me connecting spiritly [sic] with another. it was a beautiful moment we shared. but that was it lol."  (Ex. 4.)  Hattig also provides defendant with an update on how many Twitter followers defendant has.  (Id.)

   c. Many of the tweets from the SUBJCT ACCOUNT are from an android device, including tweets 205 and 206 noted in Exhibit 2.  Defendant's phone used for much of the extortion was a Samsung phone that operated with android software.

   d. Many of the photos from the SUBJECT ACCOUNT were "selfies" of defendant, i.e., pictures taken by defendant himself.  See Exhibit 6.  Based on my training and experience, account users will often post pictures of themselves in the form of "selfies" on their social media accounts.

3

   e. The date of birth noted on profile of the SUBJECT ACCOUNT corresponds to defendant's birth-date, i.e., ███████████, as evidenced by a screenshot of the SUBJECT ACCOUNT from the internet attached hereto as <u>Exhibit 5</u>.  Additionally, defendant posted a tweet on the SUBJECT ACCOUNT on February 10, 2015, asking followers who had wished "Jarec Wentworth" happy birthday:  "Lol What's with the birthday wishes. I was in October smh."

 10. The search warrant return from Twitter included various tweets as noted above, but **no** tweets from February 16, 2015, which the date defendant had posted the Tweet that he texted the Victim (referenced above) about and that Griggs viewed.

 11. Because several witnesses, including the Victim and Justin Griggs, have confirmed that the Tweet did appear on the SUBJECT ACCOUNT on or about February 16, 2015, and because it no longer appears, I have concluded the Tweet was deleted.

 12. The Tweet was not included in the Twitter return, despite our request for preservation.  Based on my review of Twitter policy, I understand that tweets deleted by users are generally not preserved or archived on Twitter's servers. See https://support.twitter.com/articles/41949#.

//

//

4

13. Because Twitter does not generally archive deleted tweets, the original Tweet in question is no longer available and the only available evidence of the Tweet is (1) the "re-tweet" of the Tweet posted on the Twitter page of a website called Str8upgayporn.com, (2) testimony by the Victim about the Tweet, and (3) testimony about the tweet from Justin Griggs, who observed the original February 16, 2015 tweet on the date it posted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 18, 2015.

JONATHAN H. BAUMAN