STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779
     Facsimile: (213) 894-0142
     E-mail:    kimberly.jaimez @usdoj.gov
                eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>TEOFIL BRANK,<br>   aka "Jarec Wentworth,"<br>   aka "@JarecWentworth,"<br><br>            Defendant. | No. CR 15-131(A)-JFW<br><br>GOVERNMENT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE (I) REFERENCES TO IDENTITIES OF NON-TESTIFYING THIRD PARTIES INVOLVED IN PROSTITUTION (II) TESTIMONY BY NON-PARTIES REGARDING THEIR PARTICIPATION IN PROSTITUTION PURSUANT TO FEDERAL RULES OF EVIDENCE 608(b), 611, 403; MEMORANDUM OF POINTS AND AUTHORITIES; ATTACHMENTS<br><br>Hearing Date: June 26, 2015<br>Hearing Time: 9:00 a.m.<br>Location:     Courtroom of the<br>              Hon. John F. Walter |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Eddie A. Jauregui, hereby moves *in limine* to exclude at trial any (i) references to the identities or names of non-testifying third parties previously involved in prostitution with the Victim and

defendant, and (ii) testimony by non-parties regarding their participation in prostitution.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 19, 2015              Respectfully submitted,

                                      STEPHANIE YONEKURA
                                      Acting United States Attorney

                                      ROBERT E. DUGDALE
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                               /s/
                                      KIMBERLY D. JAIMEZ
                                      EDDIE A. JAUREGUI
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant TEOFIL BRANK ("defendant") is charged in a seven-count first superseding indictment with transmitting threatening communications with intent to extort, in violation of 18 U.S.C. § 875(d); extortion and attempted extortion affecting interstate commerce, in violation of 18 U.S.C. § 1951(a); receiving proceeds of extortion, in violation of 18 U.S.C. § 880; use of an interstate facility to facilitate an unlawful activity, in violation of 18 U.S.C. § 1952(a)(3); and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

The government has produced discovery indicating that defendant previously "pimped out" actors in the gay pornography industry to have sex with the Victim for payment. Defense counsel has represented that Defendant intends to call the "prostitutes," who previously engaged in sex with the Victim and/or defendant, to testify about the prostitution arrangement.

First, the government moves *in limine* to exclude testimony, questioning, testimony, and argument that specifically reference the names (or other identifying information) of non-testifying, non-parties who were involved in prostitution with Victim in order to protect the privacy interests of such individuals who have yet to be charged with any criminal activity. The government requests that references to such individuals be limited to the use of initials out of respect for the privacy of such non-testifying, third parties. Second, the government moves to exclude the testimony of defendant's prostitute witnesses as unnecessary and "cumulative" under Federal Rule of Evidence Rule 403 due to the Victim's expected testimony on

this point, improper impeachment pursuant to Rules 608(b) and 611, and contrary to the Fifth Amendment rights of such witnesses against self-incrimination.  Defendant should not be permitted to compel witnesses to incriminate themselves prior to the filing of any prostitution charges.

**II.   STATEMENT OF FACTS**

On March 4, 2015, defendant, a pornography actor known as "Jarec Wentworth," was arrested for sending threatening communications to the Victim in which he threatened to expose publicly the pay-for-sex referral fee arrangement between defendant and the Victim.

Prior to his arrest, defendant himself engaged in sex with the Victim in exchange for payment and also referred, or "pimped," other individuals in the pornography industry for sexual liaisons with the Victim. See Exhibit 1 (interview of Victim dated May 6, 2015).  These other individuals would typically receive a fee for their sexual service and defendant would receive a referral fee from the Victim. (Id.)  The pay for sex arrangement lasted from mid-2013 through 2015. (Id.)  As of this filing, none of the individuals involved in this scheme have been charged with prostitution to the government's knowledge.  The statute of limitations for prostitution in California is one year. See Cal. Penal Code 647(b), 802(b).

