HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
Seema Ahmad (Bar No. 270992)
(E-Mail: Seema_Ahmad@fd.org)
Ashfaq G. Chowdhury (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TEOFIL BRANK,<br>Defendant. | Case No. CR 15-00131-JFW<br>**DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND FIVE OF THE FIRST SUPERSEDING INDICTMENT**<br>**Proposed Hearing Date: June 26, 2015**<br>**Proposed Hearing Time: 9:00 a.m.** |

TO: UNITED STATES ATTORNEY STEPHANIE YONEKURA AND ASSISTANT UNITED STATES ATTORNEYS KIMBERLY JAIMEZ AND EDDIE JAUREGUI:

PLEASE TAKE NOTICE that on June 26, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John F. Walter, United States District Judge, Defendant Teofil Brank will bring on for hearing the following Motion:

/ /

/ /

**MOTION**

Defendant Teofil Brank, through his attorneys of record, Deputy Federal Public Defenders Seema Ahmad and Ashfaq G. Chowdhury, hereby moves this Honorable Court for dismissal of Counts Two and Five of the First Superseding Indictment filed on May 7, 2015, charging Mr. Brank with violations of 18 U.S.C. § 1951.

This Motion is based on the attached Memorandum of Points and Authorities, all files and records in this case, and any further evidence and argument as may be adduced at the hearing on this motion.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: June 19, 2015 By *<u>/s/ Ashfaq G. Chowdhury</u>*
SEEMA AHMAD
ASHFAQ G. CHOWDHURY
Deputy Federal Public Defender
Attorneys for Teofil Brank

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.INTRODUCTION**

Mr. Brank moves, pursuant to Federal Rule of Criminal Procedure Rule 12(b)(3), to dismiss Counts 2 and 5 of the First Superseding Indictment (FSI), which charge Mr. Brank with a violations of 18 U.S.C. § 1951. In these counts, the FSI charges that Mr. Brank engaged in extortion and attempted extortion by threatening reputational harm. Under the 18 U.S.C. § 1951 (the "Hobbs Act"), threats of violence to person or property, or threats of economic harm are cognizable under the "fear" prong; neither party has been able to locate a case holding that threats of reputational harm are cognizable under the "fear" prong of extortion under the Hobbs Act.

Defense counsel raised this point with the government in discussing, inter alia, the disputed jury instructions in this matter. (Docket. No. 183.) Defense counsel noted that they had been unable to find any case in which a Hobbs Act extortion had been upheld where the government alleged that the defendant intended to cause reputational harm and asked if the government was aware of any such case. In response, the government pointed the defense to *United States v. Pascucci*, 943 F.2d 1032 (9th Cir. 1991). In that case, defendant threatened to disclose evidence of an extramarital affair directly to the victim's employer if the victim did not pay defendant several thousand dollars. The case is on its face about threatened economic harm. The government has yet to point to any case in which threatened reputational harm as charged in this case has been held to support Hobbs Act extortion. *See* Docket. No. 183 at 12-13.

The government originally charged a violation statute that squarely addresses a threat to reputational harm for the purpose of extortion: 18 U.S.C. § 875(d). *See* FSI Count 1. What the government is asking the Court to do is to stretch the Hobbs Act into uncharted waters and create new precedent regarding the scope of 18 U.S.C. § 1951. As the government itself notes, "a large number of cases under the Hobbs Act involve fear of physical or economic harm." Docket No. 183 at 12. Apparently, even the government is unable to find one case where fear of reputational harm has been

used to support a Hobbs Act charge. *Id.* Neither party has been unable to locate authority for a Hobbs Act extortion charge based on a nonviolent threat to reputational harm. The federal criminal code, like any criminal code, is not meant to be read expansively, but construed narrowly, and strictly. We should not be stretching the statutory language to reach conduct here that has not been addressed in any Hobbs Act case that either party is able to cite. The Hobbs Act counts, Counts 2 and 5, should be dismissed.

## II. DISCUSSION

Counts 2 and 5 of the FSI allege that Mr. Brank extorted property or attempted to extort property in violation of 18 U.S.C. § 1951(a) "by the wrongful use of fear, by threatening to distribute sensitive information about Victim D.B. on social media . . . ." Docket No. 93, at Counts 2 & 5. There is no allegation in these two counts that Mr. Brank "wrongful[ly] use[d] fear" by threatening violence against a person or property, or that he used fear by threatening economic harm

### A. Threats to Harm Personal Reputation Are Not Cognizable as Threats that Create "Fear" under the Hobbs Act

The Hobbs Act defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

As the government acknowledges, the vast majority of Hobbs Act extortion cases involving fear involve threats of physical violence to person or property, and, in some cases, threats of economic harm. In fact, all of the Hobbs Act cases identified by the parties fall into those categories. Again, neither party has identified a Hobbs Act case where the "fear" was created by nonviolent threats to harm reputation. As noted, the *Pascucci* case that the government relies on (Docket No. 183 at 12) is itself a good example of this. 943 F.2d at 1035. The threat there, again, was that the defendant would send information about the victim's extramarital affair directly to the victim's employer, plainly for no other purpose than to cause the victim economic harm by

getting him fired. *Id.*

The government's citation to *United States v. Abelis*, 146 F.3d 73, 83 (2d Cir. 1998) helps makes Mr. Brank's point. In *Abelis* the Second Circuit held that a jury could find that defendants had used "fear" to commit Hobbs Act extortion where the defendants wrongfully and intentionally used an individual's reputation "as a prominent figure in the Russian criminal underworld alone" to instill fear – specifically, "fear of injury." *Id.* at 82. *See alos Chevron Corp. v. Donziger*, 871 F. Supp. 2d 229, 248 (S.D.N.Y. 2012) ("The Second Circuit has stated that the Hobbs Act 'does not limit the definition of extortion to those circumstances in which property is obtained through the wrongful use of fear created by implicit or explicit threats, but instead leaves open the cause of the fear.' Therefore, as long as Chevron has alleged that the RICO Defendants 'knowingly and willfully create[d] or instill[ed] fear [of economic harm], or use[d] or exploit[ed] existing fear [of economic harm] with the specific purpose of inducing [Chevron to] part with [its] property,' then it adequately has alleged the wrongful use of fear.") (citing *Abelis*).

But the more general point is a simple one: the government asks the Court to stretch the Hobbs Act in an unprecedented way. The government has no case in which the Hobbs Act has been applied in this manner. There is a statute that fits the alleged behavior, 18 U.S.C. § 875(d), suggesting that the government has added the Hobbs Act charges largely to enhance the potential sentence here.

Criminal statutes are not to be stretched to reach conduct, but to be read narrowly. "The rule of lenity requires 'penal laws ... to be construed strictly.' . . . . '[W]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.'" *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) (citations omitted).

/ /

/ /

## III. CONCLUSION

For these reasons, Mr. Brank respectfully requests that this Court grant his motion and dismiss the Counts 2 and 5 of the First Superseding Indictment, with prejudice.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: June 19, 2015 By * /s/ Ashfaq G. Chowdhury*

ASHFAQ G. CHOWDHURY
SEEMA AHMAD
Deputy Federal Public Defenders
Attorneys for Defendant, TEOFIL BRANK