STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3779
     Facsimile: (213) 894-0142
     E-mail:    kimberly.jaimez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 15-131(A)-JFW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS TWO AND FIVE OF THE FIRST SUPERSEDING INDICTMENT |
| v. | |
| TEOFIL BRANK, aka "Jarec Wentworth," aka "@JarecWentworth," | Hearing Date: June 26, 2015 Hearing Time: 9:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Eddie A. Jauregui, hereby files its opposition to Defendant's Motion to Dismiss Counts Two and Five of the First Superseding Indictment (Dkt. 195).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 25, 2015                      Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


          /s/
KIMBERLY D. JAIMEZ
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                                  PAGE

TABLE OF AUTHORITIES..............................................4

MEMORANDUM OF POINTS AND AUTHORITIES...............................1

I.   INTRODUCTION..................................................1

II.  STATEMENT OF FACTS............................................3

III. ARGUMENT......................................................5

     A.   Legal Standard for Dismissal of an Indictment............5

     B.   Extortion by Non-Violent Threat Does Include Threats
          to Reputation............................................6

          1.   The Statutory Language Encompasses Threats to
               Reputation..........................................7

          2.   The Elements Pursuant to Criminal Jury
               Instruction No. 8.142A Allow For Reputational
               Harm...............................................10

     C.   Case Law Supports Hobbs Act Counts In Ninth Circuit &
          Elsewhere...............................................11

IV.  CONCLUSION...................................................14

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                PAGE

CASES

Gautt v. Lewis,
    489 F.3d 993 (9th Cir. 2007)...................................4

Hamling v. United States,
    418 U.S. 87 (1974).........................................5, 8

Morissette v. United States,
    342 U.S. 246 (1952)............................................7

Perrin v. United States,
    444 U.S. 37 (1979).............................................7

United States v. Abelis,
    146 F.3d 73 (2d Cir. 1998).....................................6

United States v. Carter,
    421 F.3d 909 (9th Cir.2005)....................................7

United States v. Chenaur,
    552 F.2d 294 (9th Cir. 1977)...................................5

United States v. Cortes,
    757 F.3d 850 (9th Cir. 2014)...................................7

United States v. Jackson,
    180 F.3d 55 (1999).........................................7, 8

United States v. Jensen,
    93 F.3d 667 (9th Cir. 1996)...................................12

United States v. Middlemiss,
    217 F.3d 112 (2d Cir. 2000)....................................6

United States v. Nardello,
    393 U.S. 286 (1969)........................................8, 12

United States v. Pascucci,
    943 F.2d 1032 (9th Cir. 1991)............................passim

United States v. Rodriguez,
    360 F.3d 949 (9th Cir. 2004)...................................5

United States v. Shill,
    740 F.3d 1347 (9th Cir. 2014)..................................6

1 | STATUTES
2 | 18 U.S.C. § 1951(a)............................................2, 1, 6
3 | 18 U.S.C. § 1951(b)(2)............................................2, 6
4 | 18 U.S.C. § 1952(a)(3)...............................................2
5 | 18 U.S.C. § 875.....................................................8
6 | 18 U.S.C. § 875(d)...............................................2, 8
7 | 18 U.S.C. § 880.....................................................1
8 | 18 U.S.C. § 924(c)(1)(A)(i).........................................2
9 | 18 U.S.C. §§ 420a-420e..............................................7
10 | California Penal Code § 519........................................11
11 | RULES
12 | Fed. R. Crim. P. 7(c)...............................................5
13 | OTHER AUTHORITIES
14 | 35 UCLA L. Rev. 815 (1988)..........................................8

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant TEOFIL BRANK ("defendant") is charged in Counts Two and Five of the first superseding indictment with extortion and attempted extortion affecting interstate commerce, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act").  On June 19, 2015, defendant moved to dismiss these particular counts.  Defendant claims that the indictment is unprecedented and would have this Court limit Hobbs Act extortion to only instances involving "physical harm" and "economic harm."  Defendant's argument lacks legal authority.  Not only does the statute itself encompass the charged conduct in this case, but case law also supports the charges in this case.  Defendant has neglected to identify even one case in which a court has stated that the Hobbs Act cannot relate to extortion based on threatened reputational harm.  Instead, courts — including the Ninth Circuit — have expressly held that extortion, as traditionally construed, encompasses a wide range of conduct involving fear, from fear of physical harm to fear of reputational harm.  The Court should deny the motion, thus, on three grounds.

