# DOCKET 193

# EXHIBIT C

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**HILARY POTASHNER**
*Acting Federal Public Defender*
**CHRISTOPHER W. DYBWAD**
*Chief Deputy*

**AMY M. KARLIN**
*Directing Attorney*
*Santa Ana Office*
**JEFFREY A. AARON**
*Directing Attorney*
*Riverside Office*

Direct Dial: (213) 894-4787

June 10, 2015

Kimberly Jaimez
Eddie Jauregui
Assistant United States Attorneys
312 North Spring Street
Los Angeles, CA 90012

           Re:    **United States v. Teofil Brank**
                   Case No. 15-CR-131-JFW

Dear Ms. Jaimez and Mr. Jauregui:

      We write in advance of our meet-and-confer scheduled for June 10, 2015 concerning motions *in limine*.

      As a preliminary matter, please confirm that as discussed at our previous meet-and-confer, you do not intend to introduce any evidence related to Mr. Brank's drug use or steroid use at trial. In addition, we understand that you do not intend to introduce any evidence pertaining to an alleged incident in with Mr. Brank threatened to get into a physical altercation with his roommate.

      At our meeting today, we would like to discuss the following items of evidence/potential motions:

1. **Stipulation that Mr. Brank took possession of D.B.'s Audi R8.** There is no dispute between the parties that on February 16, 2015, Mr. Brank arrived at D.B.'s home in La Jolla and took possession of D.B.'s Audi R8. The defense would like to enter into a stipulation to that effect. As a function of the stipulation, the defense seeks to exclude any and all photos of Mr. Brank in the Audi R8 and surveillance screen shots depicting Mr. Brank receiving the title to the Audi R8 from the undercover agent. Such photos,

Kimberly Jaimez
Eddie Jauregui
June 10, 2015
Page 2

such as the ones identified as Bates 3305, 3426, 3427, 3428, and 3539, would unfairly prejudice Mr. Brank, would result in a waste of time, and would be needlessly cumulative under Fed. R. Evid. 403. Moreover, they do not make a fact of consequence more or less probable and are therefore not relevant under Fed. R. Evid. 401.

2. **Evidence pertaining to D.B.'s reputation.** The FD-302 of the May 6, 2015 interview of D.B. states that D.B. "described his greatest concern of being exposed for paying for sex arrangements was the effect it would have on his charitable organizations, and more importantly the pain he has caused his friends... business reputation or financial harm was not his primary concern." In light of this information, the defense objects to, and seeks to exclude, any evidence the government may introduce to suggest that the alleged reputational fear that D.B. suffered pertained to his reputation in his business community. This type of evidence is unsupported by D.B.'s own statements and would therefore be misleading to the jury under Fed. R. Evid. 403.

3. **Argument concerning the gun that was illegally seized from Mr. Brank's backpack.** The defense objects to, and seeks to exclude, any argument that the gun was an instrument of the "wrongful use of fear" as alleged in the indictment. As government counsel has stated on the record, D.B. was never in physical fear. The gun, which has already been suppressed, is an inflammatory piece of evidence that should not be used to confuse the jury or conflate the issue of fear from reputational harm with fear for physical safety. The latter is not at issue in this case and has not been alleged by the government.

We appreciate the government's previous identification of BOP emails that are intended to be introduced at trial and would like to discuss their relevance at our meeting today. In addition, as you know, you have recently produced additional BOP emails. We reiterate our request that the government identify all BOP emails and voice calls of Mr. Brank that it intends to use at trial. We would appreciate receiving this information by the discovery cut-off date of June 23, 2015.

Sincerely,

*[signature]*

Seema Ahmad
Ron Chowdhury
Deputy Federal Public Defenders