STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
General Crimes Section
     1400/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-3779/4849
     Facsimile:    (213) 894-0141
     E-mail:   eddie.jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>TEOFIL BRANK,<br>　aka "Jarec Wentworth,"<br>　aka "@JarecWentworth,"<br><br>　　　　Defendant. | CR No. 15-0131(A)-JFW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE COUNT SEVEN OF THE FIRST SUPERSEDING INDICTMENT |

　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kimberly D. Jaimez and Eddie A. Jauregui, hereby files its Opposition to Defendant's Motion to Bifurcate Count Seven of the Indictment.

　　This Opposition is based on the attached Memorandum of Points

//

//

and Authorities, the files and records in this case, and such further evidence and argument as the Court may permit or request.

Dated: June 26, 2015                   Respectfully submitted,

                                                STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

        /s/
EDDIE A. JAUREGUI
KIMBERLY D. JAIMEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction**

On March 4, 2015, the night defendant Teofil Brank ("defendant") attempted to extort victim D.B. of $1 million in cash and title to the victim's Audi R8, defendant brought with him to the crime scene a .357 Colt Python revolver.  (See First Superseding Indictment ("FSI"), Dkt. 93, Count Seven.)  Earlier that day, defendant told a friend who accompanied him to the crime scene that he wanted help procuring a firearm to take to the extortion, and that the friend should shoot if anyone began shooting at defendant.  Defendant was concerned the victim had contacted the "fed[s]" or hired a "hitman," and told the victim in a telephone call en route to the extortion that he was "not coming alone" and that "if anything happens, they have all that I need . . . ."  (Ex. 1 at 3.)  Notwithstanding these facts, defendant now claims the gun is "irrelevant" to the extortion scheme and that evidence regarding the gun count should be bifurcated from the rest of the case.  Defendant asserts that evidence of the gun would unfairly prejudice him because of the gun evidence's "inflammatory nature."  (Def.'s Br. at 4.)

Defendant's motion to bifurcate should be denied.  Evidence of defendant's possession of the revolver is directly relevant to the attempted extortion of victim D.B.  Not only is defendant charged under 18 U.S.C. § 924(c) with possession of the gun in furtherance of attempted extortion (inextricably linking Count Seven, the gun count, to Count Five, the attempted extortion count), but the gun also shows defendant's state of mind and rebuts the arguments that defendant was simply collecting on a debt owed to him by the victim or picking up a

gift. As outlined below, defendant has failed to meet his heavy burden to sever the gun count from the remainder of the trial.

**II. Legal Framework**

Federal Rule of Criminal Procedure 8 governs the joinder of offenses. The rule allows for joinder where two or more offenses: (1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a).

Separate from Rule 8, Rule 14 allows for severance if the joinder of offenses "appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14(a). A district court is granted wide discretion in ruling on a motion for severance. United States v. Matus Leva, 311 F.3d 1214, 1217 (9th Cir. 2002), cert. denied, 540 U.S. 925 (2003). The Ninth Circuit instructs that "joinder is the rule rather than the exception." United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988) (quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). Accordingly, a court should deny a motion to sever unless the defendant can show that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled the exercise of the court's discretion to sever." Id.; United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir.1986) ("The prejudice must have been of such magnitude that the defendant's right to a fair trial was abridged."); Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) ("The requisite level of prejudice is reached only if the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict.").

1 Furthermore, "if all the evidence of [a] separate count would be
2 admissible upon severance, prejudice is not heightened by joinder."
3 United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987)
4 (finding no abuse of discretion in district court's refusal to sever
5 counts where evidence of each count would have been admissible on
6 other count under Rule 404(b) to prove identity). Even where the
7 evidence on one count would not be admissible on the other counts, or
8 "is particularly weak," the principle consideration is "whether the
9 jury was likely to have been confused." Id. at 1071 & n. 6 (citing
10 United States v. Douglass, 780 F.2d 1472 (9th Cir. 1986)). Where the
11 issues are relatively simple and the presentation is straightforward,
12 a district court can properly decline to sever offenses. Johnson,
13 820 F.2d at 1072; cf. United States v. Brady, 579 F.2d 1121, 1128
14 (9th Cir. 1978) (jury could reasonably be expected to
15 compartmentalize where the issues were relatively simple and trial
16 lasted only three days), cert. denied, 439 U.S. 1074, 99 S.Ct. 849,
17 59 L.Ed.2d 41 (1979).

