HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
Seema Ahmad (Bar No. 270992)
(E-Mail: Seema_Ahmad@fd.org)
Ashfaq G. Chowdhury (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 15-00131-JFW |
|---|---|
| Plaintiff, | **DEFENDANT'S OPPOSITION TO NON-PARTY MGA'S MOTION FOR ORDER QUASHING SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| TEOFIL BRANK, | |
| Defendant. | **Hearing Date: July 6, 2015** <br> **Hearing Time: 8:00 a.m.** |

Defendant Teofil Brank, by and through his counsel of record, Deputy Federal Public Defenders Seema Ahmad and Ashfaq G. Chowdhury, hereby files this Opposition to Non-party MGA's Motion for an Order Quashing Subpoena.

//
//
//
//

1  This Opposition is based upon the attached memorandum of points and
2  authorities, the files and records in this case, and such further evidence and argument as
3  the Court may permit.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: July 2, 2015       By  /s/ Seema Ahmad
SEEMA AHMAD
ASHFAQ G. CHOWDHURY
Deputy Federal Public Defenders

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

MGA, a witness subpoenaed by defendant Teofil Brank to testify at trial, seeks to quash his subpoena on the grounds that his anticipated testimony is irrelevant, inadmissible, cumulative, and burdensome.  MGA also provides notice that he intends to invoke his Fifth Amendment privilege against self-incrimination.

MGA's challenges to the subpoena are groundless:  this Court has already concluded that the subpoena *ad testificandum* to MGA meets the requirements of Rule 17 (*see* Dkt. # 110, May 18 Order issuing trial subpoena to MGA), following an *in camera* offer of proof filed by defense counsel (*see* Dkt. # 110, Addendum to *Ex Parte* Application for Out-of-District Suboenas for Trial Witnesses, at 5).  The Court has also tentatively denied the government's motion in limine to exclude the testimony of MGA, after considering an additional, detailed *in camera* offer of proof submitted by defense counsel (*see* Dkt. # 191, Offer of Proof in Support fo Defendant's Opposition to Government's Motion In Limine).   To the extent any uncertainty remains about the relevance and admissibility of MGA's testimony, defense counsel is prepared to file a <u>third</u> *in camera* offer of proof at the Court's request or, in the alternative, to conduct a pretrial voir dire examination of MGA, to demonstrate that his testimony is relevant and admissible and that the defense does not seek to solely elicit incriminating statements from him.

The sole remaining challenge to the subpoena—and the only one that this Court has not already rejected—is that compliance would be burdensome.  But the undue burden argument presented—primarily, that MGA would be required to miss part of Comic Con International (a conference dedicated to the appreciation of comics) —is plainly insufficient to overcome Mr. Brank's Sixth Amendment right to compulsory process.  Furthermore, MGA's anticipated testimony will not call for exclusively self-

1

incriminating information and thus his apparent intention to invoke his Fifth Amendment rights is not a basis for quashing the subpoena (nor does he assert it to be). Because MGA thus presents no valid, let alone compelling, reason to quash the subpoena, his motion should be denied.

## II.
## ARGUMENT

**A.   MGA's Anticipated Testimony Will Be Relevant, Admissible, and Non-cumulative**

This Court has twice concluded that MGA's anticipated testimony is relevant and admissible—first in connection with the application for MGA's subpoena, which was accompanied by an *in camera* offer of proof, and second in connection with the government's motion in limine to exclude the testimony of non-party witnesses who engaged in pay-for-sex relationships with the complaining witness, D.B., which was also accompanied by an *in camera* offer of proof.  Whether the Court prefers a further *in camera* proffer or to have defense counsel *voir dire* MGA outside the presence of the jury, it will inevitably affirm its prior rulings.  MGA's anticipated testimony is central to Mr. Brank's theory of defense.

MGA argues, without knowledge of the questions he will ultimately be asked at trial, that his anticipated testimony will be inadmissible under Federal Rule of Evidence 404(b).  In so arguing, MGA ignores the broad exceptions to 404(b) inadmissibility, such as when evidence is offered "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b) .  MGA also ignores Rule 404(a)(2)(B), which provides that "a defendant may offer evidence of an alleged victim's pertinent trait," and Rule 406, which provides that "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the

habit." In short, as the Court has previously concluded, MGA's anticipated testimony is both relevant and admissible.

