HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
(E-mail: Hilary_Potashner@fd.org)
ASHFAQ G. CHOWDHURY (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1456
Facsimile: (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>TEOFIL BRANK,<br><br>             Defendant. | Case No. CR 15-00131-JFW<br><br>**MR. BRANK'S REQUEST TO MODIFY DEFENDANT'S DISPUTED INSTRUCTIONS NOS. 12, 14, AND 17** |

Defendant, Teofil Brank, through his counsel of record, Deputy Federal Public Defender Ashfaq G. Chowdhury and Seema Ahmad, hereby files this Ex Parte Request to Modify Disputed Instructions Nos. 12, 14, and 17 (Docket No. 182, Joint Proposed Jury Instructions), for the reasons set out in the Memorandum below.

.

                              Respectfully submitted,

                              HILARY POTASHNER
                              Acting Federal Public Defender

DATED: July 5, 2015          By _/s/ Ashfaq G. Chowdhury_
                              ASHFAQ G. CHOWDHURY
                              SEEMA AHMAD
                              Deputy Federal Public Defenders

## MEMORANDUM

Teofil Brank is charged in a seven-count First Superseding Indictment ("FSI") with extortion: namely, threatening to disclose "sensitive information" about alleged victim, D.B., if D.B. did not transfer money and property to Mr. Brank. First Superseding Indictment, Dkt. 93.

In written correspondence between the parties, the government has clarified that the "sensitive information" named in the FSI was the "pay-for-sex arrangement" and "referral fee arrangement" between D.B. and Mr. Brank.  The government is not alleging that Mr. Brank threatened to publish photographs of a sexual nature or distribute any other salacious information about D.B.  The government further alleges that the extortionate threats contained a true threat to injure D.B.'s reputation.

Accordingly, Mr. Brank requests that his proposed jury instructions on Counts 1, 2, and 5 be modified to properly reflect the government's theory of the case.

Specifically, as to Mr. Brank's proposed instruction as to Count 1 (Docket No. 182, Disputed Instruction No. 12, Proposed by Defendant), Mr. Brank would add the following language at the end of the sentence on line 14, after the word "reputation": "specifically, by threatening to expose that Mr. Burns engaged in pay-for-sex transactions."

As to Mr. Brank's proposed instruction as to Count 2 (Docket No. 182, Disputed Instruction No. 14, Proposed by Defendant), Mr. Brank would add the following language at the end of the sentence on line 10, after the word "fear": "specifically, by threatening to expose that Mr. Burns engaged in pay-for-sex transactions."

And as to Mr. Brank's proposed instruction as to Count 5 (Docket No. 182, Disputed Instruction No. 17, Proposed by Defendant), Mr. Brank would add the following language at the end of the sentence on line 10, after the word "fear": "specifically, by threatening to expose that Mr. Burns engaged in pay-for-sex transactions."