HILARY POTASHNER (Bar No. 167060)
Acting Federal Public Defender
(E-mail: Hilary_Potashner@fd.org)
ASHFAQ G. CHOWDHURY (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1456
Facsimile: (213) 894-0081

Attorneys for Defendant
TEOFIL BRANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TEOFIL BRANK,<br><br>    Defendant. | Case No. CR 15-00131-JFW<br><br>**MR. BRANK'S MOTION TO RECONSIDER TENTATIVE RULING ON GOVERNMENT'S MOTION IN LIMINE NO. 2 TO EXCLUDE CROSS EXAMINATION OR EXTRINSIC EVIDENCE RELATING TO COOPERATING WITNESS'S SPECIFIC INSTANCES OF CONDUCT PURSUANT TO FEDERAL RULES OF EVIDENCE 608 (B), 403**<br><br>**HEARING DATE: JULY 6, 2015**<br><br>**HEARING TIME: 2:00 P.M.**<br><br>**COURTROOM OF THE HON. JOHN F. WALTER** |

TO: UNITED STATES ATTORNEY STEPHANIE YONEKURA AND ASSISTANT UNITED STATES ATTORNEYS KIMBERLY JAIMEZ AND EDDIE JAUREGUI:

PLEASE TAKE NOTICE that on July 6, 2015, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John F. Walter, United States District Judge, Defendant Teofil Brank will bring on for hearing the following Motion:

# MOTION

Defendant, Teofil Brank, through his counsel of record, Deputy Federal Public Defenders Ashfaq G. Chowdhury and Seema Ahmad, hereby files this Motion to Reconsider the Court's Tentative Ruling (Docket No. 231) on Government's Motion in Limine No. 2 to Exclude Cross Examination or Extrinsic Evidence Relating Cooperating Witness's Specific Instances of Conduct Pursuant to Federal Rules of Evidence 608 (b), 403 [fld under seal 6/19/15, doc 203], for the reasons set out in the Memorandum below.

This Motion is based on the attached Memorandum, and all files and records in this case, and any further evidence and argument as may be adduced at the hearing on this motion.

Respectfully submitted,

HILARY POTASHNER
Acting Federal Public Defender

DATED: July 6, 2015    By  */s/ Ashfaq G. Chowdhury*
ASHFAQ G. CHOWDHURY
SEEMA AHMAD
Deputy Federal Public Defenders

**MEMORANDUM**

On June 26, 2015, the Court heard argument on and tentatively granted Government's Motion in Limine No. 2 to Exclude Cross Examination or Extrinsic Evidence Relating to Cooperating Witness's Specific Instances of Conduct Pursuant to Federal Rules of Evidence 608 (b), 403 [fld under seal 6/19/15, doc 203].

At that same hearing, the Court directed the government to produce a copy of the transcript from the cooperating witness's May 8, 2015 change of plea. Mr. Brank will separately file a copy of the change-of-plea transcript under seal. Significantly, during the change of plea, the cooperating witness states under oath that he smoked marijuana the night before his change of plea. Neither the Court nor counsel for either party delved into the specific details of the cooperating witness's use of marijuana the night before his plea. The Court asked the cooperating witness whether he believed he would be able to proceed and understand what he was doing, to which the cooperating witness responded that he would. The Court also asked cooperating witness's counsel if he had spoken to his client just before the plea and if he believed his client was able to understand the proceedings, to which counsel answered affirmatively.

Still, there is nothing on the record of the change of plea that establishes that the cooperating witness was not still intoxicated from the effects of smoking marijuana the night before. No one asked him how much marijuana he smoked. In what form. At what time. No one asked him specifically if he was still intoxicated. And to the extent the Court asked the cooperating witness whether he was able to understand what was going on that day, if the cooperating witness was still intoxicated, his answers would have been relatively worthless. As to cooperating witness's counsel's assertion that he believed his client was prepared to go forward, there was no basis given for that conclusion, beyond counsel's conversation with cooperating witness prior to the hearing.

It is not clear why the hearing was not postponed, other than the parties' apparent anxiousness to have the plea entered prior to the previously set trial date in this case of May 12, 2015.

The cooperating witness's statement demonstrates that he continues to use drugs and used drugs the night before he plead guilty to a federal felony and that he is reckless about his drug use. Given that we know, from his own statements that he was dealing drugs in high volume (making $10,000-$15,000 a month) just recently, which he claims to have stopped, and that he was using drugs the night before his change of plea, it is entirely appropriate and fair for the defense to be able to cross-examine the cooperating witness about his drug use at the time he perceived events that he will attempt or purport to testify about at trial here, and about his drug use more recently, including now. *See* Defendant's Opposition to Government's Motion in Limine No. 2 to Exclude Cross Examination or Extrinsic Evidence Relating to Cooperating Witness's Specific Instances of Conduct Pursuant to Federal Rules of Evidence 608 (b), 403 [fld under seal 6/19/15, doc 203].

For the foregoing reason, Mr. Brank respectfully requests that the Court reconsider its June 26, 2015 ruling tentatively granting the Government's Motion in Limine No. 2.