1  CALDWELL LESLIE & PROCTOR, PC
   MICHAEL J. PROCTOR, State Bar No. 148235
2    proctor@caldwell-leslie.com
   BENJAMIN B. AU, State Bar No. 237854
3    au@caldwell-leslie.com
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Non-party M. G. A.

7

               **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

9

10

   UNITED STATES OF AMERICA,            Case No. CR 15-00131-JFW

11

12             Plaintiff,              **M. G. A.'S MEMORANDUM RE**
                                       **FIFTH AMENDMENT PRIVILEGE**
13       v.                            **AGAINST SELF-INCRIMINATION**

14
                                       **Judge:  Hon. John F. Walter**
   TEOFIL BRANK,                       **Date:   July 8, 2015**
15                                     **Time:   2:00 p.m.**
               Defendant.              **Crtrm: 16**
16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

1  **I.     INTRODUCTION**

2          M. G. A. has provided notice to the Court of his intent to invoke his Fifth

3  Amendment privilege against self-incrimination in response to a subpoena to testify

4  as a defense witness in the above-captioned matter.  Although Defendant claims that

5  he intends to seek information that "does not require MGA to incriminate himself,"

6  (Teofil Brank's Opposition to MGA's Motion to Quash, Dkt. No. 247, at 5)

7  (hereafter, "Brank Opp."), Defendant's sole purpose for seeking M. G. A.'s

8  testimony is to elicit evidence that D.B., the victim of the alleged extortion scheme,

9  provided M. G. A. with financial support in exchange for companionship.  In the

10 context of this case, M. G. A. has reasonable cause to believe that even rudimentary

11 questions concerning his relationship with D.B. could provide a link in an

12 evidentiary chain leading to the possibility of being prosecuted for prostitution or

13 related charges.  Accordingly, M. G. A.'s invocation of the privilege against self-

14 incrimination is proper, and he has a constitutional right not to testify in this trial.

15 **II.    M. G. A. CANNOT BE COMPELLED TO ANSWER QUESTIONS**

16 **REGARDING HIS RELATIONSHIP WITH D.B.**

17        ***A.     The Fifth Amendment is Properly Invoked If a Witness Has a Good-***

18 ***Faith Basis to Believe That Testifying Would Provide a Link In the***

19 ***Evidentiary Chain For Prosecution.***

20        The Fifth Amendment to the United States Constitution provides that "[n]o

21 person . . . shall be compelled in any criminal case to be a witness against himself."

22 U.S. Const. Amend. V.  The Fifth Amendment privilege is broad in scope:  it

23 extends to any person—whether or not already charged with a crime—"in any

24 proceeding, civil or criminal, administrative or judicial, investigatory or

25 adjudicatory, and it protects against any disclosures which the witness reasonably

26 believes could be used in a criminal prosecution or could lead to other evidence that

27 might be so used." *Kastigar v. United States*, 406 U.S. 411, 444-45 (1972); *see also*

28

CALDWELL
LESLIE &
PROCTOR

1   *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) (same);

2   *United States v. Balsys*, 524 U.S. 666, 672 (1998) (same).

3          As the Supreme Court explained, the Fifth Amendment privilege against

4   compulsory self-incrimination "reflects a complex of our fundamental values and

5   aspirations, and marks an important advance in the development of our liberty."

6   *Kastigar*, 406 U.S. at 444.  Thus, the privilege against self-incrimination "must be

7   accorded liberal construction in favor of the right it was intended to secure."

8   *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

9          The leading case on the subject of invoking the privilege against self-

10   incrimination is *Hoffman v. United States*—a case upon which Defense counsel also

11   relies.  *See* Brank Opp. at 4.  In *Hoffman*, a witness was asked a series of questions

12   in a grand jury investigation of federal crime and racketeering.  Many of those

13   questions seemed innocuous, but the witness declined to answer the question:

14                  Q. What do you do now, Mr. Hoffman?

15                  A. I refuse to answer.

16                  Q. Have you been in the same undertaking since the first

17                  of the year?

