1  EILEEN M. DECKER
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   KIMBERLY D. JAIMEZ (Cal. Bar No. 271235)
4  EDDIE A. JAUREGUI (Cal. Bar No. 297986)
   Assistant United States Attorneys
5  General Crimes Section
        1400/1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-3779/4849
        Facsimile: (213) 894-0141
8       E-mail:   eddie.jauregui@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. CR 15-0131(A)-JFW

14            Plaintiff,               GOVERNMENT'S SUPPLEMENTAL PROPOSED
                                       JURY INSTRUCTIONS
15            v.

16  TEOFIL BRANK,

17            Defendant.

18

19        Plaintiff United States of America, by and through its counsel

20  of record, the United States Attorney for the Central District of

21  California and Assistant United States Attorneys Kimberly D. Jaimez

22  //

23  //

24  //

25  //

26  //

27  //

28  //

and Eddie A. Jauregui, hereby files the Government's Supplemental Proposed Jury Instructions in the above-captioned case.

Dated: July 8, 2015                    Respectfully submitted,

                                       EILEEN M. DECKER
                                       United States Attorney

                                       ROBERT E. DUGDALE
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                                 /s/
                                       _____
                                       EDDIE A. JAUREGUI
                                       KIMBERLY D. JAIMEZ
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**Government's Supplemental Proposed Instruction Relating to Count One:**
**Transmitting a Threat in Interstate or Foreign Commerce.**
**"Transmitting a Threat in Interstate or Foreign Commerce" - Defined**


To transmit a communication in "interstate commerce" means to send it from a place in one state to a place in another state.

To transmit a communication in "foreign commerce" means to transmit it from a place in the United States to any place outside the United States.

Source:  Eleventh Circuit Pattern Criminal Jury Instructions, C.18.30.4 (2010) (substituting "communication" in place of "something").  The government's concern with merely providing the definitions of interstate and foreign commerce in 18 U.S.C. § 10 is that the jury will not understand what it means to transmit a communication in interstate and foreign commerce, given the definitions provided in Section 10.  The Eleventh Circuit's Pattern Instruction captures the prohibited conduct in 18 U.S.C. § 875(d) and therefore the government proposes using this instruction.

3

**Government's Supplemental Proposed Instruction Relating to Counts Two and Five:  Hobbs Act Extortion/Attempted Extortion.**

**"Commerce" and "Affect" – Defined**

Counts Two and Five have as an element that "commerce from one state to another state was affected in some way."

The term "commerce" means all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof, and all commerce between points within the same State through any place outside such State.

As for "affect," only a minimal effect on commerce is required and the effect need only be probable or potential, not actual.

Sources:  18 U.S.C. § 1951(b)(3) (modified for this case); United States v. Pascucci, 943 F.2d 1023, 1035 (9th Cir. 1991); Comment to Ninth Circuit Model Jury Instruction 8.142.  "Commerce" is defined within the Hobbs Act itself and should therefore be applied to Counts Two and Five.  The definition of "commerce" in § 1951(b)(3) reflects the language of the indictment and the third element of the Ninth Circuit Model Instruction 8.142A.

**Government's Supplemental Proposed Instruction Relating to Count Six:**

**Use of an Interstate Facility to Facilitate an Unlawful Activity**

**California Law on Extortion**

This Court has already instructed you as to what extortion is under federal law.  Under California law, a defendant is guilty of extortion if the government proves beyond a reasonable doubt that:

1. The defendant threatened to expose a secret about another person or to expose him with a disgrace, crime, or deformity;

2. When making the threat, the defendant intended to use that fear to obtain the other person's consent to give the defendant money or property;

3. As a result of the threat, the other person consented to give the defendant money or property; and

4. As a result of the threat, the other person then gave the defendant money or property.


The term consent has a special meaning here. Consent for extortion can be coerced or unwilling, as long as it is given as a result of the wrongful use of fear.

The threat must be the controlling reason that the other person consented. If the person consented because of some other controlling reason, the defendant is not guilty of extortion.


A secret is a fact that:

(i)  is unknown to the general public or to someone who might be interested in knowing the fact; and,

//

//

2

1      (ii) Harms the threatened person's reputation or other interest

2  so greatly that he or she would be likely to give the defendant money

3  or property to prevent the fact from being revealed.

26  Source:  Judicial Council of California, Criminal Jury Instruction

27  No. 1830 (Extortion by Threat or Force (Pen. Code., §§ 518, 519),

28  Alternative 1C ("threatened to expose secret")).