On June 15, 2015, defense counsel informed the government that defendant may be calling some of the "referrals" or prostitutes as defense witnesses.  When asked for a proffer regarding the expected testimony of such witnesses, defense counsel was unable to provide such information.  The government anticipates that these witnesses would be asked to discuss the details of their prostitution transactions with defendant and the Victim.

1  **III. ARGUMENT**

2      **A.   Non-Parties Should be Protected By Limited References to Initials Only**

3

4          1.   <u>The Privacy Interests of Non-Parties Warrants Limited References to Initials only</u>

5      Case law generally recognizes a common law right of public

6  access to a wide range of judicial proceedings and juridical records,

7  but that right is not without limits.  Courts have limited public

8  access to certain material in judicial proceedings when there are

9  predictable injuries to reputations of non-parties, particularly when

10 such non-parties are being asked to admit criminal activity.  For

11 example, in <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1216

12 (9th Cir. 1989), the Court of Appeals for the Ninth Circuit affirmed

13 an order denying the unsealing of a search warrant despite the

14 request for access.  <u>Id.</u> at 1216.  Of particular concern to the Court

15 was the fact that the documents identified uncharged individuals who

16 were still being investigated for criminal activity. <u>Id.</u>  The Court

17 noted that such individuals could be accused and later exonerated

18 but, would nonetheless be made subject to "public ridicule" if their

19 identities were disclosed. <u>Id.</u>  The Court ruled against public access

20 reasoning, as follows:

21     [The] persons named . . . will have no forum in which to exonerate themselves if the . . . materials are made public

22     before indictments are returned. Thus, possible injury to privacy interests is [a] factor weighing against public

23     access  . . . during the pre-indictment stage of an investigation.

24 <u>Id.</u>

25

26     In deciding to protect the identities of the unindicated

27 individuals, the Court looked to a Third Circuit case, <u>United States v. Smith</u>, 776 F.2d 1104, 1112 (3d Cir. 1985) (hereinafter, "<u>Smith</u>

28

3

I"). In <u>Smith I</u>, the Third Circuit affirmed a trial court's decision to seal portions of a bill of particulars and withhold from the public the identity of the unindicted co-conspirators due to the possibility of "career-ending" embarrassment resulting from disclosure. <u>Id.</u> at 1112. In so doing, the Third Circuit held the privacy and reputational interests of the third parties outweighed the strong presumption of access and the "extraordinary public interest" in the information itself, and sanctioned protection of third parties. <u>Id</u>. In deciding to deny public access in <u>Times Mirror Co</u>. the Ninth Circuit cited to <u>Smith I</u>'s reasoning with respect to unindicted parties:

> [N]amed individuals have not been indicted and, accordingly, will not have an opportunity to prove their innocence in a trial. This means that the clearly predictable injuries to the reputations of the named individuals is [sic] likely to be irreparable.

<u>Times Mirror Co.</u>, 873 F.2d at 1216 (citing <u>Smith</u>, 776 F.2d at 1113-14.)

Other courts have likewise taken account of the privacy rights of third party individuals when considering access requests to judicial documents and proceedings. See, e.g., <u>Stamicarbon, N.V. v. American Cyanamid Co.</u>, 506 F.2d 532, 539 (2d Cir. 1974) ("[T]he right to a public trial has . . . been limited on occasion to favor an interest held, not by the defendant or by the public at large, but by a private individual."); <u>see also</u> <u>Avirgan v. Hull</u>, 118 F.R.D. 252, 255 (D.D.C. 1987) (nonparty's privacy concerns were "more weighty"; however, it found that the nonparty did not make a sufficient "good cause" showing to justify protective order prohibiting press).

Here, each of the non-party prostitutes potentially face criminal exposure and public ridicule. Reference to their identities

4

during court proceedings in connection with prostitution allegations would clearly predicate criminal liability, and just as importantly, irreparable reputational harm and embarrassment.  This harm is exacerbated by the fact that such individuals have not been indicted for the criminal aspect of their conduct and would be unable to prove their innocence during these proceedings.