First, the indictment is sufficient under Rule 7(c) of the Rules of Criminal Procedure because Counts Two and Five fairly inform defendant of the charges against him, track the statutory language, and contain all of the known elements of the Hobbs Act as articulated in the Ninth Circuit Jury Instructions No. 8.142A, which address Hobbs Act extortion by nonviolent threat.  What's more, the Ninth Circuit Jury Instructions themselves provide that threat of economic harm is <u>not</u> the only type of non-violent threat that can predicate a Hobbs Act violation.

Second, the Hobbs Act, by its plain statutory language, pertains to extortion based on the "wrongful use" of "fear" to obtain property and leaves open the cause of fear so that it could include fear prompted by threats of reputational harm, threats of economic harm, or any combination of these. 18 U.S.C. § 1951(b)(2). Indeed, the traditional definition and understanding of extortion includes threats to one's reputation in the community, and particularly threats to expose embarrassing sexual indiscretions. Defendant's claims that his activity should only be considered "extortion" under 18 U.S.C. § 875(d) but not under the Hobbs Act is a fictional interpretation. If defendant's conduct is extortion under § 875(d), then it is also extortion under Hobbs Act because the predecessor statutes of each where considered by the same Congress and "extortion" means the same thing in each statute.

Third, the Court of Appeals for the Ninth Circuit has already upheld a conviction under the Hobbs Act in circumstances similar to this case wherein a defendant threatened to disclose "embarrassing" information about an extramarital affair to a victim's employer. United States v. Pascucci, 943 F.2d 1032, 1033-34, 1036-37 (9th Cir. 1991). Defendant's attempts to distinguish this controlling case are disingenuous. The "wrongful use of fear" in Pascucci related to the threatened disclosure of "embarrassing" material. The Pascucci court did not discuss threatened economic harm or job loss as an element of the threat. Here, the Victim's reputation was threatened: this is sufficient to meet the statutory test under the Hobbs Act. While that threatened reputational harm also encompassed economic harm (as it would have affected the Victim's business reputation as well), economic harm specifically is not a requirement under the Hobbs Act.

For all the foregoing reasons, the motion should be denied and the jury should be permitted to consider Counts Two and Five.

## II.  STATEMENT OF FACTS

On or about March 3, 2015, the Victim of the extortion scheme met with the FBI to report defendant's previous and continued extortion attempts threatening Victim's reputation via text message communications.  Specifically, the Victim explained to the FBI that defendant was threatening to expose the "pay-for-sex" arrangement between defendant and Victim on defendant's Twitter account.  The Victim had extracted the text messages from his phone and provided them to the FBI.  Some of the relevant text messages sent from defendant's phone to Victim's phone included the following:

- "Be wise on How you reply. I can bring your house down [Victim]"
- "I do have a twitter and your photos. Lies can be made or Maybe it's the truth"
- "Check my twitter, the conversation will grown [sic] and questions will be asked. You lied to me and treated me like Shit. I asked again and you put it behind you. Now it's biting your ass"
- "I can't get friendship anymore, because who will want to be friends with black mail . . . Money won't wash away What people will read and see of you. Wow I guess I hold the cards right now"

On May 1, 2015, defendant was charged in a seven-count first superseding indictment ("FSI") with transmitting threatening communications with intent to extort, in violation of 18 U.S.C. § 875(d); extortion and attempted extortion affecting interstate

3

commerce, in violation of 18 U.S.C. § 1951(a); receiving proceeds of extortion, in violation of 18 U.S.C. § 880; use of an interstate facility to facilitate an unlawful activity, in violation of 18 U.S.C. § 1952(a)(3); and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**Count One.**  Count One of the FSI included the count from the initial indictment in this case, which initially only charged 18 U.S.C. 875(d) (Transmitting Threatening Communications with Intent to Extort).  Count One in the FSI alleges reputational harm.  Specifically, Count One alleges that defendant transmitted in interstate commerce a threat to injure the reputation of the Victim "with the intent to extort money" when defendant "threatened to distribute sensitive information about victim D.B. on social media, if victim D.B. refused to transfer money."  (Dkt. 93, pp. 1-2).

**Count Two.**  Count Two of the FSI charges defendant with extortion in violation of the Hobbs Act.  It alleges that on or about February 17, 2015, defendant "knowingly and with the intent to obtain property, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, by extortion."  (Id. at, p.3).  The Count specifically references the Hobbs Act for the applicable definition of "extortion."  Count Two further alleges that defendant obtained at least $500,000 from the Victim, with consent, induced by the "wrongful use of fear."  (Id.)  The Count specifies that the "wrongful use of fear" in this matter was defendant's threat "to distribute sensitive information about victim D.B. on social media" if the Victim refused to transfer money and other property to defendant.