**III. Discussion**

19 Defendant asserts that the government has represented that it
20 "does not intend to introduce gun-related evidence to prove the
21 existence of the extortion scheme," and that evidence of the gun is
22 "irrelevant" to the extortion scheme. (Def.'s Br. at 1, 2.) That is
23 incorrect. In a June 10, 2015 letter, defense counsel stated that
24 they would object to any argument that the gun "was an instrument of
25 the wrongful use of fear, as alleged in the indictment." (See Page 2
26 of Def.'s MIL Letter dated June 10, 2015, attached as Ex. 2.).
27 Defense counsel noted that it did not want the jury to confuse or
28 conflate fear of reputational harm with fear for physical safety.

3

Id.  At a meet-and-confer that day, the government clarified to defense counsel that it was not contending that the gun was used as an instrument of fear to induce the victim to part with his personal property.  The government referred defense counsel to the indictment and noted that the relevant count, Count Five, states that defendant caused the victim to part with property by "wrongful use of fear, by threatening to distribute sensitive information about victim D.B. on social media . . . ."  (FSI, Dkt. 93, Count Five.)  Defense counsel seems to acknowledge this when it states in its brief:  "In other words, it is not the government's theory that the gun was involved in the threat to injure D.B.'s reputation or the wrongful use of fear as alleged in the extortion counts." (Def.'s Br. at 2.)  Yet this does not mean, nor does the government concede, that the gun is "irrelevant" to the extortion scheme.

The gun is directly relevant to the attempted extortion charged in Count Five of the FSI because defendant is charged under 18 U.S.C § 924(c) with possessing a gun in furtherance of that same attempted extortion.  (FSI, Count Seven.)  It is also relevant to rebut the stated defense that defendant was simply collecting on a debt owed to him by the victim, or the suggestion that the car and money were gifts.  Creditors and gift recipients do not typically bring revolvers when meeting with debtors or with friends bearing gifts. The fact that defendant did bring a revolver to the crime scene shows defendant's state of mind and tends to prove that the meeting on March 4, 2015, was what the government alleges it was:  an attempted extortion.  Although such evidence may "prejudice" defendant in the sense that it demonstrates his guilt, it does not unfairly prejudice him.  See United States v. Starnes, 585 F.3d 196, 215 (3d Cir. 2009)

4

("[U]nfair prejudice does not simply mean damage to the opponent's case. If it did, most relevant evidence would be deemed prejudicial."); United States v. Rutledge, 40 F.3d 879, 885 (7th Cir. 1994) ("Naturally, the vast majority of the government's evidence against a defendant is prejudicial to him. That's the idea.") Moreover, any concern regarding "spillover" to the other counts can be addressed by a limiting instruction that the jury consider each count separately, except to the extent they are intertwined. Woodford, 384 F.3d at 639 (9th Cir. 2004).

Although defendant purports to seek limited relief in his motion to bifurcate, he is essentially asking for two trials to be conducted by the same jury. (See Def.'s Br. at 4, requesting that the government present its case on Counts 1-6 first, have the jury reach a verdict, and then put on the gun evidence as pertaining to Count 7.) There is no basis for such relief as evidence of the gun is directly relevant and intertwined with the attempted extortion on March 4, 2015, as charged in Count Five.[1] Moreover, presentation of evidence in the manner requested would only lead to greater jury confusion and a waste of judicial resources. Because Count Seven charges possession of a firearm "in furtherance of a crime of violence, namely the attempted extortion . . . as charged in Count Five," the government would have to recall witnesses and present facts already presented in proving the extortion conduct charged in Count Five. Finally, evidence of defendant's possession of a firearm

---

[1] The gun evidence is also relevant to Count Six, which alleges use of a facility of interstate or foreign commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely extortion.

5

would be admissible as to the extortion counts even if the counts were severed to show intent and to rebut defendant's anticipated defenses. See, e.g., United States v. Burkley, 513 F.3d 1183, 1188 (10th Cir. 2008) ("Even if the counts had been severed, evidence of Defendant's firearm possession would have been admissible to prove his intent . . . ."); Fed. R. Evid. 404(b).

The Court has already ruled that evidence concerning the gun (but not the gun itself) is admissible at trial and the government should be permitted to prove its case by evidence of its own choice, particularly where doing so conserves judicial resources and expedites judicial administration. Burkley, 513 F.3d at 1188.

**IV. Conclusion**

Because defendant has failed to show that joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy, and because his requested relief would only confuse the jury, his motion to sever should be denied.