MGA's anticipated testimony is also not cumulative, and in any event could properly be used for impeachment purposes. It is not an answer to say that "[t]he victim has yet to testify, so there is no testimony to impeach." Motion, at 4. The entire point of a subpoena is to have witnesses available both for direct testimony and for impeachment purposes, if necessary. Moreover, Mr. Brank has a fundamental due process "right to present his own witnesses to establish a defense," *Taylor v. Illinois,* 484 U.S. 400, 409 (1988) (internal citations ommitted), without relying on cross-examination of a hostile witness. "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense." *Washington v. Texas*, 388 U.S. 14, 19 (1967).

In short, MGA's anticipated testimony is admissible and necessary to ensure Mr. Brank's right to compulsory process and right to present a defense.

**B.     MGA Fails to Demonstrate Any Undue Burden**

MGA claims -- without citing any legal authority -- that the subpoena is burdensome because his appearance at trial would force him to miss classes and to miss a comics-related conference. Motion at 4. Under Rule 17(c)(2), "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." "In the absence of such a privilege, a subpoena may still be unreasonable or oppressive if it is irrelevant, abusive or harassing, overly vague, or excessively broad. *In re Grand Jury Subpoena for THCF Med. Clinic Records*, 504 F. Supp. 2d 1085, 1088 (E.D. Wash. 2007)(internal ciations omitted). MGA certainly may be inconvenienced by the subpoena but he fails to make any showing that the subpoena is unreasonable or oppressive.

3

### C. MGA's Anticipated Testimony Will Not Be Protected By His Fifth Amendment Privilege Against Self-incrimination

Through his motion to quash, MGA also provides notice that he intends to invoke his Fifth Amendment privilege against self-incrimination. While not expressly arguing this as a basis for quashing the motion, MGA nevertheless suggests that the Court could use this as a basis to quash the subpoena. *See* Motion, at 5, n. 1. That is incorrect.

A non-party witness cannot wholesale refuse to testify based on the Fifth Amendment. *See United States v. Seifert*, 648 F.2d 557, 560 (9th Cir. 1980) ("[A] non-party witness cannot refuse to take the stand. His privilege arises only when he asserts it as to a question put to him, and it is for the court to say whether he is entitled to the privilege."). This Court must determine, on a question by question basis, that MGA's asserted Fifth Amendment right overcomes Mr. Brank's Sixth Amendment right to compulsory process. *See Hoffman v. United States*, 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified . . . ."); *United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998) ("When balancing the Sixth Amendment right of the accused and the Fifth Amendment right of the witness, the trial judge must make an appropriate inquiry into the basis of the privilege claimed by the witness, and may not permit the witness to refuse to testify where the witness has no good-faith basis for invoking the privilege or a narrower privilege would adequately protect the witness.") (internal quotation marks omitted); *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977) (holding that "[a] proper application of [*Hoffman*] requires that the Fifth Amendment claim be raised in response to specific questions[,]" and that "a blanket refusal to answer any question is unacceptable"). MGA's stated

4

intent to invoke his Fifth Amendment rights "as broadly as possible," Mtn. at 1, is no reason to quash the subpoena.

MGA  This is especially true given that the defense also seeks information that is relevant and central to Mr. Brank's defense that does not require MGA to incriminate himself.The defense is prepared to provide the Court *in camera* the questions it intends to put to MGA or to conduct a pretrial *voir dire* so the Court can make a determination as to the applicability of the invoked privilege.  MGA

## II.
## CONCLUSION

For the foregoing reasons, the motion to quash filed by MGA should be denied. Mr. Brank should be permitted to call MGA as a witness, if necessary, as guaranteed by the Sixth Amendment.

                    Respectfully submitted,

                    HILARY POTASHNER
                    Acting Federal Public Defender

DATED:  July 2, 2015      By  */s/ Seema Ahmad*
                    SEEMA AHMAD
                    ASHFAQ G. CHOWDHURY
                    Deputy Federal Public Defenders