18                  A. I don't understand the question.

19                  Q. Have you been doing the same thing you are doing now

20                  since the first of the year?

21                  A. I refuse to answer.

22                  Q. Do you know Mr. William Weisberg?

23                  A. I do.

24                  Q. How long have you known him?

25                  A. Practically twenty years, I guess.

26                  Q. When did you last see him?

27                  A. I refuse to answer.

28                  Q. Have you seen him this week?

CALDWELL
LESLIE &
PROCTOR

-2-                                    Case No. CR 15-00131-JFW

M. G. A.'S MEMORANDUM RE FIFTH AMENDMENT PRIVILEGE AGAINST
SELF-INCRIMINATION

A. I refuse to answer.

Q. Do you know that a subpoena has been issued for

Mr. Weisberg?

A. I heard about it in Court.

Q. Have you talked with him on the telephone this week?

A. I refuse to answer.

Q. Do you know where Mr. William Weisberg is now?

A. I refuse to answer.

The Supreme Court held Mr. Hoffman's invocation of the privilege was entirely proper.  The Court explained that questions designed to elicit the witness's contacts with the subject of the investigation during the relevant time period, such as "[w]hen did you last see [the subject]," were enough to "forge links in a chain of facts imperiling petitioner with conviction of a federal crime."  *Hoffman*, 341 U.S. at 481, 488.  The Ninth Circuit has repeatedly affirmed the principle that the Fifth Amendment protection extends to any answer that "would furnish a link in the chain of evidence" which might be used against the claimant.  *United States v. Hubbell*, 530 U.S. 27, 38 (2000) (quoting *Hoffman*); *see also United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998) (applying *Hoffman* and noting that a witness may appropriately invoke the Fifth Amendment privilege if he has a good-faith basis to do so).

Importantly, the Fifth Amendment's protection "does not depend upon the *likelihood*, but upon the *possibility* of prosecution."  *Matter of Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983) (emphasis in original); *see also* Robert E. Jones & Gerald E. Rosen, *Federal Civil Trials and Evidence* § 8:4015 (Rutter Group 2006) ("The privilege can be invoked even where no criminal charges are pending and the risk of criminal prosecution is 'remote.'").  Nor is it proper for a court to evaluate whether a witness is culpable of wrongdoing, as the Fifth Amendment privilege protects the guilty and innocent alike.  *See Ohio v. Reiner*, 532 U.S. 17, 21-22 (2001) (per

CALDWELL
LESLIE &
PROCTOR

-3-

Case No. CR 15-00131-JFW

M. G. A.'S MEMORANDUM RE FIFTH AMENDMENT PRIVILEGE AGAINST
SELF-INCRIMINATION

1  curiam) (noting that the Fifth Amendment protects the innocent "who might be

2  ensnared by ambiguous circumstances.")

3       In determining whether a witness properly invokes his Fifth Amendment

4  privilege in response to a particular question, the appropriate inquiry is whether the

5  witness "has reasonable cause to apprehend danger from a direct answer." *Hoffman*,

6  341 U.S. at 486.  But the Supreme Court cautioned that if a witness were required

7  "to prove the hazard in the sense in which a claim is usually required to be

8  established in court, he would be compelled to surrender the very protection which

9  the privilege is designed to guarantee."  Thus, the Supreme Court held, "[t]o sustain

10  the privilege, it need only be evident from the implications of the question, in the

11  setting in which it is asked, that a responsive answer to the question or an

12  explanation of why it cannot be answered might be dangerous because injurious

13  disclosure could result."  *Id.* at 486-87; *see also Balsys*, 524 U.S. at 672 (same);

14  *Malloy v. Hogan*, 378 U.S. 11-12 (1964) (same).