### 2. References to Third Parties Should be Limited Pursuant to Rule 403 of the Federal Rules of Evidence

In addition to offending the privacy interests of third parties, the disclosure of such identities would unnecessarily confuse the issues, mislead the jury, and expend court resources for a collateral issues that are generally undisputed (*i.e.*, Victim's participation in prostitution).  Accordingly, such details should be excluded pursuant Rule 403 of the Federal Rules of Evidence.

The Supreme Court has stated that district courts should balance the probative value of a given evidentiary item against its prejudicial potential in the following way:

> On objection, the court would decide whether a particular item of evidence raised a danger of unfair prejudice. If it did, the judge would go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well. If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative  value were substantially outweighed by unfairly prejudicial risk.

Old Chief v. United States, 519 U.S. 172 (1997).

Relying on Old Chief, the Ninth Circuit has instructed that when conducting Rule 403 balancing, the district court must critically "evaluate the degrees of probative value ... not only for the item in question but for any actually available substitutes as well." United

5

States v. Merino-Balderrama, 146 F.3d 758, 762 (9th Cir. 1998)(finding abuse of discretion when court admitted prejudicial evidence of a pornographic nature over Rule 403 objections where party was willing to stipulate to knowledge of the pornographic nature of evidence and less prejudicial substitutes were available).

If less prejudicial substitutes are available, then the least prejudicial alternative with probative value should be admitted. Here, the government will stipulate to reference to prostitutes pseudonymously (i.e., by initials). This substitute would be less prejudicial, but equally probative with respect to the existence of the prostitution transactions. Meanwhile the probative value of referring to the prostitutes by name will be minimal and cumulative as the Victim will testify that he paid for sex on several occasions.

**B.  The Court Should Exclude Testimony by Non-Parties' Regarding Their Participation in Prostitution Pursuant to Federal Rules of Evidence 403, 608(b), 611**

The court should likewise exclude testimony of the purported prostitute witnesses under Rule 403 as well as under Rules 608(b) and 611.

Rule 403 of the Federal Rules of Evidence requires that probative value of evidence not be outweighed by danger of confusion or danger of misleading the jury. Fed. R. Evid. 403. Evidence that is not probative of an element of a charge, or important for impeachment purposes, should be excluded to avoid confusion of the issues and improper misleading of the jury. See United States v. Sarno, 73 F.3d 1470, 1488-89 (9th Cir. 1995) (exclusion of evidence relating to proof of fact that was not element of charge not abuse of discretion where such evidence "might well have (as the district

6

1 court here concluded) induced confusion in the minds of the jury and
2 distracted them from the true issue [of the charge]").
3 　　　Here, the Victim is expected to testify about his participation
4 in defendant's prostitution arrangement from mid-2013 to 2015.  The
5 details of this activity, however, are irrelevant and unnecessary to
6 the current charges related to the extortion.  All that is relevant
7 is the fact of the pay-for-sex arrangement, which was the basis of
8 the threatened exposure.  Unnecessary testimony about the details of
9 the prostitution arrangement will waste the court's time and confuse
10 the jury, and unduly embarrass the Victim.  A less prejudicial
11 alternative is to simply cross examine the Victim about the
12 prostitution.  Allowing non-party testimony would amount to
13 prosecuting the Victim in the context of these proceedings, but the
14 Victim is not on trial – defendant is.  The charges relate to
15 extortion.  Testimony about the prostitution acts committed by others
16 would only confuse the issues and unduly waste time, while the
17 probative value would be cumulative at most.
18 　　　Similarly, Federal Rule of Evidence 611 states: "The court
19 should exercise reasonable control over the mode and order of  . . .
20 presenting evidence so as to: (1) make those procedures effective for
21 determining the truth; (2) avoid wasting time; and (3) protect
22 witnesses from harassment or undue embarrassment. Fed. R. Evid. 611.
23 　　　Here, allowing witnesses to testify to their prostitution
24 activity with the Victim will be irrelevant proof of the present
25 charges of extortion.  Because it is undisputed that the Victim
26 engaged in paid for sex, and he will testify to such facts, further
27 testimony by non-parties will waste the court's time and amount to
28

7

"harassment" and "undue embarrassment" for the unindicted third parties who engaged in the prostitution.