**Count Five.** Similarly, Count Five is a new count that alleges a Hobbs Act violation, but for attempted extortion. (Id., p.6). Count Five alleges that defendant "attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion" in that defendant attempted to obtain at least $1,000,000 from the Victim, with the Victim's consent, induced by the "wrongful use" of fear. (Id.)  The Count specifies that the "wrongful use fear" was again the threat "to distribute sensitive information about victim D.B. on social media" if the Victim failed to comply. (Id.)

On June 19, 2015, defendant filed the Motion to Dismiss Counts Two and Five (Dkt. 195) ("motion" or "Mot.") claiming that Counts Two and Five are not cognizable offenses under the Hobbs Act. (Mot., 2.)

**III. ARGUMENT**

Defendant contends that Counts Two and Five should be dismissed because "[t]here is no allegation in these two counts that [defendant] wrongfully used fear by threatening violence against a person or property, or that he used fear by threatening economic harm." (Id.)  Defendant's claim is meritless as it not only misstates the law, but it also adds unnecessary elements into the Hobbs Act charges.  Neither the statute, the Ninth Circuit Jury Instructions, nor any case requires economic harm as element to extortion under the Hobbs Act.  The FSI contains properly and sufficiently alleged charges.

**A. Legal Standard for Dismissal of an Indictment**

The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the "nature and cause of the charges made against him so as to permit adequate preparation of a defense."  See U.S. Const. Amend. VI; Gautt v. Lewis, 489 F.3d 993,

5

1002 (9th Cir. 2007). An indictment is deemed sufficient if it (1) contains the elements of the offense charged; (2) fairly informs a defendant of the charge against which he must defend; and (3) enables him to plead an acquittal or conviction as a bar to future prosecutions for the same conduct. United States v. Chenaur, 552 F.2d 294, 301 (9th Cir. 1977) (citing Hamling v. United States, 418 U.S. 87, 117 (1974). Generally, an indictment that tracks the statutory language suffices, and survives a motion to dismiss as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." Id.; see also Fed. R. Crim. P. 7(c) (requiring that indictment be "a plain, concise and definite written statement of the essential facts constituting the offense charged"); United States v. Rodriguez, 360 F.3d 949, 958 (9th Cir. 2004) (holding that the statutory language "may be used in the general description of the offense" if accompanied by a statement of facts that informs defendant of "specific offense with which he is charged.").

Counts Two and Five are sufficient because they comply with Rule 7(c) and meet the standards noted above by tracking the statutory language.

**B.  Extortion by Non-Violent Threat Does Include Threats to Reputation**

Here, the statutory language of the Hobbs Act, in relevant part, prohibits extortion generally in stating:

> "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do . . . shall be fined under this title or imprisoned not more than twenty years, or both.

6

18 U.S.C. § 1951(a).

The Hobbs Act defines "extortion" in subsection (b)(2) as the "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, fear, or under color of official right."  18 U.S.C. § 1951(b)(2). The statute does not limit how courts should interpret "fear."  See United States v. Abelis, 146 F.3d 73, 83 (2d Cir. 1998) (holding that presence of infamous individual in negotiations could be cause of fear because "statute does not limit the definition of extortion . . . but instead leaves open the cause of fear"); United States v. Middlemiss, 217 F.3d 112, 118 (2d Cir. 2000) (holding that Hobbs Act does not define required cause of victim's fear).

The purpose of statutory interpretation "is to discern the intent of Congress in enacting a particular statute." United States v. Shill, 740 F.3d 1347, 1351 (9th Cir. 2014).  "[A]nalysis must begin with the language of the statute itself; when the statute is clear, 'judicial inquiry into [its] meaning, in all but the most extraordinary circumstance, is finished.'" United States v. Carter, 421 F.3d 909, 911 (9th Cir.2005).  Unless otherwise defined, "words will be interpreted as taking their ordinary, contemporary, common meaning." Id. (quoting Perrin v. United States, 444 U.S. 37, 42 (1979)).

        1.   The Statutory Language Encompasses Threats to Reputation

The type of extortion alleged in Counts Two and Five exemplifies the traditional type of extortion lawmakers have criminalized for years, which includes extortion by non-violent threats beyond mere threat of economic harm.  The Supreme Court has instructed courts to

7

accept the "traditional understanding" of a term in the absence of contrary direction from Congress:

> [W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such case, absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them.