15       Having engaged in that inquiry, a trial court cannot order the witness to

16  answer a particular question unless it is "perfectly clear" that an answer to the

17  question posed "cannot possibly have [a] tendency to incriminate."  *Malloy*, 378

18  U.S. at 12 (citations omitted); *see also Hoffman*, 341 U.S. at 486-87 (if a witness

19  invokes his Fifth Amendment privilege, courts may not compel a witness to answer

20  unless it "clearly appears to the court that he is mistaken" about the possibility of

21  self-incrimination).

22       **B.    The Defense Seeks to Elicit Testimony from M. G. A. That Would**

23            **Raise the Possibility of Prosecution.**

24       M. G. A. has reasonable cause to believe that his testimony could be "a link in

25  an evidentiary chain" that could lead to prosecution.  *Hoffman*, 342 U.S. at 486.

26  Thus, M. G. A.'s invocation of his Fifth Amendment right is proper, and he cannot

27  be compelled to answer questions about his relationship with D.B.

28

CALDWELL
LESLIE &
PROCTOR

-4-                                    Case No. CR 15-00131-JFW

M. G. A.'S MEMORANDUM RE FIFTH AMENDMENT PRIVILEGE AGAINST
SELF-INCRIMINATION

1    Counsel for Defendant has indicated that it intends to present a "claim of

2  right" defense to the extortion charges, namely, that it will seek to establish that the

3  victim D.B. promised Defendant financial support in exchange for Defendant's

4  companionship, and that Defendant's demands for payment were a lawful pursuit of

5  monies owed to him.  Counsel for Defendant purports to seek M. G. A.'s testimony

6  to show that D.B. entered into a similar arrangement with M. G. A.—*i.e.*, the

7  exchange of money for companionship.  Evidence of such an exchange between

8  D.B. and M. G. A. could establish several necessary elements in a prosecution of

9  M. G. A. for prostitution activities and related criminal acts.  *See* California Penal

10  Code 647(b) (prohibiting the solicitation or agreement to engage, or engagement,

11  "in any act of prostitution").  Indeed, even the seemingly innocuous question, "Do

12  you know D.B.?," can provide a link in the chain of evidence that could lead to

13  M. G. A.'s prosecution.  Defendant's desire to elicit testimony from M. G. A. for the

14  purpose of drawing parallels with his own acts—which could reasonably be

15  considered to establish some or all of the elements of prostitution—necessarily

16  means that the questions Defendant plans to ask of M. G. A. go directly to evidence

17  that could possibly incriminate M. G. A.  *See Matter of Seper*, 705 F.2d at 1501

18  (Fifth Amendment protection is available even if prosecution is a mere possibility).

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

CALDWELL
LESLIE &
PROCTOR

-5-

Case No. CR 15-00131-JFW

M. G. A.'S MEMORANDUM RE FIFTH AMENDMENT PRIVILEGE AGAINST
SELF-INCRIMINATION

1    Given the anticipated questions and the context in which they are being asked,

2  it is proper for M. G. A. to believe that he would place himself in jeopardy of

3  prosecution by providing a direct answer to any questions that Defendant might ask

4  regarding M. G. A.'s dealings with D.B.  Therefore, there should be no question that

5  M. G. A. should be allowed to assert broadly his Fifth Amendment privilege against

6  self-incrimination in these proceedings.  However, if the Court requires additional

7  information, the undersigned counsel is prepared to make a proffer in camera

8  regarding the basis of M. G. A.'s invocation of his Fifth Amendment privilege.

9

10  DATED:  July 8, 2015                 CALDWELL LESLIE & PROCTOR, PC
11                                       MICHAEL J. PROCTOR
                                         BENJAMIN B. AU
12

13

14                                       By _____/s/_____
15                                            BENJAMIN B. AU
                                         Attorneys for Non-party M. G. A.
16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

-6-                          Case No. CR 15-00131-JFW
M. G. A.'S MEMORANDUM RE FIFTH AMENDMENT PRIVILEGE AGAINST
SELF-INCRIMINATION