Additionally, Rule 608(b) provides that specific instances of conduct of a witness, not resulting in a criminal conviction, may not be proven by extrinsic evidence solely for the purpose of attacking the credibility of the witness. Fed. R. Evid. 608(b); United States v. Higa, 55 F.3d 448, 452-453 (1995). To the extent, defendant seeks to introduce these prostitute witnesses to impeach the Victim, such testimony would clearly amount to improper "extrinsic evidence" in violation of Rule 608(b).

### C. The Court Should Appoint Non-Party Witnesses Counsel to the Extent They Are Called to Testify About Prostitution

Any non-party witnesses willing to testify about their prostitution activity with the Victim will be admitting to criminal conduct under oath. Such invited self-incrimination clearly implicates the Fifth Amendment.

The Fifth Amendment protects a person's right not to be a witness against himself in two distinct circumstances: (1) as a criminal defendant at trial, and (2) as a witness in any proceeding when testimony might be incriminating in a future criminal prosecution. Allen v. Illinois, 478 U.S. 364, 368 (1986) ("This Court has long held that the privilege against self-incrimination not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings").

If this Court determines that testimony by potential prostitute witnesses is admissible, the government requests that the Court appoint such witnesses counsel as needed to advise them of their rights and potential criminal exposure.

## IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE (I) REFERENCES TO IDENTITIES OF NON-TESTIFYING THIRD PARTIES INVOLVED IN PROSTITUTION (II) TESTIMONY BY NON-PARTIES REGARDING THEIR PARTICIPATION IN PROSTITUTION**

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

The government has moved *in limine* to exclude 1) the names and identifying information[1] of "non-testifying, non-parties who were involved in prostitution with [D.B.]" and 2) the testimony of prostitute witnesses *i.e.*, actors from the gay pornography industry that have had pay-for-sex relationships with D.B.

First, the government fails to cite any rules or statutes that require that the names of non-testifying, putative defendants be withheld from an open, public trial. Moreover, it is unclear whether these third parties even have a privacy right to keep their criminal activity out of public view.

As to the testimony of the paid escorts, the government has jumped the gun by seeking to exclude these witnesses based on false assumptions about their testimony. The government surmises that the prostitute witnesses are being called to testify about their "prostitution activity" with D.B. and that such testimony is "irrelevant proof of the present charges of extortion." The government's assumptions are incorrect. As demonstrated in the offer of proof filed *in camera* in support of this opposition, the testimony of the paid escorts – to the extent the defense intends to call them at trial – is relevant and not unfairly prejudicial under Fed. R. Evidence 401, 403. The testimony of these paid escorts goes squarely to Mr. Brank's defense at trial.

It is also improper for the government to try to preemptively exclude the testimony of these witnesses on the basis of the Fifth Amendment right against self-incrimination. The government does not have standing to assert that right on behalf of

---

[1] The government seeks to exclude "identifying information" but fails to define or describe what information this would encompass.

1

these witnesses. Moreover, these witnesses do not have a blanket right not to testify. As non-party witnesses, they can only assert the privilege on a question-by-question basis and the Court must make a determination as to whether the privilege applies. Setting aside the Fifth Amendment issues, the offer of proof filed in support of this opposition makes clear that there are relevant, substantive areas of questioning of the prostitute witnesses that are not incriminating and that do not implicate Fifth Amendment concerns. For all of these reasons, the government's motion should be denied.