Morissette v. United States, 342 U.S. 246, 263 (1952). Courts examining the legislative history from the Hobbs Act have noted that the extortion definition in Hobbs Act reflects the generally accepted of generic definition of extortion that existed at the time of enactment. United States v. Jackson, 180 F.3d 55 (1999). Courts and commentators alike have noted that the Hobbs Act and its predecessor, the Anti-Racketeering Act of 1934, 18 U.S.C. §§ 420a-420e, were modeled after New York law regarding extortion. Id.; United States v. Cortes, 757 F.3d 850, 865 (9th Cir. 2014) ("Congress modeled the Hobbs Act after the New York Penal Code . . . ."); James Lindgren, The Elusive Distinction Between Bribery and Extortion: From the Common Law to the Hobbs Act, 35 UCLA L. Rev. 815, 834 (1988) (hereinafter, "Bribery & Extortion.") Importantly, the New York Penal Code of 1881 explained that "fear, such as will constitute extortion, may be induced by a threat to accuse . . . of any crime . . . or to expose any secret . . . ." Bribery & Extortion, at 834; see N.Y. Penal Code, § 553 (1881). Thus, to the extent the Hobbs Act was based on New York law, the New York law interpreting "fear" should inform this Court's analysis in the Hobbs Act context. Clearly,

8

threats to accuse a victim of a crime or expose a secret fall within the concept of extortion-related-fear.[1]

Congress intended extortion to mean the same thing in 18 U.S.C. § 875 as it does in the Hobbs Act, and § 875(d) clearly encompasses threats to reputation. See Jackson, 180 F.3d at 70 ("Given Congress's contemporaneous consideration of the predecessors of § 875(d) and the Hobbs Act, both of which focused on extortion, we infer that Congress's concept of extortion was the same with respect to both statutes."). As such, the Supreme Court has expressly rejected narrow readings of the term "extortion" and has embraced expansive views encompassing extortion based on threats to expose embarrassing information of a sexual nature that could harm reputation. See United States v. Nardello, 393 U.S. 286 (1969) (in considering the Travel Act, holding that threats to expose alleged "homosexual" conduct unless victims paid for "silence" generally qualified as extortionate activity as the term is commonly understood).[2]

Notwithstanding the above, defendant has argued that this Court should constrain "wrongful use of fear" in Hobbs Act extortion to threats of physical harm or economic harm without citing any authority. (Mot., 2.) Defendant's argument should be rejected because it misreads the plain statutory language. "Extortion" traditionally encompasses threats of reputational harm. With this history, the Court can easily interpret Hobbs Act extortion and its reference to

---

[1] Notably, like New York law, California Penal Code § 519 also considers threats to expose a secret as a form of extortion when used to induce a victim to part with property.

[2] Nardello considered the Hobbs Act definition of extortion in its reasoning. Id. 393 U.S. at 290.

9

fear as expansively as the plain language allows and case law traditionally supports.[3]

In the instant matter, Counts Two and Five track the statute almost exactly. Counts Two and Five note that the interstate nexus language and the fact that defendant obtained, and attempted to obtain, property with the Victim's "consent, induced by wrongful use of fear." The Counts state that defendant acted with intent to obtain the property in question. Also, each Count provides a brief statement of facts to put defendant on notice of the relevant offense conduct by specifying the how defendant wrongfully used fear, <u>i.e.</u>, "by threatening to distribute sensitive information about victim D.B. on social media, if victim D.B. refused to transfer money, a motorcycle, and the title to victim D.B.'s automobile." This language tracks the statute and covers the elements.

        2.  <u>The Elements Pursuant to Criminal Jury Instruction No. 8.142A  Allow For Reputational Harm</u>

As charged, Counts Two and Five are also consistent with the recognized elements of extortion. The "elements" of the charged Hobbs Act violations, as provided in the Ninth Circuit Jury instructions for extortion by non-violent threat, are as follows: (1) defendant induced, or intended to induce, victim to part with property by wrongful threat of economic harm <u>or some specified other nonviolent harm</u>; (2) defendant acted with the intent to obtain property; (3) commerce from one state to another was, or would have

---

[3] An unnatural narrowing of the terms "extortion" and "fear" is not supported by the so-called "rule of lenity." The rule of lenity does not apply because the Hobbs Act statute is not ambiguous, but clearly states that wrongful use of fear to obtain property is generally extortion, and unlawful. The fact that reputational harm may not be commonly charged in the context of the Hobbs Act does not make the statute itself ambiguous.

been affected in some way; and (4) defendant did something that was a substantial step toward committing the crime (applicable to attempted extortion only).  See Ninth Circuit Model Criminal Jury Instruction No. 8.142A (2010 ed.) (emphasis added).