## II. DISCUSSION

### A. There Is No Right to Limit Information about Non-Testifying Third Parties Given Mr. Brank's Right to an Open and Public Trial

The public has a presumptive common law and First Amendment interest in access to judicial filings and criminal proceedings. *See United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011) ("The law recognizes two qualified rights of access to judicial proceedings and records, a common law right 'to inspect and copy public records and documents, including judicial records and documents,' and 'a First Amendment right of access to criminal proceedings' and documents therein" (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) and *Press–Enter. Co. v. Superior Court*, 478 U.S. 1, 8, (1986)). The purpose of this right of access, in part, is "because public monitoring of the courts is an essential feature of democratic control and accountability." *United States v. Salemme*, 985 F.Supp. 193, 197 (D. Mass 1997). In addition, "Openness is essential because it 'enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system'". *Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington*, 845 F.2d

2

1513, 1522 (9th Cir. 1988) (quoting *Press-Enter. Co. v. Superior Court of California for Riverside Cnty.*, 478 U.S. 1, 9 (1986)).

In this case, the need for an open trial is particularly acute where D.B. himself and many of the government and/or defense witnesses have engaged in criminal activity. Moreover, use of initials in lieu of proper names may create confusion in the minds of the jury and may result in undue delay. The non-parties the government is concerned for are actors in the gay pornography industry. Often, these individuals have stage names separate and apart from their true names. Their stage names may be a single name and may be the primary way in which they are recognized by other potential witnesses. Limiting the defense to the use of initials of non-testifying third parties will result in unnecessary confusion because the defense would be precluded from referring to stage names in questioning witnesses. It may also unfairly hamper defense cross-examination of witnesses who are not familiar with the initials of the non-testifying third parties.

In this case, the right to full public access to the proceedings is not overcome by the privacy concerns raised – particularly when they stem from illegal activity. Moreover, granting the government's request will result in confusion and will unfairly hamper the defense's cross-examination of witnesses.

**B.  The Testimony of Prostitutes That Engaged in Pay-For-Sex Relationships with D.B. Is Relevant to Mr. Brank's Defense and Not Unfairly Prejudicial**

The government claims – without knowing – that the testimony of prostitutes that had pay-for-sex relationships with D.B. is "irrelevant and unnecessary." The government basis this assertion on the mistaken belief that these witnesses will simply be called to embarrass D.B. As stated in the *in camera* offer of proof filed in support of this opposition, the proffered testimony of the prostitute witnesses is central to Mr. Brank's defense and is not unfairly prejudicial. Moreover the proffered testimony is

not being introduced for the sole purpose of impeaching D.B. but rather, is offered as substantive evidence relevant to the charged conduct.

The government seems to suggest that Mr. Brank should be limited from calling witnesses that may assert their Fifth Amendment rights. However, this misstates the law. First, the government does not have standing to assert the rights of the potential witnesses. *See Bowman v. United States,* 350 F.2d 913, 915 (9th Cir. 1965) ("It has long been settled that the privilege against self-incrimination is personal to the witness."). More importantly, a non-party witness cannot refuse to testify based on the Fifth Amendment. *See United States v. Seifert*, 648 F.2d 557, 560 (9th Cir. 1980) ("[A] non-party witness cannot refuse to take the stand. His privilege arises only when he asserts it as to a question put to him, and it is for the court to say whether he is entitled to the privilege."). Thus, it is improper for the government to suggest that the prostitute witnesses should be excluded on this basis.

### III. CONCLUSION

For the foregoing reasons, and for the reasons stated in the *in camera* offer of proof filed in support of this opposition, the defense respectfully requests that the government's motion be denied.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: June 19, 2015 By  /s/ Seema Ahmad

SEEMA AHMAD
ASHFAQ G. CHOWDHURY
Deputy Federal Public Defenders
Attorneys for Defendant, TEOFIL BRANK

4