Notably, neither the statutory language nor the elements listed above require that extortion by non-violent threat be induced through only threats of economic harm.  To the contrary, the Ninth Circuit Jury Instruction requires any other "non-violent" harm used for extortion beyond "economic harm" to be specifically described. See Ninth Circuit Jury Instruction No. 8.142A.  Defendant has alleged this false requirement that Hobbs Act extortion, based on non-violent threat, can only relate to threats of economic harm.  The statute does not support this argument, and the Ninth Circuit jury instructions actually refute the argument.

Defendant has failed to cite any case indicating that reputational harm somehow fails as a specific non-violent harm within the meaning of the Hobbs Act or the Ninth Circuit Jury Instructions. Defendant has not alleged that the Counts fail to inform him of the charges or prevent him from creating a defense.

Thus, Counts Two and Five comply with Rule 7(c) and should be deemed sufficient under the Supreme Court's test for evaluating challenged indictments. Hamling, 418 U.S. at 117.

**C. Case Law Supports Hobbs Act Counts In Ninth Circuit & Elsewhere**

Finally, and most importantly, case law in the Ninth Circuit and elsewhere supports charging a Hobbs Act violation when extortion is based on threats to disclose embarrassing information.  In United States v. Pascucci, the Ninth Circuit affirmed a conviction of a

11

defendant under 18 U.S.C. §§ 875(d) and the Hobbs Act for reputational extortion threats on similar facts as these. 943 F.2d 1032, 1035-36 (9th Cir. 1991). In Pascucci, the defendant threatened to disclose evidence of an extramarital affair to the victim's wife and employer if the victim did not pay defendant several thousand dollars. Id. at 1035-36. As is the case here, the threat to the victim's reputation via disclosure of a sexual secret formed the basis of the extortion charges in Pascucci. Id. In upholding the Hobbs Act convictions, the Court said nothing of threatened "economic harm," but instead characterized the case as involving a "credible threat to deliver embarrassing materials" to the victim's employer, Ford Motor Company. Id. While Pascucci discussed the victim's employer in the decision it was only done in the context of considering the weight of interstate nexus because the employer was involved in interstate commerce. Id. Nowhere in the Pascucci case does it say that defendant threatened to get the victim fired by exposing this embarrassing information. And nowhere in the opinion does it mention that the Ford Motor Company had ever fired anyone for an extramarital affair. Id. at 1040. While damage to one's reputation can always lead to economic harm, that was not the basis for the Pascucci decision. Defendant mischaracterizes Pascucci in claiming that it relates only to threatened economic harm. Reputational harm was at issue in Pascucci, which is why defendant was convicted under both §§ 875(d) and the Hobbs Act, which are similarly charged in the case. In Pascuci, the threat was to reveal embarrassing information just as defendant here threatened to do. The Victim here faced economic repercussions (just as the Pascucci victim did), but that was not form of the actual threat.

12

United States v. Jackson is another case involving threats to reputational harm and a Hobbs Act violation. In Jackson, the Second Circuit found that evidence would have supported a Hobbs Act violation where defendant threatened to disclose Bill Cosby's sexual indiscretion of having a child out of wedlock to a tabloid newspaper. Such a threat, while certainly loaded with potential for economic harm, focused primarily on ruining Cosby's reputation as a father figure on television. The threat again fixated on exposing an embarrassing secret, not on causing financial ruin (although critical reputational harm can always result in financial harm).

In this case, defendant instilled fear by threatening to expose a secret about Victim on social media, which defendant said would "bring [Victim's] house down." The fear leveraged a threat of reputational harm, which would have impacted both Victim's personal reputation and his business reputation. The harm to Victim's business reputation could have certainly resulted in economic harm in addition to harming Victim's emotional well-being. Such threatened harm equated to the wrongful use of fear within the meaning of the Hobbs Act.[4]

---

[4] In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. See United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). However, if the Court would like to consider proof of the business reputation harm and specific economic harm anticipated by Victim, the government is prepared to submit an offer of proof regarding these details. Such an offer of proof, however, should be unnecessary in light of the sufficiency of the Counts and case law interpreting extortion and fear. Whether the facts ultimately prove such charges is a question for the fact-finder.

13

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny the motion and allow the jury to consider whether the evidence supports Counts Two and Five.